1   COUGHLIN STOIA GELLER
      RUDMAN & ROBBINS LLP
2   DARREN J. ROBBINS (168593)
    RAMZI ABADOU (222567)
3   655 West Broadway, Suite 1900
    San Diego, CA 92101
4   Telephone: 619/231-1058
    619/231-7423 (fax)
5   darrenr@csgrr.com
    ramzia@csgrr.com
6           – and –
    JEFFREY W. LAWRENCE (166806)
7   DANIEL J. PFEFFERBAUM (248631)
    100 Pine Street, Suite 2600
8   San Francisco, CA 94111
    Telephone: 415/288-4545
9   415/288-4534 (fax)
    jeffreyl@csgrr.com
10  dpfefferbaum@csgrr.com

11  [Proposed] Lead Counsel for Plaintiffs

12                   UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

| 14 | In re THE PMI GROUP, INC. SECURITIES LITIGATION | ) | Master File No. 3:08-cv-01405-SI |
|----|----|----|----|
| 15 | | ) | CLASS ACTION |
| 16 | This Document Relates To: | ) ) | LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF |
| 17 | ALL ACTIONS. | ) ) ) | OPERATING ENGINEERS-EMPLOYERS CONSTRUCTION INDUSTRY |
| 18 | | | RETIREMENT TRUST'S NOTICE OF MOTION AND MOTION FOR |
| 19 | | | APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD |
| 20 | | | PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS |
| 21 | | | AND AUTHORITIES IN SUPPORT THEREOF |
| 22 | | | |
| 23 | | | DATE:           June 20, 2008 TIME:           9:00 a.m. COURTROOM: 10 |

24

25

26

27

28

1

**TABLE OF CONTENTS**

2

**Page**

3

I.      STATEMENT OF ISSUES TO BE DECIDED ..................................................1

4

II.     STATEMENT OF RELEVANT FACTS ..........................................................2

5

III.    ARGUMENT...................................................................................................5

6

      A.      The Retirement Trust Satisfies the PSLRA's Requirements and Should Be
            Appointed Lead Plaintiff...........................................................................5

7

8

            1.      The Retirement Trust's Motion Is Timely ...................................5

9

            2.      The Retirement Trust Possess the Largest Financial Interest in the
                 Relief Sought by the Class.............................................................6

10

            3.      The Retirement Trust Meets Rule 23's Requirements.................6

11

      B.      This Court Should Approve the Retirement Trust's Selection of Counsel..............7

12

IV.     CONCLUSION................................................................................................7

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2                        **NOTICE OF MOTION AND MOTION**

3    TO:      ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

4             PLEASE TAKE NOTICE that on June 20, 2008, at 9:00 a.m., or as soon thereafter as the

5    matter may be heard in Courtroom 10 of the Honorable Susan Illston, Locals 302 and 612 of the

6    International Union of Operating Engineers-Employers Construction Industry Retirement Trust (the

7    "Retirement Trust") will move this Court pursuant to the Private Securities Litigation Reform Act of

8    1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an order: (1) appointing the Retirement Trust as

9    lead plaintiff; and (2) approving its selection of Coughlin Stoia Geller Rudman & Robbins LLP

10   ("Coughlin Stoia") as lead counsel.  This Motion is made on the grounds that the Retirement Trust is

11   the "most adequate plaintiff" to serve as lead plaintiff.  In support of this Motion, the Retirement

12   Trust submits herewith a Memorandum of Law and Declaration of Darren J. Robbins.

13                    **MEMORANDUM OF POINTS AND AUTHORITIES**

14   **I.      STATEMENT OF ISSUES TO BE DECIDED**

15            Presently pending in this district are two consolidated class action lawsuits (the "Actions")

16   brought on behalf of all persons who purchased or otherwise acquired the common stock of The PMI

17   Group, Inc. ("PMI" or the "Company") between November 2, 2006 and March 3, 2008, inclusive

18   (the "Class Period").[1]  These Actions are brought pursuant to §§10(b) and 20(a) of the Securities

19   Exchange Act of 1934 ("1934 Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange

20   Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5.  Pursuant to the

21   PSLRA, the Court is to appoint as lead plaintiff the person or group of persons with the largest

22   financial interest in the relief sought by the class that otherwise satisfy the requirements of Fed. R.

23   Civ. P. 23.  15 U.S.C. §78u-4(a)(3)(B).

24            Here, the Retirement Trust should be appointed as lead plaintiff because it: (1) timely filed its

25   motion for appointment as lead plaintiff; (2) has the largest financial interest in the outcome of this

26   _____

27   [1]       On April 17, 2008, the Court entered an Order consolidating the Actions (Docket #7).

28

1  litigation of any person or groups of persons of which it is aware; and (3) will adequately represent

2  the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); *see also* Declaration of Darren J.

3  Robbins in Support of Locals 302 and 612 of the International Union of Operating Engineers-

4  Employers Construction Industry Retirement Trust's Motion for Appointment as Lead Plaintiff and

5  for Approval of Lead Plaintiff's Selection of Lead Counsel ("Robbins Decl."), Ex. A.

6          In addition, the Retirement Trust's selection of Coughlin Stoia to serve as lead counsel

7  should be approved because Coughlin Stoia possesses extensive experience in the prosecution of

8  securities class actions and will adequately represent the interests of all class members. *See* Robbins

9  Decl., Ex. D.

10 **II.     STATEMENT OF RELEVANT FACTS**

11         PMI, through its subsidiaries, provides credit enhancement products designed to promote

12 homeownership and facilitate mortgage transactions in the capital markets in the United States,

13 Australia, New Zealand and the European Union.  During the Class Period, defendants issued

14 materially false and misleading statements regarding the Company's business and financial results.

15 As a result of defendants' false statements, PMI stock traded at artificially inflated prices during the

16 Class Period, reaching its Class Period high of $50.21 per share in February 2007.

17         As the real estate and credit markets softened in late 2006 and into 2007, defendants

18 repeatedly assured PMI investors that the Company had been very selective in its underwriting

19 standards in the past and maintained adequate loss reserves to weather the deteriorating real estate

20 and credit markets.  Defendants further issued materially false and misleading statements regarding

21 the Company's business and financial results related to its investment in FGIC Corporation

22 ("FGIC") and FGIC's bond insurance arm Financial Guaranty Insurance Company ("Financial

23 Guaranty").  Throughout 2007, as the housing and credit crisis deepened, defendants continued to

24 downplay and conceal PMI's growing exposure to these problems.  As a result, PMI's stock

25 continued to be artificially inflated due to defendants' false statements.

26         On January 17, 2008, the U.S. Commerce Department reported a significant decline in new-

27 home construction in the previous year.  The Commerce Department reported that work began on

28 1.35 million houses and apartments in 2007, down 24.8% from 2006.  This decline was the second-

biggest annual decline on record, exceeded only by a 26% plunge in 1980. Additionally, on the same date, Moody's Investors Service announced that it had placed Ambac Financial Group Inc., one of the nation's leading bond insurers and a close competitor of FGIC, on review for possible downgrades due to much higher than expected losses on mortgage-related bonds. These announcements were strong indicators as to the depth and severity of the problems in the housing market. Upon this news, shares in the Company's stock closed down $1.29 per share to close at $6.48 per share on January 17, 2008, a one-day decline of 17%.

Then, on March 3, 2008, after the market closed, PMI issued a press release entitled "The PMI Group, Inc. Reports Preliminary Fourth Quarter 2007 Financial Results for Certain Segments." The release stated in part:

> PMI Group, Inc. (the "Company") today announced that due to delays in obtaining 2007 financial results from FGIC Corporation ("FGIC") the *Company has filed a Form 12b-25 with the Securities and Exchange Commission ("SEC") for a late filing of its 2007 Form 10-K*. . . .
>
> "Our preliminary fourth quarter results for our U.S. Mortgage Insurance and International Operations demonstrate that *we are facing challenging market conditions, particularly in the U.S. housing market*," said The PMI Group Inc.'s Chairman and CEO Steve Smith. "We have implemented a plan to address these challenges, which we will discuss in detail on our conference call next week. A cornerstone of the plan and our strategic focus going forward is our core business, mortgage insurance, which we believe offers PMI long term opportunities for growth and profitability. Within our Financial Guaranty segment, we will continue to work to stabilize our equity investments in FGIC and RAM Re, but we will not be contributing any additional capital to these companies."

Additionally, the Company reported a net loss of $236 million in the fourth quarter of 2007 for its U.S. Mortgage Insurance Operations. The press release also explained that the "Company expects that its Financial Guaranty segment will report a significant net loss for the fourth quarter of 2007 and the year ended December 31, 2007, driven by equity in losses of FGIC, resulting from unrealized mark-to-market losses and losses and loss adjustment expenses at FGIC during those periods. In connection with the preparation of the Company's consolidated financial statements, the Company is conducting an analysis to determine whether the value of its investment in FGIC was impaired as of December 31, 2007." Also on March 3, 2008, in a Form 12b-25, the Company announced that it "is unable to file its Annual Report on Form 10-K for the year ended December 31, 2007 in a timely manner." On this news, PMI's stock collapsed to $6.43 per share on March 4,

1  2008, a one-day decline of 5%. This was the lowest PMI's stock had traded in its **twelve years** as a

2  public company.

3      The true facts, which were known by the defendants but concealed from the investing public

4  during the Class Period, were as follows:

5      •    The Company's investment in FGIC was materially impaired as FGIC's bond
            insurance arm, Financial Guaranty, had significant exposure to defaults on bonds it
6           insured due to the plunge in value of mortgage debt;

7      •    The Company was materially overstating its financial results by failing to properly
            value its investment in FGIC and by failing to write down that investment in a timely
8           fashion in violation of Generally Accepted Accounting Principles ("GAAP");

9
       •    The Company was not adequately accounting for its loss reserves in violation of
10          GAAP, causing its financial results to be materially misstated;

11     •    The Company failed to engage in proper underwriting practices for its book of
            business related to insurance written in 2005 through most of 2007;
12

13     •    The Company had far greater exposure to anticipated losses and defaults related to its
            book of business related to insurance written in 2005 through most of 2007 than it
14          had previously disclosed;

15     •    Given the deterioration and the increased volatility in the subprime market, the
            Company would be forced to tighten its standards and stop writing insurance policies
16          to certain categories of borrowers which would have a direct material negative
17          impact on its book of business going forward; and

18     •    Given the increased volatility in the subprime market, the Company had no
            reasonable basis to make projections about its incurred losses or about its new
19          insurance written. As a result, the Company's projections issued during the Class
20          Period about its earnings for 2007 and 2008 were at a minimum reckless.

21     As a result of defendants' false statements, PMI's stock price traded at inflated levels during

22  the Class Period. However, after the revelations seeped into the market, the Company's shares were

23  hammered by massive sales, sending them down more than 87% from their Class Period high in

24  February 2007.

25

26

27

28

THE RETIREMENT TRUST'S NOTICE OF MOT & MOT FOR APPT AS LEAD PLTF
& FOR APPROVAL OF LEAD PLTF'S SELECTION OF LEAD COUNSEL - 3:08-cv-01405-SI      - 4 -

## III.    ARGUMENT

### A.    The Retirement Trust Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). This notice shall advise members of the class of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within 60 days of publication of the notice. Here, notice was published on March 12, 2008, on *Business Wire* in connection with the filing of the first-filed action. *See* Robbins Decl., Ex. C.

Next, the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). The Retirement Trust meets each of these requirements and should therefore be appointed lead plaintiff.

### 1.    The Retirement Trust's Motion Is Timely

The notice published on March 12, 2008 informed class members that the 60-day deadline to move for appointment as lead plaintiff was May 12, 2008. *See* Robbins Decl., Ex. C; 15 U.S.C. §78u-4(a)(3)(A). In addition, the Retirement Trust has submitted a sworn certification setting forth its transactions in PMI securities during the Class Period and confirming its willingness and ability to serve as lead plaintiff. *See* Robbins Decl., Ex. A; Civil L.R. 3-7. Thus, the Retirement Trust has

1   complied with the PSLRA's first requirement and is entitled to be considered for appointment as

2   lead plaintiff.

### 2.    The Retirement Trust Possess the Largest Financial Interest in the Relief Sought by the Class

5   During the Class Period, the Retirement Trust lost in excess of $760,000 due to defendants'

    fraud.  *See* Robbins Decl., Ex. B; *see also In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002).  To

    the best of its knowledge, there are no other applicants who have sought, or are seeking, appointment

    as lead plaintiff that have a larger financial interest.  Therefore, the Retirement Trust satisfies the

    PSLRA's prerequisite of having the largest financial interest.

### 3.    The Retirement Trust Meets Rule 23's Requirements

    In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise

    satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-

    4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) generally requires that the claims of representative parties be

    typical of the claims of the class and that the representatives will fairly and adequately protect the

    interests of the class.  *See* Fed. R. Civ. P. 23; *Cavanaugh*, 306 F.3d at 730.  As detailed below, the

    Retirement Trust satisfies the typicality and adequacy requirements of Rule 23(a).

    The test of typicality "'is whether other members have the same or similar injury, whether

    the action is based on conduct which is not unique to the named plaintiffs, and whether other class

    members have been injured by the same course of conduct.'"  *Hanon v. Dataproducts Corp.*, 976

    F.2d 497, 508 (9th Cir. 1992) (citation omitted).  The adequacy requirement is met if no conflicts

    exist between the representative and class interests and the representative's attorneys are qualified,

    experienced and generally able to conduct the litigation. Fed. R. Civ. P. 23(a)(4); *Staton v. Boeing

    Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

    Here, the Retirement Trust meets the typicality and adequacy requirements because it

    purchased PMI securities during the Class Period in reliance upon the allegedly materially false and

    misleading statements issued by defendants and suffered damages thereby, as did the other members

    of the purported class.  The Retirement Trust is also not subject to any unique defenses and there is

    no evidence of any conflicts between the Retirement Trust and the other class members.  Finally, the

1   Retirement Trust has declared its ability and willingness to prosecute this action by filing the
2   requisite certification and retaining qualified counsel. *See* Robbins Decl., Exs. A, D. Thus, the
3   Retirement Trust satisfies the *prima facie* showing of the typicality and adequacy requirements of
4   Rule 23 for purposes of this Motion.

5        **B.    This Court Should Approve the Retirement Trust's Selection of
            Counsel**
6
7        The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the
    class, subject to court approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 732
8
    n.11. The Retirement Trust has selected Coughlin Stoia as lead counsel for the class. Coughlin
9
10  Stoia actively practices complex litigation and has successfully prosecuted numerous securities fraud
    class actions on behalf of injured investors. *See* Robbins Decl., Ex. D. Thus, the Court may be
11
12  assured that in the event this Motion is granted, the members of the class will receive the highest
    caliber of legal representation available.
13
14  **IV.    CONCLUSION**

15       For the foregoing reasons, the Retirement Trust respectfully requests that the Court:
16  (1) appoint the Retirement Trust as Lead Plaintiff; and (2) approve the Retirement Trust's selection
    of Coughlin Stoia as Lead Counsel for the class.
17
18  DATED: May 12, 2008                         Respectfully submitted,

19                                              COUGHLIN STOIA GELLER
                                                   RUDMAN & ROBBINS LLP
20                                              DARREN J. ROBBINS
                                                RAMZI ABADOU
21

22                                                   s/ Darren J. Robbins
                                                   DARREN J. ROBBINS
23
24                                              655 West Broadway, Suite 1900
                                                San Diego, CA  92101
25                                              Telephone: 619/231-1058
                                                619/231-7423 (fax)
26
27
28

THE RETIREMENT TRUST'S NOTICE OF MOT & MOT FOR APPT AS LEAD PLTF
& FOR APPROVAL OF LEAD PLTF'S SELECTION OF LEAD COUNSEL - 3:08-cv-01405-SI       - 7 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JEFFREY W. LAWRENCE
DANIEL J. PFEFFERBAUM
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

[Proposed] Lead Counsel for Plaintiffs

S:\CasesSD\PMI Group\BRF00051189-LP.doc

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 12, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I further certify that I caused this document to be forwarded to the following designated Internet site at:  http://securities.csgrr.com/.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on May 12, 2008.

 s/ Darren J. Robbins
DARREN J. ROBBINS

COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:darrenr@csgrr.com

## Mailing Information for a Case 3:08-cv-01405-SI

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Lawrence Timothy Fisher**
  ltfisher@bramsonplutzik.com,moldenburg@bramsonplutzik.com

- **Meredith N. Landy**
  mlandy@omm.com,vtran@omm.com,sfolchi@omm.com,jbaker@omm.com,mpaul@omm.com,jcoakley@omm.com,dshah@omm.com

- **Alan Roth Plutzik**
  aplutzik@bramsonplutzik.com

- **Darren Jay Robbins**
  e_file_sd@csgrr.com

- **Shawn A. Williams**
  shawnw@csgrr.com,travisd@csgrr.com,moniquew@csgrr.com,e_file_sf@csgrr.com,cwood@csgrr.com,e_file_sd@csgrr.com,aelishb@csgrr.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Catherine J Kowalewski
Lerach Coughlin et al LLP
655 W Broadway #1900
San Diego, CA 92101

Alan R. Plutzik
Schiffrein Barroway Topaz & Kessler LLP
2125 Oak Grove Road, Suite 120
08-1806-SI
Walnut Creek, CA 94598

David C. Walton
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway
Suite 1900
San Diego, CA 92101-3301
```

1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

11

NORTHERN DISTRICT OF CALIFORNIA

12

| In re THE PMI GROUP, INC. SECURITIES LITIGATION | ) ) ) | Master File No. 3:08-cv-01405-SI |
|---|---|---|
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) ) | [PROPOSED] ORDER GRANTING LOCALS 302 AND 612 OF THE |
| ALL ACTIONS. | ) ) ) | INTERNATIONAL UNION OF OPERATING ENGINEERS-EMPLOYERS CONSTRUCTION INDUSTRY RETIREMENT TRUST'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF THEIR SELECTION OF LEAD COUNSEL |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Having considered Locals 302 and 612 of the International Union of Operating Engineers-

2  Employers Construction Industry Retirement Trust's Motion for Appointment as Lead Plaintiff and

3  for Approval of Lead Plaintiff's Selection of Lead Counsel (the "Motion"), and good cause

4  appearing therefore, the Court ORDERS as follows:

5    1.    The Motion is GRANTED;

6    2.    The Court, having considered the provisions of the Private Securities Litigation

7  Reform Act of 1995, hereby appoints Locals 302 and 612 of the International Union of Operating

8  Engineers-Employers Construction Industry Retirement Trust as Lead Plaintiff; and

9    3.    Lead Plaintiff's selection of lead counsel is approved. Coughlin Stoia Geller Rudman

10  & Robbins LLP is approved as Lead Counsel for the class.

11    IT IS SO ORDERED.

12

13  DATED: _____          _____
                                        THE HONORABLE SUSAN ILLSTON
14                                      UNITED STATES DISTRICT JUDGE

15  Submitted by:

16  COUGHLIN STOIA GELLER
       RUDMAN & ROBBINS LLP
17  DARREN J. ROBBINS
    RAMZI ABADOU
18

19
         _____s/ Darren J. Robbins_____
20           DARREN J. ROBBINS

21  655 West Broadway, Suite 1900
    San Diego, CA  92101
22  Telephone:  619/231-1058
    619/231-7423 (fax)
23

24

25

26

27

28  [PROPOSED] ORDER GRANTING LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF
    OPERATING ENGINEERS-EMPLOYERS CONSTRUCTION INDUSTRY RETIREMENT TRUST'S
    MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF THEIR
    SELECTION OF LEAD COUNSEL - 3:08-cv-01405-SI                              - 1 -

1

COUGHLIN STOIA GELLER
2     RUDMAN & ROBBINS LLP
JEFFREY W. LAWRENCE
3   DANIEL J. PFEFFERBAUM
100 Pine Street, Suite 2600
4   San Francisco, CA  94111
Telephone:  415/288-4545
5   415/288-4534 (fax)

6   [Proposed] Lead Counsel for Plaintiffs

7   S:\CasesSD\PMI Group\ORD00051191-LP.doc

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   [PROPOSED] ORDER GRANTING LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF
OPERATING ENGINEERS-EMPLOYERS CONSTRUCTION INDUSTRY RETIREMENT TRUST'S
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF THEIR
SELECTION OF LEAD COUNSEL - 3:08-cv-01405-SI                                           - 2 -