1    GEORGE A. RILEY (S.B. #118304)
     O'MELVENY & MYERS LLP
2    Two Embarcadero Center, 28th Floor
     San Francisco, California 94111-3823
3    Telephone:    (415) 984-8700
     Facsimile:    (415) 984-8701
4    Email:        griley@omm.com

5    MEREDITH N. LANDY (S.B. #136489)
     PETER T. SNOW (S.B. #222117)
6    O'MELVENY & MYERS LLP
     2765 Sand Hill Road
7    Menlo Park, California 94025
     Telephone:    (650) 473-2600
8    Facsimile:    (650) 473-2601
     Email:        mlandy@omm.com
9                  psnow@omm.com

10   Attorneys for Defendants
     The PMI Group, Inc., L. Stephen Smith, David H.
11   Katkov, Donald P. Lofe, Jr., and Bradley M. Shuster

12

13              UNITED STATES DISTRICT COURT

14             NORTHERN DISTRICT OF CALIFORNIA

15   IN RE THE PMI GROUP, INC.              )    Case No. C-08-1405-SI
     SECURITIES LITIGATION                  )
16                                          )    CLASS ACTION
                                            )
17   THIS DOCUMENT RELATES TO:              )    **ANSWER OF DEFENDANTS THE PMI**
     ALL ACTIONS.                           )    **GROUP, INC., L. STEPHEN SMITH,**
18                                          )    **DAVID H. KATKOV, DONALD P.**
                                            )    **LOFE, JR., AND BRADLEY M.**
19                                          )    **SHUSTER TO FIRST AMENDED**
                                            )    **COMPLAINT FOR VIOLATION OF**
20                                          )    **THE FEDERAL SECURITIES LAWS**
                                            )
21   ─────────────────────────────

22

23

24

25

26

27

28

1

2

<u>**ANSWER TO FIRST AMENDED COMPLAINT**</u>
<u>**FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**</u>

3      The PMI Group, Inc., L. Stephen Smith, David H. Katkov, Donald P. Lofe, Jr., and

4   Bradley M. Shuster (collectively "Defendants"), by and through their undersigned attorneys,

5   hereby answer Plaintiffs' First Amended Complaint for Violation of the Federal Securities Laws

6   (the "Complaint"), filed on July 24, 2009.  Defendants deny each and every allegation of the

7   Complaint, except as expressly admitted below.  Defendants assert that no answer is required of

8   them to certain allegations identified below.  To the extent an answer to any such allegation is

9   required of them, Defendants specifically deny each and every one.  Defendants are without

10   knowledge or information sufficient to form a belief as to the truth of certain allegations

11   identified below, and on that basis specifically deny each and every such allegation.  Defendants

12   hereby answer as follows:

13                          <u>**ANSWER**</u>

14                   **INTRODUCTION**[*]

15      1.      Answering Paragraph 1, Defendants admit that Plaintiffs purport to bring this

16   action on behalf of all persons who purchased or otherwise acquired the common stock of The

17   PMI Group, Inc. ("PMI") between November 2, 2006 and March 3, 2008, inclusive (the alleged

18   "Class Period"), against PMI and certain of its officers and/or directors.  Defendants admit that

19   PMI, through its subsidiaries, has provided or provides credit enhancement products designed to

20   promote home ownership and facilitate mortgage transactions in the capital markets in the United

21   States, Australia, New Zealand, and the European Union.  Except as specifically admitted herein,

22   Defendants deny the allegations in Paragraph 1.

23      2.      Answering Paragraph 2, Defendants aver that no response is required as to the

24   allegations in Paragraph 2 that purport to describe the contents of press releases issued by PMI on

25

26

---

27   [*] The section headings and subheadings used herein are taken directly from the Complaint and are
   used for reference purposes only.  To the extent required, Defendants deny each and every
28   allegation contained in the headings and subheadings of the Complaint.

1   March 17, 2008 and May 12, 2008, which speak for themselves.  Defendants otherwise deny the

2   allegations in Paragraph 2.

3          3.      Answering Paragraph 3, Defendants deny each and every allegation contained in

4   Paragraph 3.[1]

5          4.      Answering Paragraph 4, Defendants deny each and every allegation contained in

6   Paragraph 4.[2]

7          5.      Answering Paragraph 5, Defendants admit that PMI had a 42% ownership interest

8   in FGIC during the alleged Class Period.  Defendants also admit that Smith, Shuster and Lofe

9   served on FGIC's Board of Directors and that Shuster served on FGIC's Audit Committee during

10  the alleged Class Period.  Defendants aver that no response is required as to the allegations in

11  Paragraph 5 that purport to describe the claims filed by PMI in 2005 against NovaStar Financial,

12  Inc. ("NovaStar"), which court filings speak for themselves.  Defendants aver that no response is

13  required as to the allegations in Paragraph 5 that purport to describe the claims filed by PMI in

14  2008 against IndyMac Bancorp ("IndyMac"), which court filings speak for themselves.

15  Defendants lack knowledge or information sufficient to form a belief as to the truth of the

16  allegations in Paragraph 5 concerning statements purportedly made by confidential witnesses to

17  Plaintiffs' representatives, and on that basis deny each and every such allegation.  Except as

18  specifically admitted herein, Defendants deny the allegations in Paragraph 5.[3]

19         6.      Answering Paragraph 6, Defendants aver that Paragraph 6 allegedly summarizes

20  statements purportedly made by confidential witnesses to Plaintiffs' representatives.  Defendants

21  lack knowledge or information sufficient to form a belief as to the truth of the allegations in

22

23  [1] Answering Footnote 1, Defendants lack knowledge or information sufficient to form a belief as
    to the truth of the allegations in the first sentence of Footnote 1, and on that basis deny each and
24  every allegation in the first sentence of Footnote 1.  Defendants aver that no response is required
    as to the allegations in the second sentence of Footnote 1 that purport to quote unidentified public
25  statements by PMI, which speak for themselves.  Otherwise, Defendants deny the allegations in
    Footnote 1.
26  [2] Answering Footnote 2, Defendants admit that, with respect to FGIC, monoline insurers
    guarantee the timely repayment of bond principal and interest when an issuer defaults.
27  Otherwise, Defendants deny the allegations in Footnote 2.
    [3] Answering Footnote 3, Defendants aver that Footnote 3 does not constitute an allegation to
28  which a response is required.

1    Paragraph 6 concerning the referenced statements, and on that basis deny each and every

2    allegation in Paragraph 6.  Defendants otherwise deny the allegations in Paragraph 6.

3         7.    Answering Paragraph 7, Defendants admit that Katkov, Lofe, Shuster and Smith

4    participated in conference calls during the alleged Class Period.  Defendants aver that no response

5    is required as to the allegations in Paragraph 7 that purport to describe the contents of PMI's

6    February 5, 2007 conference call, the June 26, 2007 Wachovia Securities CEO Summit, or PMI's

7    October 30, 2007 conference call, the transcripts of which speak for themselves.  Except as

8    specifically admitted herein, Defendants deny the allegations in Paragraph 7.

9         8.    Answering Paragraph 8, Defendants lack knowledge or information sufficient to

10   form a belief as to the truth of the allegations in Paragraph 8 concerning statements purportedly

11   made by confidential witnesses to Plaintiffs' representatives, and on that basis deny each and

12   every such allegation.  Defendants otherwise deny the allegations in Paragraph 8.

13        9.    Answering Paragraph 9, Defendants deny each and every allegation in Paragraph

14   9.

15        10.    Answering Paragraph 10, Defendants admit that the closing price of PMI's shares

16   on February 7, 2007 was $50.21 per share.  Defendants also admit that the closing price of PMI's

17   shares on March 4, 2008 was $6.43 per share.  Except as specifically admitted herein, Defendants

18   deny the allegations in Paragraph 10.

19                          **JURISDICTION AND VENUE**

20        11.    Answering Paragraph 11, Defendants aver that the allegations in Paragraph 11

21   constitute legal conclusions to which no response is required.  To the extent any response is

22   required, Defendants deny each and every allegation in Paragraph 11.

23                                **PARTIES**

24        12.    Answering Paragraph 12, Defendants lack knowledge or information sufficient to

25   form a belief as to the truth of the allegations in Paragraph 12, and on that basis deny each and

26   every allegation in Paragraph 12.

27        13.    Answering Paragraph 13, Defendants admit the allegations in the first through

28   fourth sentences of Paragraph 13.  Defendants also admit that PMI's U.S. Mortgage Insurance

- 3 -

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

1   Operations generated 67.8% of PMI's consolidated revenues in 2006. Defendants also admit that

2   FGIC Corporation is the holding company of Financial Guaranty Insurance Company, a New

3   York domiciled financial guaranty insurance company. Defendants also admit that PMI stock

4   trades under the symbol "PMI" on the New York Stock Exchange and that PMI had

5   approximately 81 million shares of outstanding common stock during the alleged Class Period.

6   Defendants aver that no response is required to the allegations in the last sentence of Paragraph

7   13 that constitute legal conclusions. Except as specifically admitted herein, Defendants deny the

8   allegations in Paragraph 13.

9           14.     Answering Paragraph 14, Defendants admit that Smith joined PMI in 1979.

10  Defendants also admit that Smith has served as Chairman of the Board of Directors of PMI since

11  May 2007 and has been a director since February 2002. Defendants also admit that Smith was

12  President and Chief Operating Officer of PMI from September 1998 until June 1, 2006.

13  Defendants also admit that Smith has been Chief Executive Officer of PMI since June 1, 2006.

14  Defendants also admit that Smith served on PMI's Financial Guaranty Oversight Committee in

15  2005 and 2006. Defendants also admit that PMI's Financial Guaranty Oversight Committee

16  monitored PMI's investment in FGIC and that it held 4 meetings in each of 2005 and 2006.

17  Defendants also admit that Smith held various executive positions with PMI prior to 1998.

18  Defendants also admit that Smith served on FGIC's Board of Directors during the alleged Class

19  Period. Defendants also admit that Smith signed PMI's Forms 10-K for fiscal years 2006 and

20  2007. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 14.

21          15.     Answering Paragraph 15, Defendants admit that Shuster was President,

22  International and Strategic Investments of PMI and President and Chief Executive Officer of PMI

23  Capital Corporation from January 1, 2003 to October 31, 2008. Defendants also admit that prior

24  to 2003, Shuster was Executive Vice President, Corporate Development of PMI since February

25  1999. Defendants also admit that prior thereto, Shuster was Senior Vice President, Treasurer and

26  Chief Investment Officer of PMI. Defendants also admit that prior to joining PMI, Shuster was

27  an audit partner with the accounting firm of Deloitte & Touche LLP, where he was employed

28  from January 1978 to July 1995. Defendants also admit that Shuster has a certified public

account license, which is inactive.  Defendants also admit that Shuster served on FGIC's Board of Directors and its Audit Committee during the alleged Class Period.  Defendants aver that no response is required as to the allegations in Paragraph 15 that purport to describe the contents of FGIC's Audit Committee Charter, which speaks for itself.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 15.

16.     Answering Paragraph 16, Defendants admit that Katkov has been Executive Vice President of PMI since August 2001 and Chief Business Officer since November 2008.  Defendants also admit that Katkov has been President of PMI Mortgage Insurance Co. since June 2006.  Defendants also admit that Katkov held a variety of executive management positions in sales, structured transactions, product development, and portfolio management prior to June 2006.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 16.

17.     Answering Paragraph 17, Defendants admit that Lofe has been Executive Vice President of PMI since January 2003 and has been Chief Financial Officer since April 1, 2003.  Defendants admit that Lofe certified all of PMI's SEC Forms 10-Q and 10-K during the alleged Class Period, and respectfully refer the Court to the referenced certifications, which speak for themselves.  Defendants also admit that Lofe's responsibilities include PMI's financial reporting.  Defendants also admit that Lofe served on FGIC's Board of Directors in 2007 and that he became Chairman of FGIC's Audit Committee in 2009.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 17.

**CONTROL PERSONS**

18.     Answering Paragraph 18, Defendants admit that Smith joined PMI in 1979, that Shuster joined PMI in 1995, and that Katkov joined PMI in 2001.  Defendants also admit that Lofe joined PMI in 2003 and that from October 1998 to January 2003, Lofe was Senior Vice President, Corporate Finance for The CNA Financial Corporation.  Defendants also admit that Lofe was an audit partner with PricewaterhouseCoopers LLP for approximately 20 years prior to that.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 18.

19.     Answering Paragraph 19, Defendants admit that Smith, Shuster and Lofe served on the board of directors of FGIC during the alleged Class Period.  Defendants also admit that

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

1   Shuster served on FGIC's Audit Committee during the alleged Class Period.  Defendants also

2   admit that Lofe joined FGIC's Audit Committee in 2009.  Except as specifically admitted herein,

3   Defendants deny the allegations in Paragraph 19.

4       20.    Answering Paragraph 20, Defendants deny the allegations in the first sentence of

5   Paragraph 20.  With respect to the remaining allegations of Paragraph 20, Defendants answer as

6   follows:

7           (a)    Answering Paragraph 20(a), Defendants aver that no response is required

8   as to the allegations in Paragraph 20(a) that purport to describe the contents of PMI's November

9   2, 2006 earnings conference call, the transcript of which speaks for itself.  To the extent any

10  response is required, Defendants deny the allegations in Paragraph 20(a).

11          (b)    Answering Paragraph 20(b), Defendants aver that no response is required

12  as to the allegations in Paragraph 20(b) that purport to describe the contents of PMI's February 5,

13  2007 earnings conference call or the February 12, 2007 Goldman Sachs Housing Conference, the

14  transcripts of which speak for themselves.  To the extent any response is required, Defendants

15  deny the allegations in Paragraph 20(b).

16          (c)    Answering Paragraph 20(c), Defendants aver that no response is required

17  as to the allegations in Paragraph 20(c) that purport to describe the contents of the February 14,

18  2007 Merrill Lynch Insurance Investor Conference, the transcript of which speaks for itself.  To

19  the extent any response is required, Defendants deny the allegations in Paragraph 20(c).

20          (d)    Answering Paragraph 20(d), Defendants aver that no response is required

21  as to the allegations in Paragraph 20(d) that purport to describe the contents of the June 26, 2007

22  Wachovia Securities CEO Summit, the transcript of which speaks for itself.  To the extent any

23  response is required, Defendants deny the allegations in Paragraph 20(d).

24      21.    Answering Paragraph 21, Defendants lack knowledge or information sufficient to

25  form a belief as to the truth of the allegations in Paragraph 21 concerning statements purportedly

26  made by confidential witnesses to Plaintiffs' representatives, and on that basis deny each and

27  every such allegation.  Defendants aver that no response is required as to the allegations in

28  Paragraph 21 that purport to describe the claims filed by PMI in 2008 against IndyMac, the court

- 6 -

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

1  filings of which speak for themselves.  Defendants also aver that no response is required as to the

2  allegations in Paragraph 21 that purport to describe the contents of the September 10, 2007

3  Lehman Brothers 5th Annual Financial Services Conference, the transcript of which speaks for

4  itself.  Otherwise, and to the extent required, Defendants deny the allegations in Paragraph 21.

5      22.     Answering Paragraph 22, Defendants aver that no response is required as to the

6  allegations in Paragraph 22 that constitute legal conclusions.  Otherwise, and to the extent

7  required, Defendants deny the allegations in Paragraph 22.

8      23.     Answering Paragraph 23, Defendants admit that Smith, Katkov and Lofe

9  participated in certain conference calls with investors during the alleged Class Period.

10 Defendants aver that no response is required as to the allegations in Paragraph 23 that constitute

11 legal conclusions.  Except as specifically admitted herein, Defendants deny the allegations in

12 Paragraph 23.

13                          **CONFIDENTIAL WITNESSES**

14     24.     Answering Paragraph 24, Defendants lack knowledge or information sufficient to

15 form a belief as to the truth of the allegations in Paragraph 24, and on that basis deny each and

16 every allegation in Paragraph 24.

17         (a)     Answering Paragraph 24(a), Defendants lack knowledge or information

18 sufficient to form a belief as to the truth of the allegations in Paragraph 24(a), and on that basis

19 deny each and every allegation in Paragraph 24(a).

20     25.     Answering Paragraph 25, Defendants lack knowledge or information sufficient to

21 form a belief as to the truth of the allegations in Paragraph 25, and on that basis deny each and

22 every allegation in Paragraph 25.

23     26.     Answering Paragraph 26, Defendants lack knowledge or information sufficient to

24 form a belief as to the truth of the allegations in Paragraph 26, and on that basis deny each and

25 every allegation in Paragraph 26.

26     27.     Answering Paragraph 27, Defendants lack knowledge or information sufficient to

27 form a belief as to the truth of the allegations in Paragraph 27, and on that basis deny each and

28 every allegation in Paragraph 27.

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

28.     Answering Paragraph 28, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and on that basis deny each and every allegation in Paragraph 28.

29.     Answering Paragraph 29, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and on that basis deny each and every allegation in Paragraph 29.

### SUBSTANTIVE ALLEGATIONS

**PMI, a Successful Monoline Insurer, Becomes a Publicly Traded Company in 1995**

30.     Answering Paragraph 30, Defendants admit that the PMI Mortgage Insurance Co. was founded in 1972 and that PMI became a publicly traded company through an April 1995 initial public offering that raised approximately $962.5 million through the sale of nearly 27.7 million shares.  Defendants admit the allegations in the second and third sentences of Paragraph 30.  Defendants deny the allegations in the fourth sentence of Paragraph 30.  Defendants admit the allegations in the final sentence of Paragraph 30.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 30.

31.     Answering Paragraph 31, Defendants admit the allegations in the first and second sentences of Paragraph 31.  With respect to the third sentence, Defendants admit that increases in insurance in force may be a determinant of revenue growth.  Defendants admit the allegations in the fourth sentence of Paragraph 31.  Defendants deny the allegations in the fifth sentence of Paragraph 31.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth sentence of Paragraph 31.  Defendants admit the allegations in the seventh, eighth, and ninth sentences of Paragraph 31.  Defendants deny the allegations in the final sentence of Paragraph 31.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 31.[4]

---

[4] Answering Footnote 4, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Footnote 4, and on that basis deny each and every allegation in Footnote 4.

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

32.     Answering Paragraph 32, Defendants admit that in 1987, PMI introduced pmiAURA(SM) as a proprietary automated underwriting model.  Defendants also admit that in 1991, PMI installed pmiTERRA(SM) as a proprietary automated residential appraisal analysis system.   Defendants admit the allegations in the third sentence through the final sentence of Paragraph 32 only to the extent that they assert facts as of the date of PMI's initial public offering.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 32.

33.     Answering Paragraph 33, Defendants admit the allegations in Paragraph 33.

34.     Answering Paragraph 34, Defendants aver that no response is required as to the allegations in Paragraph 34 that purport to describe the contents of PMI's IPO Registration Statement, which speaks for itself.  To the extent any response is required, Defendants deny the allegations in Paragraph 34.

**The Housing Market Explodes in 2002-2005 – PMI Is Marginalized in the Market**

35.     Answering Paragraph 35, Defendants aver that no response is required as to the allegations in Paragraph 35 that purport to describe the contents of the Federal Reserve Board's website, which speaks for itself.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and on that basis deny each and every allegation in Paragraph 35.[5,6]

36.     Answering Paragraph 36, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and on that basis deny each and every allegation in Paragraph 36.

**Accelerating HPA Drives Up Demand for Faster and Innovative Mortgages**

37.     Answering Paragraph 37, Defendants aver that no response is required as to the allegations in Paragraph 37 that purport to describe the contents of a report from the Joint Center

---

[5] Answering Footnote 5, Defendants aver that Footnote 5 does not constitute an allegation to which a response is required.
[6] Answering Footnote 6, Defendants aver that Footnote 6 does not constitute an allegation to which a response is required.

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

for Housing Studies of Harvard University, which speaks for itself.[7]  Defendants also aver that no

response is required as to the allegations in Paragraph 37 that purport to describe the S&P/Case-

Schiller home price index, which speaks for itself.[8,9]  Defendants otherwise lack knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and on

that basis deny each and every allegation in Paragraph 37.

38.     Answering Paragraph 38, Defendants lack knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 38, and on that basis deny each and

every allegation in Paragraph 38.

39.     Answering Paragraph 39, Defendants lack knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 39, and on that basis deny each and

every allegation in Paragraph 39.

**The Growth of the "80/20s" and Low Doc and No Doc Loans**

40.     Answering Paragraph 40, Defendants lack knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 40, and on that basis deny each and

every allegation in Paragraph 40.

41.     Answering Paragraph 41, Defendants aver that no response is required as to the

allegations in Paragraph 41 that purport to describe the contents of Fannie Mae's and Freddie

Mac's governmental mandates, which speak for themselves.  Defendants otherwise lack

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph

41, and on that basis deny each and every allegation in Paragraph 41.

**Lax Underwriting Standards Reduce Required Documentation**

42.     Answering Paragraph 42, Defendants aver that no response is required as to the

allegations in Paragraph 42 that purport to describe the contents of a July 26, 2004 press release

from the Federal Financial Institutions Examination Council, which speaks for itself.  Defendants

---

[7] Answering Footnote 7, Defendants aver that Footnote 7 does not constitute an allegation to which a response is required.

[8] Answering Footnote 8, Defendants aver that Footnote 8 does not constitute an allegation to which a response is required.

[9] Answering Footnote 9, Defendants aver that Footnote 9 does not constitute an allegation to which a response is required.

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

1   otherwise lack knowledge or information sufficient to form a belief as to the truth of the

2   allegations in Paragraph 42, and on that basis deny each and every allegation in Paragraph 42.[10,11]

3           43.     Answering Paragraph 43, Defendants lack knowledge or information sufficient to

4   form a belief as to the truth of the allegations in Paragraph 43, and on that basis deny each and

5   every allegation in Paragraph 43.

6           44.     Answering Paragraph 44, Defendants aver that no response is required as to the

7   allegations in Paragraph 44 that purport to describe PMI's persistency rates from 1996 through

8   2003, and respectfully refer the Court to PMI's SEC filings, which speak for themselves.

9   Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of

10  the allegations in Paragraph 44, and on that basis deny each and every allegation in Paragraph 44.

11          45.     Answering Paragraph 45, Defendants aver that no response is required as to the

12  allegations in Paragraph 45 that purport to describe Defendants' public statements, which speak

13  for themselves.  Defendants otherwise deny the allegations in Paragraph 45.

14  **In 2003, PMI Invests in FGIC and Takes on Extensive Exposure to Subprime Loans**

15          46.     Answering Paragraph 46, defendants admit that PMI became an investor in FGIC

16  in 2003.  Defendants also admit that FGIC was established in 1983.  Defendants also admit that

17  FGIC was primarily engaged in the business of providing financial guaranty insurance for

18  municipal bonds and asset-backed securities.  Defendants also admit that the financial guaranty

19  insurance policies which FGIC insured typically guaranteed scheduled payments of principal and

20  interest on an issuer's obligations for public finance and structured finance.  Except as

21  specifically admitted herein, Defendants deny the allegations in Paragraph 46.

22          47.     Answering Paragraph 47, Defendants admit that FGIC was sold to a group of

23  investors during 2003 by General Electric Company.  Defendants aver that no response is

24  required as to the allegations in Paragraph 47 that purport to describe the contents of an August

25  ───────────────

[10] Answering Footnote 10, Defendants aver that no response is required as to the allegations in
26  Footnote 10 that purport to describe the contents of an article from the Bank Systems &
Technology website, which speaks for itself.  To the extent any response is required, Defendants
27  deny the allegations in Footnote 10.

28  [11] Answering Footnote 11, Defendants aver that Footnote 11 does not constitute an allegation to
which a response is required.

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

2003 Standard & Poor's ("S&P") article, which speaks for itself.  Defendants also aver that no response is required as to the allegations in Paragraph 47 that purport to describe the contents of a February 24, 2004 article in Bond Buyer by Helen Change [sic], which speaks for itself.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 47.

48.      Answering Paragraph 48, Defendants aver that no response is required as to the allegations in Paragraph 48 that purport to describe announcements made by FGIC regarding the hiring of personnel, and respectfully refer the Court to FGIC's press releases, which speak for themselves.  Defendants also aver that no response is required as to the allegations in Paragraph 48 that purport to describe the contents of a June 16, 2006 FGIC press release titled "FGIC Restructures CDO Business," which speaks for itself.  Defendants admit that FGIC established credit default swap execution capability in 2005.  Defendants aver that no response is required as to the allegations in Paragraph 48 that purport to describe the contents of FGIC's portfolio, and respectfully refer the Court to FGIC's financial reports, which speak for themselves.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 48.

49.      Answering Paragraph 49, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding FGIC in Paragraph 49, and on that basis deny the allegations in Paragraph 49.  To the extent required, Defendants otherwise deny the allegations of Paragraph 49.

50.      Answering Paragraph 50, Defendants aver that no response is required as to the allegations in Paragraph 50 that purport to describe the contents of FGIC's June 16, 2006 press release, entitled "FGIC Restructures CDO Business," which speaks for itself.  Defendants otherwise deny the allegations in Paragraph 50.

51.      Answering Paragraph 51, Defendants aver that no response is required as to the allegations in Paragraph 51 that purport to describe the contents of a Deutsche Bank report, which speaks for itself.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and on that basis deny each and every allegation in Paragraph 51.

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

52.     Answering Paragraph 52, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and on that basis deny each and every allegation in Paragraph 52.

53.     Answering Paragraph 53, Defendants deny the allegations in the first sentence of Paragraph 53.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 53, and on that basis deny each and every such allegation.  Defendants otherwise deny the allegations in Paragraph 53.

54.     Answering Paragraph 54, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first through sixth sentences of Paragraph 54, and on that basis deny the allegations in the first through sixth sentences of Paragraph 54. Defendants deny the allegations in the final sentence of Paragraph 54.  Otherwise, and to the extent required, Defendants deny the allegations in Paragraph 54.

**In 2005-2006 Defendants Learn that Many of Their Loans Are the Product of Fraudulent Applications Resulting in Increasing Risk of Default**

55.     Answering Paragraph 55, Defendants deny the allegations in the first sentence of Paragraph 55.  With respect to the remaining allegations in Paragraph 55, Defendants answer as follows:

(a)     Answering Paragraph 55(a), Defendants aver that no response is required as to the allegations in Paragraph 55(a) that purport to describe the contents of a 2005 white paper issued by the Federal Financial Institutions Examination Council, which speaks for itself.  To the extent any response is required, Defendants deny the allegations in Paragraph 55(a).

(b)     Answering Paragraph 55(b), Defendants aver that no response is required as to the allegations in Paragraph 55(b) that purport to describe the contents of an October 2005 *USA Today* article, which speaks for itself.  To the extent any response is required, Defendants deny the allegations in Paragraph 55(b).

(c)     Answering Paragraph 55(c), Defendants aver that no response is required as to the allegations in Paragraph 55(c) that purport to describe the contents of the paper "Threads

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

1   of Early Payment Default," which speaks for itself.  To the extent any response is required,

2   Defendants deny the allegations in Paragraph 55(c).

3           (d)     Answering Paragraph 55(d), Defendants aver that no response is required

4   as to the allegations in Paragraph 55(d) that purport to describe the contents of an August 23,

5   2006 story on CBS's *MarketWatch*, which speaks for itself.  To the extent any response is

6   required, Defendants deny the allegations in Paragraph 55(d).

7           (e)     Answering Paragraph 55(e), Defendants aver that no response is required

8   as to the allegations in Paragraph 55(e) that purport to describe the contents of a September 15,

9   2006 article on *CNNMoney.com*, which speaks for itself.  To the extent any response is required,

10  Defendants deny the allegations in Paragraph 55(e).

11          (f)     Answering Paragraph 55(f), Defendants aver that no response is required as

12  to the allegations in Paragraph 55(f) that purport to describe the contents of a November 27, 2006

13  article entitled, "Early loan payment defaults getting close attention," which speaks for itself.  To

14  the extent any response is required, Defendants deny the allegations in Paragraph 55(f).

15          56.     Answering Paragraph 56, Defendants admit that PMI Mortgage Insurance Co.'s

16  top ten customers were responsible for approximately 40% of PMI Mortgage Insurance Co.'s new

17  insurance written as of December 31, 2000.  Defendants also admit that PMI's U.S. Mortgage

18  Insurance Operations' ten largest customers generated 43.9% and 42.8% of its premiums earned

19  in 2006 and 2005, respectively.  Defendants also admit that PMI's customers include mortgage

20  lenders, banks and investors.  Except as specifically admitted herein, Defendants deny the

21  allegations in Paragraph 56.

22          57.     Answering Paragraph 57, Defendants lack knowledge or information sufficient to

23  form a belief as to the truth of the allegations in the first sentence of Paragraph 57, and on that

24  basis deny the allegations in the first sentence of Paragraph 57.  Defendants admit that "bulk"

25  deliveries contained different loans.  Defendants also admit that PMI relied on lenders to

26  accurately and prudently originate mortgage loans.  Otherwise, Defendants deny the allegations

27  of Paragraph 57.

28

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

58.     Answering Paragraph 58, Defendants admit the allegations in the first sentence of Paragraph 58.  Defendants admit that PMI insured full documentation loans where the borrower was required to submit information that generally allowed both the lender and PMI, during routine audits, to determine if the borrower had sufficient income, assets and capacity to repay the mortgage loan so that PMI could properly underwrite the credit risk.  Otherwise, Defendants deny the allegations of Paragraph 58.

59.     Answering Paragraph 59, Defendants admit that by 2005-2006, approximately 80% of PMI's flow NIW was underwritten pursuant to a delegated underwriting program that allowed approved lenders, subject to periodic quality-control audits, to determine whether loans met program guidelines and were thus eligible for mortgage insurance.  Defendants aver that no response is required as to the allegations in Paragraph 59 that purport to describe PMI's primary default rates as reported in PMI's fiscal year 2007 Form 10-K, which speaks for itself.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 59.

**Despite the Real Estate Market's Collapse, PMI Insures More and Riskier Loans**

60.     Answering Paragraph 60, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60, and on that basis deny each and every allegation in Paragraph 60.

61.     Answering Paragraph 61, Defendants aver that no response is required as to the allegations in Paragraph 61 that purport to describe the contents of PMI's fiscal year 2005 Form 10-K, which speaks for itself.  Defendants otherwise deny the allegations in Paragraph 61.

62.     Answering Paragraph 62, Defendants deny each and every allegation in Paragraph 62.

63.     Answering Paragraph 63, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 63, and on that basis deny each and every allegation in those sentences.  Defendants deny each and every remaining allegation of Paragraph 63.

64.     Answering Paragraph 64, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 concerning statements purportedly

- 15 -

1    made by CW3 to Plaintiffs' representatives, and on that basis deny each and every such

2    allegation.  Defendants otherwise deny the allegations in Paragraph 64.

3                              **DEFENDANTS' SCIENTER**

4    **Defendants' Scheme to Defraud**

5            65.     Answering Paragraph 65, Defendants deny each and every allegation contained in

6    Paragraph 65.

7            66.     Answering Paragraph 66, Defendants aver that no response is required as to the

8    allegations in Paragraph 66 that purport to describe the contents of the February 14, 2007 Merrill

9    Lynch Insurance Investor's Conference, the transcript of which speaks for itself.  Defendants

10   otherwise deny the allegations in Paragraph 66.

11   **Defendants Assure the Market That They Personally and Directly Evaluate Risk and Loan
     Loss Reserves**

12

13           67.     Answering Paragraph 67, Defendants aver that no response is required as to the

14   allegations in Paragraph 67 that purport to describe the contents of PMI's November 2, 2006 and

15   February 5, 2007 earnings conference calls, the transcripts of which speak for themselves.

16   Defendants also aver that no response is required as to the allegations in Paragraph 67 that

17   purport to describe the contents of the February 12, 2007 Goldman Sachs Housing Conference,

18   PMI's April 30, 2007 earnings conference call, the June 26, 2007 Wachovia Securities CEO

19   Summit and the September 10, 2007 Lehman Brothers 5th Annual Financial Services Conference,

20   the transcripts of which speak for themselves.  Defendants otherwise deny the allegations in

21   Paragraph 67.

22           68.     Answering Paragraph 68, Defendants aver that no response is required as to the

23   allegations in Paragraph 68 that purport to describe the contents PMI's July 31, 2007 and October

24   30, 2007 earnings conference calls, the transcripts of which speak for themselves.  Defendants

25   lack knowledge or information sufficient to form a belief as to the truth of the allegations in the

26   last sentence of Paragraph 68 concerning statements purportedly made by confidential witnesses

27   to Plaintiffs' representatives, and on that basis deny each and every such allegation.  Defendants

28   otherwise deny the allegations in Paragraph 68.

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

**As a Result of Defendants' "Day [in] and Day out" Evaluation of Risks, Defendants Knew that PMI Faced Far Greater Risk than Defendants Represented to the Market**

69.     Answering Paragraph 69, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 concerning statements purportedly made by confidential witnesses to Plaintiffs' representatives, and on that basis deny each and every such allegation.  Defendants otherwise deny the allegations in Paragraph 69.

70.     Answering Paragraph 70, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 concerning statements purportedly made by CW1 to Plaintiffs' representatives, and on that basis deny each and every such allegation.  Defendants otherwise deny the allegations in Paragraph 70.

71.     Answering Paragraph 71, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 concerning statements purportedly made by CW1 to Plaintiffs' representatives, and on that basis deny each and every such allegation.  Defendants otherwise deny the allegations in Paragraph 71.

72.     Answering Paragraph 72, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 concerning statements purportedly made by CW1 to Plaintiffs' representatives, and on that basis deny each and every such allegation.  Defendants otherwise deny the allegations in Paragraph 72.

73.     Answering Paragraph 73, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 concerning statements purportedly made by CW1 to Plaintiffs' representatives, and on that basis deny each and every such allegation.  Defendants otherwise deny the allegations in Paragraph 73.

74.     Answering Paragraph 74, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 concerning statements purportedly made by CW1 to Plaintiffs' representatives, and on that basis deny each and every such allegation.  Defendants aver that no response is required as to the allegations in Paragraph 74 that purport to describe the contents of a June 30, 2008 report by Mike Hudson, entitled "IndyMac: What Went Wrong?  How an 'Alt-A' Leader Fueled its Growth with Unsound and Abusive

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

Mortgage Lending," which speaks for itself.  Defendants otherwise deny the allegations in Paragraph 74.

75.     Answering Paragraph 75, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 concerning statements purportedly made by CW2 to Plaintiffs' representatives, and on that basis deny each and every such allegation.  Defendants otherwise deny the allegations in Paragraph 75.

76.     Answering Paragraph 76, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 concerning statements purportedly made by CW3 to Plaintiffs' representatives, and on that basis deny each and every such allegation.  Defendants otherwise deny the allegations in Paragraph 76.

77.     Answering Paragraph 77, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 concerning statements purportedly made by CW4 to Plaintiffs' representatives, and on that basis deny each and every such allegation.  Defendants otherwise deny the allegations in Paragraph 77.

78.     Answering Paragraph 78, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 concerning statements purportedly made by CW4 to Plaintiffs' representatives, and on that basis deny each and every such allegation.  Defendants otherwise deny the allegations in Paragraph 78.

79.     Answering Paragraph 79, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 concerning statements purportedly made by CW4 to Plaintiffs' representatives, and on that basis deny each and every such allegation.  Defendants otherwise deny the allegations in Paragraph 79.

80.     Answering Paragraph 80, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 concerning statements purportedly made by CW5 to Plaintiffs' representatives, and on that basis deny each and every such allegation.  Defendants otherwise deny the allegations in Paragraph 80.

81.     Answering Paragraph 81, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 concerning statements purportedly

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

1  made by CW5 to Plaintiffs' representatives, and on that basis deny each and every such

2  allegation. Defendants otherwise deny the allegations in Paragraph 81.

3      82.    Answering Paragraph 82, Defendants lack knowledge or information sufficient to

4  form a belief as to the truth of the allegations in Paragraph 82 concerning statements purportedly

5  made by CW6 to Plaintiffs' representatives, and on that basis deny each and every such

6  allegation. Defendants otherwise deny the allegations in Paragraph 82.

7
8  **Throughout the Class Period, PMI's Delegated Underwriting Program Resulted in Thousands of Improper Loans Which Increased PMI's Credit Risk and Resulted in Defendants Filing Lawsuits Against NovaStar, WMC Mortgage Corp. and IndyMac – Two of Which Were Among PMI's Top Ten Lenders**
9

10     83.    Answering Paragraph 83, Defendants admit that PMI was involved in lawsuits

11  prior to and during the Class Period. Defendants aver that no response is required as to the

12  allegations in Paragraph 83 that purport to describe the contents of the referenced lawsuits, which

13  court filings speak for themselves. Defendants aver that no response is required as to the

14  allegations in Paragraph 83 that constitute legal conclusions. Except as specifically admitted

15  herein, Defendants deny the allegations in Paragraph 83.

16     84.    Answering Paragraph 84, Defendants aver that no response is required as to the

17  allegations in Paragraph 84 that purport to describe litigation between PMI and NovaStar and the

18  court filings in that litigation, which speak for themselves. Defendants aver that no response is

19  required as to the allegations in Paragraph 84 that purport to describe PMI's public statements,

20  and respectfully refer the Court to PMI's public statements, which speak for themselves.

21  Defendants otherwise deny the allegations in Paragraph 84.

22     85.    Answering Paragraph 85, Defendants aver that no response is required as to the

23  allegations in Paragraph 85 that purport to describe PMI's litigation against WMC and the court

24  filings in that litigation, which speak for themselves. Defendants otherwise deny the allegations

25  in Paragraph 85.

26     86.    Answering Paragraph 86, Defendants aver that no response is required as to the

27  allegations in Paragraph 86 that purport to describe PMI's litigation against IndyMac and the

28  court filings in that litigation, which speak for themselves. Defendants lack knowledge or

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO. C 08 1405 SI

1   information sufficient to form a belief as to the truth of the allegations in Paragraph 86

2   concerning statements purportedly made by CW1 to Plaintiffs' representatives, and on that basis

3   deny each and every such allegation.  Defendants otherwise deny the allegations in Paragraph 86.

4            87.      Answering Paragraph 87, Defendants lack knowledge or information sufficient to

5   form a belief as to the truth of the allegations in Paragraph 87 concerning statements purportedly

6   made by confidential witnesses to Plaintiffs' representatives, and on that basis deny each and

7   every such allegation.  Defendants also aver that no response is required as to the allegations in

8   Paragraph 87 that purport to describe PMI's litigation against IndyMac and the court filings in

9   that litigation, which speak for themselves.  Defendants otherwise deny the allegations in

10  Paragraph 87.

11           88.      Answering Paragraph 88, Defendants deny each and every allegation contained in

12  Paragraph 88.

13  **Defendants Fail to Control for Risk Layering**

14           89.      Answering Paragraph 89, Defendants aver that no response is required as to the

15  allegations in Paragraph 89 that purport to describe the contents of PMI's fiscal year 2007 Form

16  10-K, which speaks for itself.  Defendants otherwise deny the allegations in Paragraph 89.

17  **Defendants' Scienter Regarding FGIC Loan Loss Reserves**

18           90.      Answering Paragraph 90, Defendants admit that Smith, Shuster and Lofe were

19  directors of FGIC during the alleged Class Period.  Defendants also admit that Shuster was a

20  member of FGIC's Audit Committee during the Class Period.  Defendants also admit that Lofe

21  became Chairman of FGIC's Audit Committee in 2009.  Defendants also admit that Smith served

22  on PMI's Financial Guaranty Oversight Committee, which was responsible for the oversight of

23  PMI's investment in FGIC.  Except as specifically admitted herein, Defendants deny the

24  allegations in Paragraph 90.

25           91.      Answering Paragraph 91, Defendants aver that no response is required as to the

26  allegations in Paragraph 91 that purport to describe the contents of the FGIC's Audit Committee

27  Charter, which speaks for itself.  Otherwise, Defendants deny each and every allegation in

28  Paragraph 91.

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

92.     Answering Paragraph 92, Defendants aver that no response is required as to the allegations in Paragraph 92 that purport to describe the contents of FGIC's Audit Committee Charter, which speaks for itself.  Defendants otherwise deny the allegations in Paragraph 92.

93.     Answering Paragraph 93, Defendants aver that no response is required as to the allegations in Paragraph 93 that purport to describe the contents of FGIC's Audit Committee Charter, which speaks for itself.  Defendants otherwise deny the allegations in Paragraph 93.

94.     Answering Paragraph 94, Defendants admit that Lofe, Smith and Shuster received certain FGIC financial information in their roles as directors of FGIC.  Defendants admit that FGIC increased its case reserves from $28,558,000 at December 31, 2006 to $1,259,202,000 at December 31, 2007, which represented an increase of $1,230,644,000, or approximately 4300%.  Defendants aver that no response is required as to the allegations in Paragraph 94 that purport to describe the contents of FGIC's Consolidated Financial Statements for fiscal year 2007, which speaks for itself.  Defendants aver that no response is required as to the allegations in Paragraph 94 that constitute legal conclusions.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 94.

95.     Answering Paragraph 95, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 concerning statements purportedly made by CW3 to Plaintiffs' representatives, and on that basis deny each and every such allegation.  Defendants otherwise deny the allegations in Paragraph 95.

96.     Answering Paragraph 96, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 regarding investors' decisions to purchase PMI stock, and on that basis deny each and every such allegation.  Defendants aver that no response is required as to the allegations in Paragraph 96 that purport to describe the contents of a November 2, 2006 conference call, the transcript of which speaks for itself.  Defendants otherwise deny each and every allegation in Paragraph 96.

(a)     Answering Paragraph 96(a), Defendants deny each and every allegation in Paragraph 96(a).

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

1          (b)        Answering Paragraph 96(b), Defendants deny each and every allegation in

2  Paragraph 96(b).

3          (c)        Answering Paragraph 96(c), Defendants deny each and every allegation in

4  Paragraph 96(c).

5          (d)        Answering Paragraph 96(d), Defendants deny each and every allegation in

6  Paragraph 96(d).

7          (e)        Answering Paragraph 96(e), Defendants deny each and every allegation in

8  Paragraph 96(e).

9          (f)        Answering Paragraph 96(f), Defendants deny each and every allegation in

10  Paragraph 96(f).

11          (g)        Answering Paragraph 96(g), Defendants aver that no response is required

12  as to the allegations in Paragraph 96(g) that purport to describe the contents of a March 15, 2007

13  presentation by PMI, which speaks for itself.  Defendants lack knowledge or information

14  sufficient to form a belief as to the truth of the allegations in the second through fourth sentences

15  of Paragraph 96(g), and on that basis deny each and every allegation in those sentences.

16  Defendants otherwise deny the allegations in Paragraph 96(g).

17          (h)        Answering Paragraph 96(h), Defendants deny each and every allegation in

18  Paragraph 96(h).

19          (i)        Answering Paragraph 96(i), Defendants aver that no response is required as

20  to the allegations in Paragraph 96(i) that purport to describe statements made by Smith, and

21  respectfully refer the Court to Smith's public statements, the transcripts of which speak for

22  themselves.  Defendants otherwise deny the allegations in Paragraph 96(i).

23          (j)        Answering Paragraph 96(j), Defendants deny each and every allegation in

24  Paragraph 96(j).

25          (k)        Answering Paragraph 96(k), Defendants deny each and every allegation in

26  Paragraph 96(k).

27

28

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

**DEFENDANTS' FALSE AND MISLEADING
STATEMENTS ISSUED DURING THE CLASS PERIOD**

**Defendants' Statements Regarding 3Q06 Performance**

97.    Answering Paragraph 97, Defendants admit that PMI announced its 3Q06 net income of $104.2 million, or $1.16 per diluted share, on November 2, 2006.  Defendants also admit that Katkov, Lofe, Shuster and Smith participated in an earnings conference call with analysts and investors on November 2, 2006.  Defendants aver that no response is required as to the allegations in Paragraph 97 that purport to describe the contents of the referenced conference call, the transcript of which speaks for itself.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 97.[12]

**Reasons Why Defendants' Statements On November 2, 2006 Were False and Misleading**

98.    Answering Paragraph 98, Defendants deny each and every allegation in Paragraph 98.

**Defendants' Statements Regarding 4Q06 Earnings Performance**

99.    Answering Paragraph 99, Defendants admit that PMI issued a press release on February 5, 2007, entitled "The PMI Group, Inc. Reports Record 2006 Net Income of $419.7 Million, or $4.57 Per Diluted Share; Fourth Quarter 2006 Net Income of $100.5 Million, or $1.19 Per Diluted Share."  Defendants aver that no response is required as to the allegations in Paragraph 99 that purport to describe the contents of the referenced press release, which speaks for itself.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 99.

100.    Answering Paragraph 100, Defendants admit that PMI issued a press release on February 5, 2007, entitled "The PMI Group, Inc. Issues 2007 Financial Guidance."  Defendants aver that no response is required as to the allegations in Paragraph 100 that purport to describe the contents of the referenced press release, which speaks for itself.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 100.

---

[12] Answering Footnote 12, Defendants deny the allegation in Footnote 12.

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

101.    Answering Paragraph 101, Defendants admit that Katkov, Lofe, Shuster and Smith participated in a conference call with analysts and investors on February 5, 2007.  Defendants aver that no response is required as to the allegations in Paragraph 101 that purport to describe the contents of the referenced conference call, the transcript of which speaks for itself.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 101.

**Reasons Why Defendants' Statements on February 5, 2007 Were False and Misleading**

102.    Answering Paragraph 102, Defendants deny each and every allegation in Paragraph 102.

**Defendants' Statements at the Goldman Sachs Housing Conference on February 12, 2007**

103.    Answering Paragraph 103, Defendants admit that Katkov spoke at the Goldman Sachs Housing Conference on February 12, 2007.  Defendants aver that no response is required as to the allegations in Paragraph 103 that purport to describe the contents of the referenced conference, the transcript of which speaks for itself.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 103.

**Reasons Why Defendants' Statements on February 12, 2007 Were False and Misleading**

104.    Answering Paragraph 104, Defendants deny each and every allegation in Paragraph 104.

**Defendants' Statements at the Merrill Lynch Insurance Investor Conference on February 14, 2007**

105.    Answering Paragraph 105, Defendants admit that Smith spoke at the Merrill Lynch Insurance Investor Conference on February 14, 2007.  Defendants aver that no response is required as to the allegations in Paragraph 105 that purport to describe the contents of the referenced conference, the transcript of which speaks for itself.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 105.

**Reasons Why Defendants' Statements on February 14, 2007 Were False and Misleading**

106.    Answering Paragraph 106, Defendants deny each and every allegation in Paragraph 106.

**Defendants' Press Release on March 15, 2007**

107.    Answering Paragraph 107, Defendants admit that PMI issued a press release on March 15, 2007 entitled, "PMI Provides Statement on Prime Focus of U.S. Mortgage Insurance Business; Presentation Highlights Portfolio Characteristics."  Defendants aver that no response is required as to the allegations in Paragraph 107 that purport to describe the contents of the referenced press release, which speaks for itself.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 107.

**Reasons Why Defendants' March 15, 2007 Press Release Was False and Misleading**

108.    Answering Paragraph 108, Defendants deny each and every allegation in Paragraph 108.

**Defendants' Statements Regarding 1Q07**

109.    Answering Paragraph 109, Defendants admit that PMI issued a press release on April 30, 2007, entitled "The PMI Group, Inc. Reports First Quarter 2007 Net Income of $102.0 Million, or $1.16 Per Diluted Share; Record Quarterly Revenues Driven by Growth in U.S. Mortgage Insurance Operations."  Defendants aver that no response is required as to the allegations in Paragraph 109 that purport to describe the contents of the referenced press release, which speaks for itself.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 109.

110.    Answering Paragraph 110, Defendants admit that PMI issued a press release on April 30, 2007, entitled "The PMI Group, Inc. Updates 2007 Financial Guidance."  Defendants aver that no response is required as to the allegations in Paragraph 110 that purport to describe the contents of the referenced press release, which speaks for itself.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 110.

111.    Answering Paragraph 111, Defendants admit that Katkov, Lofe, Shuster and Smith participated in a conference call with analysts and investors on April 30, 2007.  Defendants aver that no response is required as to the allegations in Paragraph 111 that purport to describe the contents of the referenced conference call, the transcript of which speaks for itself.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 111.

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

**Reasons Why Defendants' Statements on April 30, 2007 Were False and Misleading**

112.    Answering Paragraph 112, Defendants deny each and every allegation in Paragraph 112.

**Defendants' Statements at the Wachovia Securities CEO Summit**

113.    Answering Paragraph 113, Defendants admit that Smith spoke at the Wachovia Securities CEO Summit on June 26, 2007.  Defendants aver that no response is required as to the allegations in Paragraph 113 that purport to describe the contents of the referenced conference, the transcript of which speaks for itself.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 113.

**Reasons Why Defendants' Statements on June 26, 2007 Were False and Misleading**

114.    Answering Paragraph 114, Defendants deny each and every allegation in Paragraph 114.

**Defendants' Statements Regarding 2Q07**

115.    Answering Paragraph 115, Defendants admit that PMI issued a press release on July 31, 2007, entitled "The PMI Group, Inc. Reports Second Quarter 2007 Net Income of $83.8 Million, or $0.95 Per Diluted Share."  Defendants aver that no response is required as to the allegations in Paragraph 115 that purport to describe the contents of the referenced press release, which speaks for itself.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 115.

116.    Answering Paragraph 116, Defendants admit that PMI issued a press release on July 31, 2007, entitled "The PMI Group, Inc. Updates 2007 Financial Guidance."  Defendants aver that no response is required as to the allegations in Paragraph 116 that purport to describe the contents of the referenced press release, which speaks for itself.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 116.

117.    Answering Paragraph 117, Defendants admit that Katkov, Lofe, Shuster and Smith participated in a conference call with analysts and investors on July 31, 2007.  Defendants aver that no response is required as to the allegations in Paragraph 117 that purport to describe the

1  contents of the referenced conference call, the transcript of which speaks for itself.  Except as

2  specifically admitted herein, Defendants deny the allegations in Paragraph 117.

3  **Reasons Why Defendants' Statements on July 31, 2007 Were False and Misleading**

4       118.    Answering Paragraph 118, Defendants deny each and every allegation in

5  Paragraph 118.

6  **The Truth Begins to Be Revealed**

7       119.    Answering Paragraph 119, Defendants admit that PMI's stock price closed at

8  $34.07 per share on July 31, 2007, and that this price represented a decline of $3.20 per share, or

9  approximately 8.6%, from the closing price of $37.27 per share on July 30, 2007.  Defendants

10 also admit that the trading volume of PMI's stock on July 31, 2007, was approximately 5,492,200

11 shares.  Defendants aver that no response is required as to the allegations in Paragraph 119 that

12 constitute legal conclusions.  Except as specifically admitted herein, Defendants deny the

13 allegations in Paragraph 119.

14 **Defendants' August 20, 2007 Press Release**

15      120.    Answering Paragraph 120, Defendants admit that PMI issued a press release on

16 August 20, 2007, entitled "PMI Provides Updated Portfolio Characteristics."  Defendants aver

17 that no response is required as to the allegations in Paragraph 120 that purport to describe the

18 contents of the referenced press release, which speaks for itself.  Except as specifically admitted

19 herein, Defendants deny the allegations in Paragraph 120.

20 **Reasons Why Defendants' Statements on August 20, 2007 Were False and Misleading**

21      121.    Answering Paragraph 121, Defendants deny each and every allegation in

22 Paragraph 121.

23 **Defendants' August 29, 2007 Press Release Regarding Fitch Downgrade**

24      122.    Answering Paragraph 122, Defendants admit that PMI issued a press release on

25 August 29, 2007, entitled "The PMI Group, Inc. Comments on Fitch Revisions to U.S. Mortgage

26 Insurance Capital Model and Ratings Actions."  Defendants aver that no response is required as

27 to the allegations in Paragraph 122 that purport to describe the contents of the referenced press

28

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

release, which speaks for itself.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 122.

**Defendants' Statements at the September 10, 2007 Lehman Brothers' Fifth Annual Financial Services Conference**

123.    Answering Paragraph 123, Defendants admit that Smith spoke at the Lehman Brothers' Fifth Annual Financial Services Conference on September 10, 2007.  Defendants aver that no response is required as to the allegations in Paragraph 123 that purport to describe the contents of the referenced conference, the transcript of which speaks for itself.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 123.

**Reasons Why Defendants' Statements on September 10, 2007 Were False and Misleading**

124.    Answering Paragraph 124, Defendants deny each and every allegation in Paragraph 124.

125.    Answering Paragraph 125, Defendants admit that PMI issued a press release on October 18, 2007, entitled "The PMI Group, Inc. Announces Housing, Mortgage and Credit Market Conditions to Adversely Affect Third Quarter 2007 Financial Results."  Defendants aver that no response is required as to the allegations in Paragraph 125 that purport to describe the contents of the referenced press release, which speaks for itself.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 125.

126.    Answering Paragraph 126, Defendants admit that PMI's stock price closed at $23.21 per share on October 18, 2007, and that this price represented a decline of $3.44 per share, or approximately 12.91%, from the closing price of $26.65 on October 17, 2007.  Defendants also admit that the trading volume of PMI's stock on October 18, 2007, was approximately 8,538,000 shares.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 126.

127.    Answering Paragraph 127, Defendants admit that Bloomberg released on article on October 19, 2007, entitled "PMI, Mortgage Insurers Fall on S&P Ratings Action (Update1)."  Defendants aver that no response is required as to the allegations in Paragraph 127 that purport to describe the contents of the referenced article, which speaks for itself.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 127.

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

128.   Answering Paragraph 128, Defendants admit that PMI's stock price closed at $20.62 per share on October 19, 2007, and that this price represented a decline of $2.59 per share, or approximately 11.16%, from the closing price of $23.21 on October 18, 2007.  Defendants also admit that the trading volume of PMI's stock on October 19, 2007, was approximately 7,576,100 shares.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 128.

129.   Answering Paragraph 129, Defendants admit that PMI's stock price closed at $17.96 per share on October 23, 2007, and that this price represented a decline of $11.55 per share, or approximately 39%, from the closing price of $29.51 per share on October 16, 2009.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 129.

130.   Answering Paragraph 130, Defendants deny each and every allegation in Paragraph 130.

131.   Answering Paragraph 131, Defendants admit that PMI issued a press release on October 30, 2007, entitled "The PMI Group, Inc. Reports Third Quarter 2007 Financial Results."  Defendants aver that no response is required as to the allegations in Paragraph 131 that purport to describe the contents of the referenced press release, which speaks for itself.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 131.

132.   Answering Paragraph 132, Defendants admit that Katkov, Lofe, and Smith participated in a conference call with analysts and investors on October 30, 2007.  Defendants aver that no response is required as to the allegations in Paragraph 132 that purport to describe the contents of the referenced conference call, the transcript of which speaks for itself.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 132.

133.   Answering Paragraph 133, Defendants admit that PMI's stock price closed at $16.73 per share on October 30, 2007, and that this price represented a decline of $1.85 per share, or approximately 9.96%, from the closing price of $18.58 on October 29, 2007.  Defendants aver that no response is required as to the allegations of Paragraph 133 that purport to characterize the contents of PMI's October 30, 2007 earnings conference call, the transcript of which speaks for itself.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 133.

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

1    134.    Answering Paragraph 134, Defendants aver that no response is required as to the

2    allegations in Paragraph 134 that purport to characterize the contents of PMI's October 30, 2007

3    earnings conference call, the transcript of which speaks for itself.  Otherwise, Defendants deny

4    the allegations in Paragraph 134.

5    **Reasons Why Statements Made on October 20, 2007 Were False and Misleading**

6    135.    Answering Paragraph 135, Defendants deny each and every allegation in

7    Paragraph 135.

8    136.    Answering Paragraph 136, Defendants aver that no response is required as to the

9    allegations in Paragraph 136 that purport to describe the contents on a November 5, 2007 Fitch

10   Rating Services announcement, which speaks for itself.  Otherwise, Defendants deny the

11   allegations in Paragraph 136.

12   137.    Answering Paragraph 137, Defendants aver that no response is required as to the

13   allegations in Paragraph 137 that purport to describe the contents of December 2007

14   announcements by Moody's Investor Services, Inc. and S&P, which speak for themselves.

15   Otherwise, Defendants deny the allegations in Paragraph 137.

16   138.    Answering Paragraph 138, Defendants aver that no response is required as to the

17   allegations in Paragraph 138 that purport to describe the contents of a January 3, 2008 Mortgage

18   Bankers Association ("MBA") report, which speaks for itself.  Otherwise, Defendants deny the

19   allegations in Paragraph 138.

20   139.    Answering Paragraph 139, Defendants admit that Lehman Brothers published a

21   research note on January 8, 2008.  Defendants aver that no response is required as to the

22   allegations in Paragraph 139 that purport to describe the contents of the referenced research note,

23   which speaks for itself.  Defendants aver that no response is required as to the allegations in

24   Paragraph 139 that purport to describe the contents of an *Associated Press* article entitled "Sector

25   Wrap: Mortgage Insurers," which speaks for itself.  Except as specifically admitted herein,

26   Defendants deny the allegations in Paragraph 139.

27   140.    Answering Paragraph 140, Defendants deny each and every allegation contained in

28   Paragraph 140.

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

1    141.    Answering Paragraph 141, Defendants aver that no response is required as to the

2    allegations in Paragraph 141 that purport to describe the contents of a January 10, 2008

3    announcement by Blackstone Group LP, which speaks for itself.  Defendants lack knowledge or

4    information sufficient to form a belief as to the truth of the allegations in the second sentence of

5    Paragraph 141, and on that basis deny each and every allegation in the second sentence of

6    Paragraph 141.  Otherwise, and to the extent required, Defendants deny the allegations in

7    Paragraph 141.

8    142.    Answering Paragraph 142, Defendants aver that no response is required as to the

9    allegations in Paragraph 142 that purport to describe the contents of a January 17, 2007 report by

10   the U.S. Commerce Department, which speaks for itself.  Defendants also aver that no response is

11   required as to the allegations in Paragraph 142 that purport to describe an announcement by

12   Moody's, which speaks for itself.  Otherwise, Defendants deny the allegations in Paragraph 142.

13   143.    Answering Paragraph 143, Defendants admit that PMI's stock price closed at

14   $6.48 per share on January 17, 2008, and that this price represented a decline of $1.29 per share,

15   or approximately 16.6%, from the closing price of $7.77 per share on January 16, 2008.  Except

16   as specifically admitted herein, Defendants deny the allegations in Paragraph 143.

17   144.    Answering Paragraph 144, Defendants admit that on January 30, 2008, Fitch

18   downgraded Financial Guaranty Insurance Co.'s Insurer Financial Strength rating from "AAA" to

19   "AA."  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 144.

20   145.    Answering Paragraph 145, Defendants admit that on January 31, 2008, S&P

21   lowered its financial strength, financial enhancement, and issuer credit ratings on Financial

22   Guaranty Insurance Co. to "AA" from "AAA" and its senior unsecured and issuer credit ratings

23   on FGIC Corp. to "A" from "AA."  Defendants also admit that on January 31, 2008, Moody's

24   placed the insurance financial strength ratings of PMI's mortgage insurance subsidiaries on

25   review for possible downgrade.  Except as specifically admitted herein, Defendants deny the

26   allegations in Paragraph 145.

27   146.    Answering Paragraph 146, Defendants aver that no response is required as to the

28   allegations in Paragraph 146 that purport to describe the contents of a February 11, 2008

- 31 -

1  announcement by PMI, which speaks for itself.  Otherwise, Defendants deny the allegations in

2  Paragraph 146.

3      147.    Answering Paragraph 147, Defendants admit that PMI issued a press release after

4  the market closed on March 3, 2008, entitled "The PMI Group, Inc. Reports Preliminary Fourth

5  Quarter 2007 Financial Results for Certain Segments."  Defendants aver that no response is

6  required as to the allegations in Paragraph 147 that purport to describe the contents of the

7  referenced press release, which speaks for itself.  Except as specifically admitted herein,

8  Defendants deny the allegations in Paragraph 147.

9      148.    Answering Paragraph 148, Defendants admit that PMI filed a Form 12b-25 on

10  March 3, 2008.  Defendants aver that no response is required as to the allegations in Paragraph

11  148 that purport to describe the contents of the referenced Form 12b-25, which speaks for itself.

12  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 148.

13      149.    Answering Paragraph 149, Defendants admit that PMI's stock price closed at

14  $6.43 per share on March 4, 2008, and that this price represented a decline of approximately 5%

15  from the closing price of $6.78 on March 3, 2008.  Defendants also admit that the closing price of

16  PMI's stock on March 4, 2008 was the lowest closing price for PMI stock since PMI became a

17  public company in 1995.  Except as specifically admitted herein, Defendants deny the allegations

18  in Paragraph 149.

19      150.    Answering Paragraph 150, Defendants deny each and every allegation in

20  Paragraph 150.

21          (a)    Answering Paragraph 150(a), Defendants deny each and every allegation in

22  Paragraph 150(a).

23          (b)    Answering Paragraph 150(b), Defendants deny each and every allegation

24  in Paragraph 150(b).

25          (c)    Answering Paragraph 150(c), Defendants deny each and every allegation in

26  Paragraph 150(c).

27          (d)    Answering Paragraph 150(d), Defendants deny each and every allegation

28  in Paragraph 150(d).

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

1          (e)      Answering Paragraph 150(e), Defendants deny each and every allegation in

2    Paragraph 150(e).

3                    **ADDITIONAL EVIDENCE OF DEFENDANTS' SCIENTER**

4          151.    Answering Paragraph 151, Defendants deny each and every allegation in

5    Paragraph 151.

6          152.    Answering Paragraph 152, Defendants admit that Smith, Katkov, Lofe and Shuster

7    received compensation in the form of stock and stock options during the alleged Class Period.

8    Defendants aver that no response is required as to the allegations in Paragraph 152 that purport

9    to describe the contents of PMI's Bonus Incentive Plan (September 19, 2007 Amendment and

10   Restatement), which speaks for itself.  Except as specifically admitted herein, Defendants deny

11   the allegations in Paragraph 152.

12         153.    Answering Paragraph 153, Defendants aver that no response is required as to the

13   allegations in Paragraph 153 that purport to describe Defendants' compensation prior to and

14   during the alleged Class Period, and respectfully refer the Court to PMI's SEC filings regarding

15   Defendants' compensation, which speak for themselves.  Otherwise, Defendants deny the

16   allegations in Paragraph 153.

17   **Defendants' Insider Stock Sales**

18         154.    Answering Paragraph 154, Defendants aver that no response is required as to the

19   allegations in Paragraph 154 that purport to describe Defendants' stock sales, and respectfully

20   refer the Court to PMI's SEC filings regarding Defendants' stock sales, which speak for

21   themselves.  Defendants aver that no response is required as to the allegations in Paragraph 154

22   that constitute legal conclusions.  Otherwise, and to the extent required, Defendants deny the

23   allegations in Paragraph 154.

24   **Post-Class Period Events – Further Evidence of Defendants' Fraudulent Conduct**

25         155.    Answering Paragraph 155, Defendants admit that on March 17, 2008, PMI held an

26   earnings conference call with analysts and investors in which Katkov, Lofe and Smith

27   participated.  Defendants aver that no response is required as to the allegations in Paragraph 155

28   that purport to describe the contents of the referenced conference call, the transcript of which

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

speaks for itself.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 155.

156.    Answering Paragraph 156, Defendants aver that no response is required as to the allegations in Paragraph 156 that purport to describe the contents of PMI's March 17, 2008 conference call, the transcript of which speaks for itself.  Defendants otherwise deny the allegations in Paragraph 156.

157.    Answering Paragraph 157, Defendants admit that PMI issued a press release on August 26, 2008, entitled "PMI's Claims-Paying Resources Unaffected by S&P's Actions." Defendants aver that no response is required as to the allegations in Paragraph 157 that purport to describe the contents of the referenced press release, which speaks for itself.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 157.

## FALSE FINANCIAL REPORTING DURING THE CLASS PERIOD

**PMI's Financial Statements and Statements About Financial Results Were Materially Misstated in Violation of GAAP and SEC Reporting Rules**

158.    Answering Paragraph 158, Defendants deny each and every allegation in Paragraph 158.

159.    Answering Paragraph 159, Defendants admit that "GAAP" stands for "generally accepted accounting principles" and are the accounting practices accepted by the accounting profession.  Defendants aver that no response is required as to the allegations in Paragraph 159 that constitute legal conclusions or purport to describe the contents of SEC Regulation S-X, which speaks for itself.  Except as specifically admitted herein, Defendants deny the allegations in Paragraph 159.

**Improper Accounting for, and Disclosures About, PMI's Investment in FGIC**

160.    Answering Paragraph 160, Defendants aver that no response is required as to the allegations in Paragraph 160 that purport to describe the contents of PMI's 1Q08 Form 10-Q, which speaks for itself.  Defendants otherwise deny the allegations in Paragraph 160.

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

161.   Answering Paragraph 161, Defendants aver that no response is required as to the allegations in Paragraph 161 that purport to describe the contents of PMI's 1Q08 Form 10-Q, which speaks for itself.  Defendants otherwise deny the allegations in Paragraph 161.

**Background on Derivative Instruments and GAAP Literature Pertaining to PMI's Improper Accounting for, and Disclosures About, PMI's Investment in FGIC**

162.   Answering Paragraph 162, Defendants aver that no response is required as to the allegations in Paragraph 162 that purport to describe the contents of Statement of Financial Accounting Standards ("SFAS") No. 133, which speaks for itself.  To the extent any response is required, Defendants deny the allegations in Paragraph 162.

(a)   Answering Paragraph 162(a), Defendants aver that no response is required as to the allegations in Paragraph 162(a) that purport to describe certain derivative instruments subject to SFAS No. 133, which speaks for itself.  To the extent any response is required, Defendants deny the allegations in Paragraph 162(a).

(b)   Answering Paragraph 162(b), Defendants aver that no response is required as to the allegations in Paragraph 162(b) that purport to describe certain derivative instruments subject to SFAS No. 133, which speaks for itself.  To the extent any response is required, Defendants deny the allegations in Paragraph 162(b).

(c)   Answering Paragraph 162(c), Defendants aver that no response is required as to the allegations in Paragraph 162(c) that purport to describe certain derivative instruments subject to SFAS No. 133, which speaks for itself.  To the extent any response is required, Defendants deny the allegations in Paragraph 162(c).

163.   Answering Paragraph 163, Defendants aver that no response is required as to the allegations in Paragraph 163 that constitute legal conclusions or purport to describe the contents of SFAS No. 133, which speaks for itself.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 163.

164.   Answering Paragraph 164, Defendants aver that no response is required as to the allegations in Paragraph 164 that constitute legal conclusions or purport to describe the contents

1  of SFAS No. 157, which speaks for itself.  To the extent any response is required, Defendants

2  deny each and every allegation in Paragraph 164.

3      165.    Answering Paragraph 165, Defendants aver that no response is required as to the

4  allegations in Paragraph 165 that constitute legal conclusions or purport to describe the contents

5  of Accounting Principals Board Opinion No. 18 ("APB No. 18"), SFAS No. 115, or SFAS No.

6  115, Summary (FASB: *A Guide to Implementation of Statement 115 on Accounting for Certain*

7  *Investments in Debt and Equity Securities: Questions and Answers*), which speak for themselves.

8  To the extent any response is required, Defendants deny each and every allegation in Paragraph

9  165.

10      166.    Answering Paragraph 166, Defendants aver that no response is required as to the

11  allegations in Paragraph 166 that constitute legal conclusions or purport to describe the contents

12  of SEC Staff Accounting Bulletin ("SAB"): *Codification of Staff Accounting Bulletins, Topic 5:*

13  *Miscellaneous Accounting, M: Other Than Temporary Impairment of Certain Investments in Debt*

14  *and Equity Securities* or SEC SAB No. 59, *Accounting for Noncurrent Marketable Equity*

15  *Securities*, which speak for themselves.  Defendants also aver that no response is required as to

16  the allegations in Paragraph 166 that purport to describe the contents of a November 2, 2000

17  speech by Jackson M. Day, the transcript of which speaks for itself.  Otherwise, and to the extent

18  required, Defendants deny the allegations in Paragraph 166.

19  **Write-Down of PMI's Investment in FGIC to Zero Was Required No Later than 3Q07**
    **Based on GAAP Literature and SEC Guidance**

20

21      167.    Answering Paragraph 167, Defendants admit that FGIC expanded its CDO related

22  businesses and expanded its involvement in derivative instruments such as CDSs.  Defendants

23  lack knowledge or information sufficient to form a belief as to the truth of the allegations in

24  Paragraph 167 regarding the strategic intent or purpose underlying any actions by FGIC, and on

25  that basis deny any such allegations.  Except as specifically admitted herein, Defendants deny the

26  allegations in Paragraph 167.

27      168.    Answering Paragraph 168, Defendants admit that PMI had a 42% ownership

28  interest in FGIC in 2006.  Defendants aver that no response is required as to the allegations in

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

1   Paragraph 168 that purport to describe the contents of the FGIC Annual Review 2006, "A

2   Conversation with Howard C. Pfeffer, President," which speaks for itself.  Except as specifically

3   admitted herein, Defendants deny the allegations in Paragraph 168.

4          169.    Answering Paragraph 169, Defendants admit that PMI monitored and continues to

5   monitor risk.  Defendants lack knowledge or information sufficient to form a belief as to the truth

6   of the allegations in Paragraph 169 concerning statements purportedly made by CW3 to

7   Plaintiffs' representatives, and on that basis deny each and every such allegation.  Except as

8   specifically admitted herein, Defendants deny the allegations in Paragraph 169.

9          170.    Answering Paragraph 170, Defendants lack knowledge or information sufficient to

10  form a belief as to the truth of the allegations in Paragraph 170, and on that basis deny each and

11  every such allegation.

12         171.    Answering Paragraph 171, Defendants aver that no response is required as to the

13  allegations in Paragraph 171 that purport to describe the OFHEO House Price Index History,

14  which speaks for itself.  To the extent any response is required, Defendants deny each and every

15  allegation in Paragraph 171.

16         172.    Answering Paragraph 172, Defendants aver that no response is required as to the

17  allegations in Paragraph 172 that purport to reflect a chart from Mortgage-X.com, which speaks

18  for itself.  To the extent any response is required, Defendants deny each and every allegation in

19  Paragraph 172.

20         173.    Answering Paragraph 173, Defendants lack knowledge or information sufficient to

21  form a belief as to the truth of the allegations in Paragraph 173, and on that basis deny each and

22  every such allegation.

23         174.    Answering Paragraph 174, Defendants aver that no response is required as to the

24  allegations in Paragraph 174 that purport to describe the contents of a quarterly assessment of the

25  mortgage market by MBA, which speaks for itself.  Defendants otherwise deny the allegations in

26  Paragraph 174.

27

28

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

1  175.  Answering Paragraph 175, Defendants lack knowledge or information sufficient to

2  form a belief as to the truth of the allegations in Paragraph 175, and on that basis deny each and

3  every allegation in Paragraph 175.

4  176.  Answering Paragraph 176, Defendants deny the allegations in the first sentence of

5  Paragraph 176.  Defendants admit the allegations in the second sentence of Paragraph 176.

6  177.  Answering Paragraph 177, Defendants lack knowledge or information sufficient to

7  form a belief as to the truth of the allegations in Paragraph 177, and on that basis deny each and

8  every allegation in Paragraph 177.

9  178.  Answering Paragraph 178, Defendants aver that no response is required as to the

10  allegations in Paragraph 178 that purport to describe the contents of the ABX Index, which

11  speaks for itself.  To the extent any response is required, Defendants deny each and every

12  allegation in Paragraph 178.

13  179.  Answering Paragraph 179, Defendants aver that no response is required as to the

14  allegations in Paragraph 179 that purport to describe the contents of the ABX Index, which

15  speaks for itself.  To the extent any response is required, Defendants deny each and every

16  allegation in Paragraph 179.

17  180.  Answering Paragraph 180, Defendants aver that no response is required as to the

18  allegations in Paragraph 180 that purport to describe the contents of the ABX Index, which

19  speaks for itself.  To the extent any response is required, Defendants deny each and every

20  allegation in Paragraph 180.

21  181.  Answering Paragraph 181, Defendants aver that no response is required as to the

22  allegations in Paragraph 181 that purport to describe the contents of the ABX Index, which

23  speaks for itself.  To the extent any response is required, Defendants deny each and every

24  allegation in Paragraph 181.

25  182.  Answering Paragraph 182, Defendants aver that no response is required as to the

26  allegations in Paragraph 182 that purport to describe the contents of the ABX Index, which

27  speaks for itself.  To the extent any response is required, Defendants deny each and every

28  allegation in Paragraph 182.

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

1    183.    Answering Paragraph 183, Defendants aver that no response is required as to the

2    allegations in Paragraph 183 that purport to describe the contents of the ABX Index, which

3    speaks for itself.  To the extent any response is required, Defendants deny each and every

4    allegation in Paragraph 183.

5    184.    Answering Paragraph 184, Defendants aver that no response is required as to the

6    allegations in Paragraph 184 that purport to describe the contents of the ABX Index, which

7    speaks for itself.  Defendants otherwise deny the allegations in Paragraph 184.

8    185.    Answering Paragraph 185, Defendants lack knowledge or information sufficient to

9    form a belief as to the truth of the allegations in the first and second sentences of Paragraph 185,

10    and on that basis deny each and every allegation in the first and second sentences of Paragraph

11    185.  Defendants otherwise deny the allegations in Paragraph 185.

12    186.    Answering Paragraph 186, Defendants aver that no response is required as to the

13    allegations in Paragraph 186 that purport to describe the contents of FGIC's financial report as of

14    June 30, 2007, which speaks for itself.  Otherwise, and to the extent required, Defendants deny

15    the allegations in Paragraph 186.

16    187.    Answering Paragraph 187, Defendants aver that no response is required as to the

17    allegations in Paragraph 187 that constitute legal conclusions or purport to describe the contents

18    of SFAS No. 187, which speaks for itself.  To the extent any response is required, Defendants

19    deny each and every allegation in Paragraph 187.

20    188.    Answering Paragraph 188, Defendants aver that no response is required as to the

21    allegations in Paragraph 188 that purport to describe the contents of PMI's 1Q07 and 2Q07 Forms

22    10-Q, which speak for themselves.  Defendants also aver that no response is required as to the

23    allegations in Paragraph 188 that purport to describe the contents of the ABX Index, which

24    speaks for itself.  To the extent any response is required, Defendants deny each and every

25    allegation in Paragraph 188.

26    189.    Answering Paragraph 189, Defendants aver that no response is required as to the

27    allegations in Paragraph 189 that purport to describe the contents of FGIC's financial report as of

28

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

1    September 30, 2007, which speaks for itself.  Defendants otherwise deny the allegations in

2    Paragraph 189.

3         190.    Answering Paragraph 190, Defendants aver that no response is required as to the

4    allegations in Paragraph 190 that purport to describe the contents of PMI's 3Q07 Form 10-Q,

5    which speaks for itself.  Defendants also aver that no response is required as to the allegations in

6    Paragraph 190 that purport to describe PMI's reported carrying values for its investment in FGIC,

7    and respectfully refer the Court to PMI's SEC filings, which speak for themselves.  To the extent

8    any response is required, Defendants deny each and every allegation in Paragraph 190.

9         191.    Answering Paragraph 191, Defendants aver that no response is required as to the

10   allegations in Paragraph 191 that purport to describe FGIC's public statements during 3Q07,

11   which speak for themselves.  Defendants also aver that no response is required as to the

12   allegations in Paragraph 191 that purport to describe the contents of FGIC's financial report as of

13   December 31, 2007, which speaks for itself.  Defendants otherwise deny the allegations in

14   Paragraph 191.

15        192.    Answering Paragraph 192, Defendants aver that no response is required as to the

16   allegations in Paragraph 192 that purport to describe PMI's financial reports for 4Q07 and 1Q08,

17   including PMI's accounting for its investment in FGIC, and respectfully refer the Court to PMI's

18   fiscal year 2007 Form 10-K and 1Q08 Form 10-Q, which speak for themselves.  Otherwise, and

19   to the extent required, Defendants deny the allegations in Paragraph 192.

20        193.    Answering Paragraph 193, Defendants aver that no response is required as to the

21   allegations in Paragraph 193 that purport to describe the contents of PMI's fiscal year 2007 Form

22   10-K, which speaks for itself.  Otherwise, and to the extent required, Defendants deny the

23   allegations in Paragraph 193.

24        194.    Answering Paragraph 194, Defendants aver that no response is required as to the

25   allegations in Paragraph 194 that purport to describe the contents of PMI's fiscal year 2007 Form

26   10-K, which speaks for itself.  Otherwise, and to the extent required, Defendants deny the

27   allegations in Paragraph 194.

28

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

1      195.     Answering Paragraph 195, Defendants admit that PMI determined in 1Q08 that its

2  investment in FGIC was other-than-temporarily impaired and reduced the carrying value of its

3  investment from $103.6 million at December 31, 2007 to zero.  Defendants aver that no response

4  is required as to the allegations in Paragraph 195 that purport to describe PMI's reported carrying

5  value for its interest in FGIC, and respectfully refer the Court to PMI's SEC filings, which speak

6  for themselves.  Except as specifically admitted herein, Defendants deny the allegations in

7  Paragraph 195.

8      196.     Answering Paragraph 196, Defendants aver that no response is required as to the

9  allegations in Paragraph 196 that purport to describe the contents of FGIC's financial statements

10  for the period ended March 31, 2008, which speak for themselves.  Otherwise, and to the extent

11  required, Defendants deny the allegations in Paragraph 196.

12      197.     Answering Paragraph 197, Defendants aver that no response is required as to the

13  allegations in Paragraph 197 that purport to describe the contents of PMI's 1Q08 Form 10-Q,

14  which speaks for itself.  Otherwise, and to the extent required, Defendants deny the allegations in

15  Paragraph 197.

16      198.     Answering Paragraph 198, Defendants deny the allegations in the first sentence of

17  Paragraph 198.  Defendants aver that no response is required as to the allegations in Paragraph

18  198 that purport to describe FGIC's financial statements for 2Q07, which speak for themselves.

19  To the extent any response is required, Defendants deny each and every allegation in Paragraph

20  198.

21      199.     Answering Paragraph 199, Defendants each and every allegation in Paragraph 199.

22      200.     Answering Paragraph 200, Defendants deny the first sentence of Paragraph 200.

23  With respect to the remaining allegations, Defendants answer as follows:

24      (a)     Answering Paragraph 200(a), Defendants deny each and every allegation in

25  Paragraph 200(a).

26      (b)     Answering Paragraph 200(b), Defendants deny each and every allegation

27  in Paragraph 200(b).

28

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

(c)     Answering Paragraph 200(c), Defendants deny the allegations in the first sentence of Paragraph 200(c).  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 200(c) concerning the actions and expectations of investors and creditors, and on that basis deny each and every such allegation.  Defendants aver that no response is required as to the allegations in the third sentence of Paragraph 200(c) that purport to describe the contents of FASB Statement of Concepts No. 1, which speaks for itself.  Otherwise, and to the extent required, Defendants deny the allegations in Paragraph 200(c).

(d)     Answering Paragraph 200(d), Defendants deny the allegations in the first sentence of Paragraph 200(d).  Defendants aver that no response is required as to the allegations in the second sentence of Paragraph 200(d) that purport to describe the contents of FASB Statement of Concepts No. 1, which speaks for itself.  Otherwise, and to the extent required, Defendants deny the allegations in Paragraph 200(d).

(e)     Answering Paragraph 200(e), Defendants deny each and every allegation in Paragraph 200(e).

(f)     Answering Paragraph 200(f), Defendants deny each and every allegation in Paragraph 200(f).

(g)     Answering Paragraph 200(g), Defendants deny each and every allegation in Paragraph 200(g).

201.     Answering Paragraph 201, Defendants deny each and every allegation in the first sentence of Paragraph 201.  Defendants aver that no response is required as to the allegations in the second sentence of Paragraph 201 that purport to describe the contents of SAB 59, which speaks for itself.  Otherwise, and to the extent required, Defendants deny each and every allegation in Paragraph 201.

**The Defendants as Members of FGIC's Board of Directors Knew, or Were Reckless in Not Knowing, of PMI's Improper Accounting for, and Its Disclosures About, PMI's Investment in FGIC**

202.     Answering Paragraph 202, Defendants admit that Smith, Shuster and Lofe were members of FGIC's Board of Directors during the alleged Class Period.  Defendants also admit

- 42 -

1   that Shuster served on FGIC's Audit Committee during the alleged Class Period.  Defendants also

2   admit that Smith served on PMI's former Financial Guaranty Oversight Committee during the

3   alleged Class Period and that the Financial Guaranty Oversight Committee monitored PMI's

4   investment in FGIC.  Defendants aver that no response is required as to the allegations in

5   Paragraph 202 that constitute legal conclusions or purport to describe the contents of FGIC's

6   Audit Committee Charter, which speaks for itself.  Except as specifically admitted herein,

7   Defendants deny the allegations in Paragraph 202.

8          203.   Answering Paragraph 203, Defendants aver that no response is required as to the

9   allegations in Paragraph 203 that purport to describe the contents of FGIC's Audit Committee

10  Charter, which speaks for itself.  Defendants otherwise deny the allegations in Paragraph 203.

11         204.   Answering Paragraph 204, Defendants aver that no response is required as to the

12  allegations in Paragraph 204 that purport to describe the contents of FGIC's fiscal year 2007

13  Consolidated Financial Statements, which speak for themselves.  Defendants aver that no

14  response is required as to the allegations in Paragraph 204 that constitute legal conclusions.

15  Otherwise, and to the extent required, Defendants deny the allegations in Paragraph 204.

16  **Improper Accounting for, and Disclosures About, Losses and Loss Adjustment Expenses
    and the Reserve for Losses and LAE**

17

18         205.   Answering Paragraph 205, Defendants admit the allegations in the first and second

19  sentences of Paragraph 205.  With respect to the third sentence of Paragraph 205, Defendants

20  admit that the process of reserving for losses is informed by the forecasting of the interest rate and

21  the employment and housing market environment.  Defendants admit the allegations in the fourth

22  sentence of Paragraph 205.  With respect to the fifth sentence of Paragraph 205, Defendants admit

23  that PMI developed a high-low range of estimates for its loss reserves.  With respect to the sixth

24  sentence in Paragraph 205, Defendants admit that, among other information, PMI used its actual

25  claim experience in prior years to project the current liability.  Defendants lack knowledge or

26  information sufficient to form a belief as to the truth of the allegations in the final sentence of

27  Paragraph 205, and on that basis deny the allegations of the final sentence of Paragraph 205.

28  Except as specifically admitted herein, Defendants deny the allegations of Paragraph 205.

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

206.    Answering Paragraph 206, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 206, and on that basis deny each and every allegation in Paragraph 206.

207.    Answering Paragraph 207, Defendants aver that no response is required as to the allegations in Paragraph 207 that purport to describe the contents of the MBA's National Delinquency Survey, which speaks for itself.  Defendants otherwise deny the allegations in Paragraph 207.

208.    Answering Paragraph 208, Defendants aver that no response is required as to the allegations in Paragraph 208 that purport to describe the contents of reports by the MBA, which speak for themselves.  Defendants otherwise deny the allegations in Paragraph 208.

209.    Answering Paragraph 209, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209 concerning statements purportedly made by CW1 to Plaintiffs' representatives, and on that basis deny each and every such allegation.  Defendants otherwise deny the allegations in Paragraph 209.

210.    Answering Paragraph 210, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210 concerning statements purportedly made by CW1 to Plaintiffs' representatives, and on that basis deny each and every such allegation.  Defendants aver that no response is required as to the allegations in Paragraph 210 that constitute legal conclusions.  Otherwise, and to the extent required, Defendants deny the allegations in Paragraph 210.

211.    Answering Paragraph 211, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211 concerning statements purportedly made by CW1 to Plaintiffs' representatives, and on that basis deny each and every such allegation.  Defendants otherwise deny the allegations in Paragraph 211.

212.    Answering Paragraph 212, Defendants aver that no response is required as to the allegations in Paragraph 212 that constitute legal conclusions or purport to describe the contents of FASB Statement of Concepts No. 5, which speaks for itself.  To the extent any response is required, Defendants deny each and every allegation in Paragraph 212.

213.    Answering Paragraph 213, Defendants deny each and every allegation contained in Paragraph 213.

214.    Answering Paragraph 214, Defendants aver that no response is required as to the allegations in Paragraph 214 that purport to describe the contents of PMI's Form 10-K for the period ended December 31, 2006, which speaks for itself.  Defendants otherwise deny the allegations in Paragraph 214.

215.    Answering Paragraph 215, Defendants aver that no response is required as to the allegations in Paragraph 215 that purport to describe the contents of PMI's fiscal year 2006 Form 10-K, which speaks for itself.  Defendants otherwise deny each and every allegation in Paragraph 215.

216.    Answering Paragraph 216, Defendants aver that no response is required as to the allegations in Paragraph 216 that purport to describe the contents of PMI's 1Q07 Form 10-Q, which speaks for itself.  Defendants otherwise deny the allegations in Paragraph 216.

217.    Answering Paragraph 217, Defendants aver that no response is required as to the allegations in Paragraph 217 that purport to describe the contents of PMI's 1Q07 Form 10-Q, which speaks for itself.  Defendants otherwise deny the allegations in Paragraph 217.

218.    Answering Paragraph 218, Defendants aver that no response is required as to the allegations in Paragraph 218 that purport to describe the contents of PMI's 2Q07 Form 10-Q, which speaks for itself.  Defendants otherwise deny the allegations in Paragraph 218.

219.    Answering Paragraph 219, Defendants aver that no response is required as to the allegations in Paragraph 219 that purport to describe the contents of PMI's 2Q07 Form 10-Q, which speaks for itself.  Defendants otherwise deny the allegations in Paragraph 219.

220.    Answering Paragraph 220, Defendants aver that no response is required as to the allegations in Paragraph 220 that purport to describe the contents of PMI's 3Q07 Form 10-Q, which speaks for itself.  Defendants otherwise deny the allegations in Paragraph 220.

221.    Answering Paragraph 221, Defendants aver that no response is required as to the allegations in Paragraph 221 that purport to describe the contents of PMI's 3Q07 Form 10-Q, which speaks for itself.  Defendants otherwise deny the allegations in Paragraph 221.

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

222.    Answering Paragraph 222, Defendants aver that no response is required as to the allegations in Paragraph 222 that purport to describe the contents of PMI's fiscal year 2007 Form 10-K, which speaks for itself.  Defendants otherwise deny the allegations in Paragraph 222.

223.    Answering Paragraph 223, Defendants aver that no response is required as to the allegations in Paragraph 223 that purport to describe the contents of PMI's fiscal year 2007 Form 10-K, which speaks for itself.  Defendants otherwise deny the allegations in Paragraph 223.

224.    Answering Paragraph 224, Defendants aver that no response is required as to the allegations in Paragraph 224 that purport to describe the contents of PMI's 1Q08 Form 10-Q, which speaks for itself.  Defendants otherwise deny the allegations in Paragraph 224.

225.    Answering Paragraph 225, Defendants aver that no response is required as to the allegations in Paragraph 225 that purport to describe the contents of PMI's 1Q08 Form 10-Q, which speaks for itself.  Defendants otherwise deny the allegations in Paragraph 225.

226.    Answering Paragraph 226, Defendants aver that no response is required as to the allegations in Paragraph 226 that purport to describe PMI's estimated U.S. reserves for loss and LAE as reported in PMI's SEC filings, which speak for themselves.  Defendants otherwise deny the allegations in Paragraph 226.

227.    Answering Paragraph 227, Defendants aver that no response is required as to the allegations in Paragraph 227 that constitute legal conclusions or purport to describe the contents of FASB Statement of Concepts No. 5, which speaks for itself.  Defendants otherwise deny the allegations in Paragraph 227.

228.    Answering Paragraph 228, Defendants aver that no response is required as to the allegations in Paragraph 228 that purport to describe the contents of SFAS No. 5, *Accounting for Contingencies*, which speaks for itself.  Defendants otherwise deny the allegations in Paragraph 228.[13,14]

---

[13] Answering Footnote 13, Defendants aver that no response is required as to the allegations in Footnote 13 that purport to describe the contents of SFAS No. 5, which speaks for itself.  To the extent any response is required, Defendants deny the allegations in Footnote 13.

[14] Answering Footnote 14, Defendants aver that Footnote 14 does not constitute an allegation to which a response is required.

229.   Answering Paragraph 229, Defendants deny the allegations in the first sentence of Paragraph 229.  With respect to the remaining allegations of Paragraph 229, Defendants answer as follows:

(a)     Answering Paragraph 229(a), Defendants deny each and every allegation in Paragraph 229(a).

(b)     Answering Paragraph 229(b), Defendants deny each and every allegation in Paragraph 229(b).

(c)     Answering Paragraph 229(c), Defendants deny the allegations in the first sentence of Paragraph 229(c).  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 229(c) concerning the actions and expectations of investors and creditors, and on that basis deny each and every such allegation.  Defendants aver that no response is required as to the allegations in the third sentence of Paragraph 229(c) that purport to describe the contents of FASB Statement of Concepts No. 1, which speaks for itself.  Otherwise, and to the extent required, Defendants deny the allegations in Paragraph 229(c).

(d)     Answering Paragraph 229(d), Defendants deny the allegations in the first sentence of Paragraph 229(d).  Defendants aver that no response is required as to the allegations in the second sentence of Paragraph 229(d) that purport to describe the contents of FASB Statement of Concepts No. 1, which speaks for itself.  Otherwise, and to the extent required, Defendants deny the allegations in Paragraph 229(d).

(e)     Answering Paragraph 229(e), Defendants deny each and every allegation in Paragraph 229(e).

(f)     Answering Paragraph 229(f), Defendants deny each and every allegation in Paragraph 229(f).

(g)     Answering Paragraph 229(g), Defendants deny each and every allegation in Paragraph 229(g).

230.   Answering Paragraph 230, Defendants aver that no response is required as to the allegations in Paragraph 230 that constitute legal conclusions or purport to describe the contents

1  of SEC Staff Accounting Bulletin ("SAB") Topic 1M or SAB No. 99, which speak for

2  themselves.  To the extent any response is required, Defendants deny each and every allegation in

3  Paragraph 230.

4  **LOSS CAUSATION/ECONOMIC LOSS**

5  231.    Answering Paragraph 231, Defendants deny each and every allegation in

6  Paragraph 231.

7  232.    Answering Paragraph 232, Defendants deny each and every allegation in

8  Paragraph 232.

9  233.    Answering Paragraph 233, Defendants admit that PMI's stock price closed at

10 $50.21 per share on February 7, 2007, and that this represented the highest closing price for

11 PMI's stock during the alleged Class Period.  Defendants otherwise deny each and every

12 allegation in Paragraph 233.

13 234.    Answering Paragraph 234, Defendants deny each and every allegation in

14 Paragraph 234.

15 235.    Answering Paragraph 235, Defendants admit that PMI's stock price closed at

16 $50.21 per share on February 7, 2007.  Defendants also admit that PMI's stock price closed at

17 $6.47 per share on January 18, 2008.  Defendants also admit that the difference between PMI's

18 closing stock price on February 7, 2007 and January 18, 2008 is $43.74, and that this difference is

19 approximately 87%.  Except as specifically admitted herein, Defendants deny the allegations in

20 Paragraph 235.

21 **NO STATUTORY SAFE HARBOR EXISTS FOR DEFENDANTS' STATEMENTS**

22 Answering the unnumbered paragraph under the section titled "No Statutory Safe Harbor

23 Exists for Defendants' Statements," Defendants aver that the allegations contained in the

24 unnumbered paragraph constitute legal conclusions to which no response is required.  To the

25 extent any response is required, Defendants deny each and every allegation in the unnumbered

26 paragraph under the section titled "No Statutory Safe Harbor Exists for Defendants' Statements."

27

28

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

**COUNT I**

**For Violation of Section 10(b) of the 1934 Act and Rule 10b-5**
**Against All Defendants**

236.    Answering Paragraph 236, Defendants repeat and reallege their responses to Paragraphs 1 through 235 of the Complaint as if fully set forth herein

237.    Answering Paragraph 237, Defendants deny each and every allegation in Paragraph 237.

238.    Answering Paragraph 238, Defendants deny each and every allegation in Paragraph 238.

239.    Answering Paragraph 239, Defendants deny each and every allegation in Paragraph 239.

**COUNT II**

**For Violation of Section 20(a) of the 1934 Act**
**Against All Defendants**

240.    Answering Paragraph 240, Defendants repeat and reallege their responses to Paragraphs 1 through 239 of the Complaint as if fully set forth herein.

241.    Answering Paragraph 241, Defendants aver that no response is required as to the allegations in Paragraph 241 that constitute legal conclusions.  Defendants otherwise deny the allegations in Paragraph 241.

**CLASS ACTION ALLEGATIONS**

242.    Answering Paragraph 242, Defendants admit that Plaintiffs purport to bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a putative class defined in the Complaint.  Defendants otherwise aver that the allegations contained in Paragraph 242 of the Complaint do not constitute allegations to which a response is required. Otherwise, and to the extent required, Defendants deny the allegations in Paragraph 242.

243.    Answering Paragraph 243, Defendants admit that PMI has more than 81 million shares of stock outstanding.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the size of the putative class or the number of owners

1    of PMI stock and deny the allegations on that basis. Defendants otherwise aver that the

2    allegations contained in Paragraph 243 of the Complaint constitute legal conclusions to which no

3    response is required. Otherwise, and to the extent required, Defendants deny the allegations in

4    Paragraph 243.

5            244.     Answering Paragraph 244, Defendants aver that the allegations contained in

6    Paragraph 244 of the Complaint constitute legal conclusions to which no response is required. To

7    the extent any response is required, Defendants deny the allegations in Paragraph 244.

8            245.     Answering Paragraph 245, Defendants aver that the allegations contained in

9    Paragraph 245 of the Complaint constitute legal conclusions to which no response is required. To

10    the extent any response is required, Defendants deny the allegations in Paragraph 245.

11            246.     Answering Paragraph 246, Defendants admit that Plaintiffs' counsel are

12    experienced in class action securities litigation. Defendants lack knowledge or information

13    sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 246

14    of the Complaint and on that basis deny the remaining allegations in Paragraph 246.

15            247.     Answering Paragraph 247, Defendants aver that the allegations contained in

16    Paragraph 247 of the Complaint constitute legal conclusions to which no response is required. To

17    the extent any response is required, Defendants deny the allegations in Paragraph 247.

18                                     **PRAYER FOR RELIEF**

19        To the extent that any response is required to Plaintiffs' Prayer for Relief, Defendants

20    deny each and every allegation contained in the Prayer for Relief.

21                                     **JURY DEMAND**

22        Defendants demand a jury trial.

23                                  <u>**GENERAL DENIAL**</u>

24        Except as otherwise expressly stated in Paragraphs 1 through 247 above, Defendants deny

25    each and every allegation of wrongdoing by them contained in Paragraphs 1 through 247 of the

26    Complaint, including, without limitation, the table of contents, introductory paragraph, headings,

27    subheadings and footnotes contained in the Complaint, and specifically deny liability to Plaintiffs

28    and the putative class, or that Plaintiffs or the putative class have suffered any legally cognizable

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO. C 08 1405 SI

1   damages for which Defendants are responsible.  Pursuant to Rule 8(d) of the Federal Rules of

2   Civil Procedure, allegations in the Complaint to which no responsive pleading is required shall be

3   deemed denied.  Defendants expressly reserve the right to amend and/or supplement this Answer,

4   including, but not limited to, the defenses and affirmative defenses set forth herein.

5                    **DEFENSES AND AFFIRMATIVE DEFENSES**

6                Without admitting any wrongful conduct on the part of Defendants, and without admitting

7   that Plaintiffs suffered any loss, damage, or injury, Defendants allege the following affirmative

8   defenses to the Complaint.  By designating the following as affirmative defenses, Defendants do

9   not in any way waive or limit any defenses that are or may be raised by their denials, allegations,

10  and averments set forth herein.  Defendants also do not, by alleging any affirmative defense,

11  admit that Plaintiffs do not have the burden of proof for any or all facts underlying any of those

12  defenses.  These defenses are pleaded in the alternative, and are raised to preserve the rights of

13  Defendants to assert such defenses, and are without prejudice to their ability to raise other and

14  further defenses.

15                          **FIRST AFFIRMATIVE DEFENSE**

16               The Complaint, and each cause of action alleged therein, fails to state a claim upon which

17  relief can be granted.

18                         **SECOND AFFIRMATIVE DEFENSE**

19               Plaintiffs have failed to plead their claims with the particularity required by Rule 9(b) of

20  the Federal Rules of Civil Procedure and by the Private Securities Litigation Reform Act of 1995.

21                          **THIRD AFFIRMATIVE DEFENSE**

22               Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations,

23  including 28 U.S.C. § 1658.

24                         **FOURTH AFFIRMATIVE DEFENSE**

25               Plaintiffs' claims are barred, in whole or in part, because Defendants did not make any

26  false or misleading statements of material fact or omit to state any material facts.

27

28

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

1

**FIFTH AFFIRMATIVE DEFENSE**

2          Each and every one of the Defendants alleged to be a control person under Section 20(a)

3   of the Exchange Act acted in good faith and did not directly or indirectly induce the act or acts

4   constituting the alleged violation and causes of action.

5

**SIXTH AFFIRMATIVE DEFENSE**

6          Plaintiffs' claims are barred, in whole or in part, because each and every Defendant acted

7   in good faith and in conformity with all applicable federal statutes, including the Securities

8   Exchange Act of 1934, as amended, the Private Securities Litigation Reform Act of 1995, and all

9   applicable rules and regulations promulgated thereunder.

10

**SEVENTH AFFIRMATIVE DEFENSE**

11          Each and every one of the Defendants acted in good faith and did not materially assist in

12   any violation of law or directly or indirectly induce any act or acts constituting any alleged

13   violations or causes of action.

14

**EIGHTH AFFIRMATIVE DEFENSE**

15          If any false or misleading statement was made, or if any material fact required to be stated

16   or necessary to make any statement made not misleading was omitted, which Defendants deny,

17   then every act or omission was done or omitted in good faith in conformity with the rules and

18   regulations of the Securities and Exchange Commission and, therefore, pursuant to Section 23(a)

19   of the Securities Exchange Act of 1934, there is no liability for any act or omission so alleged.

20

**NINTH AFFIRMATIVE DEFENSE**

21          If any false or misleading statement was made, or if any material fact required to be stated

22   or necessary to make any statement made not misleading was omitted, which Defendants deny,

23   then no Defendant acted with the state of mind required to support liability under Section 10(b) of

24   the Securities Exchange Act of 1934, Rule 10(b)-5 promulgated thereunder, and/or Section 20(a)

25   of the Securities Exchange Act of 1934.

26

**TENTH AFFIRMATIVE DEFENSE**

27          If any false or misleading statement was made, or if any material fact required to be stated

28   or necessary to make any statement made not misleading was omitted, which Defendants deny,

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

1   then some or all of such statements were not material or otherwise legally actionable on any

2   theory.

3                          **ELEVENTH AFFIRMATIVE DEFENSE**

4          If any false or misleading statement was made, or if any material fact required to be stated

5   or necessary to make any statement made not misleading was omitted, which Defendants deny,

6   then no such statement caused Plaintiffs to engage in any transaction supporting any claim

7   alleged herein.

8                           **TWELFTH AFFIRMATIVE DEFENSE**

9          If any false or misleading statement was made, or if any material fact required to be stated

10  or necessary to make any statement made not misleading was omitted, which Defendants deny,

11  then some or all of such statements were not reasonably relied upon by Plaintiffs.

12                        **THIRTEENTH AFFIRMATIVE DEFENSE**

13         If any false or misleading statement was made, or if any material fact required to be stated

14  or necessary to make any statement made not misleading was omitted, which Defendants deny,

15  then Plaintiffs were aware of that misstatement or omission and/or did not rely upon such

16  statement or omission and/or consider such statement or omission to be material.

17                       **FOURTEENTH AFFIRMATIVE DEFENSE**

18         Any alleged untrue statements of material fact, omissions of material fact, misleading

19  statements, or other challenged statements made by Defendants are rendered non-actionable by

20  the Safe Harbor provisions of the Private Securities Litigation Reform Act of 1995, adding

21  Section 21E to the Securities Exchange Act of 1934, as codified at 15 U.S.C. § 78u-5(c).

22                         **FIFTEENTH AFFIRMATIVE DEFENSE**

23         Plaintiffs' claims are barred in whole or part because the statements, reports, and/or filings

24  allegedly issued by Defendants contained sufficient cautionary language, and bespoke caution,

25  with respect to the subject matter of each misrepresentation or omission alleged in the Complaint,

26  so as to warn Plaintiffs and all others of the risks of investing in PMI common stock.

27

28

1

**SIXTEENTH AFFIRMATIVE DEFENSE**

2          Any recovery for damages allegedly incurred by Plaintiffs, if any, is limited to the

3 percentage of responsibility of Defendants in proportion to the total fault of all persons, named as

4 parties to this action or not, who caused or contributed to Plaintiffs' alleged damages, pursuant to

5 the Proportionate Liability provisions of the Private Securities Litigation Reform Act of 1995, as

6 codified at 15 U.S.C. § 78u-4(f)(3)(A).

7

**SEVENTEENTH AFFIRMATIVE DEFENSE**

8          Plaintiffs were expressly advised in PMI's public filings and otherwise regarding the

9 material facts and risks concerning their investments.  Plaintiffs thus had actual or constructive

10 knowledge of, and thus knew or should have known of, the risks associated with PMI's business

11 and in failing to consider these risks, Plaintiffs assumed the risk that such person or entity might

12 be damaged by acquiring PMI stock.  Plaintiffs therefore are estopped from recovering any relief.

13

**EIGHTEENTH AFFIRMATIVE DEFENSE**

14          The substance of the material information now claimed by the Complaint to be the subject

15 of misrepresentations and omissions was publicly disclosed or was in the public domain and, as

16 such, was available to Plaintiffs and was at all times reflected in the price of PMI's stock.

17 Accordingly, acquirers of PMI stock did not do so at artificially inflated prices.

18

**NINETEENTH AFFIRMATIVE DEFENSE**

19          Plaintiffs failed to undertake a prompt and reasonable investigation of PMI's business and

20 financial condition, and such a prompt and reasonable investigation would have prevented

21 damages, if any.  Plaintiffs therefore are estopped from recovering any relief.

22

**TWENTIETH AFFIRMATIVE DEFENSE**

23          Plaintiffs were negligent and did not exercise due care to discover the existence of some

24 or all the purported facts alleged in the Complaint upon which they assert liability against the

25 Defendants.  Thus, the actual and proximate cause of the damage to Plaintiffs, if any, in whole or

26 in part, is Plaintiffs' negligence and their failure to exercise reasonable care.

27

28

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs would have acquired PMI stock even if, when acquired, Plaintiffs would have known of the allegedly untrue statements of material fact, omissions of material fact, or misleading statements or other wrongful conduct upon which the Defendants' purported liability rests.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Any recovery for damages allegedly incurred by Plaintiffs, if any, is subject to offset in the amount of any tax benefits actually received by Plaintiffs through their investments.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

The plaintiff class members had a duty to take reasonable action to minimize any damage allegedly sustained as a result of the conduct alleged in the Complaint, each failed to comply with that duty, and therefore each is barred from recovering any damages that might have been reasonably avoided.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for "control person" liability are barred in whole or in part because Plaintiffs cannot establish the primary liability necessary to support such claims.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

In executing or authorizing the execution and/or publication of any document containing the statements complained of in the Complaint, Defendants were entitled to, and did, reasonably and in good faith, rely upon the work and conclusions of other professionals and experts.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs would be unjustly enriched if they were allowed to recover anything in this action.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Defendants did not make any of the alleged misstatements or omissions in the Complaint in connection with the purchase or sale of any shares of PMI stock.

1

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

2      Defendants, and each of them, were under no duty to disclose any of the purported

3  information that Plaintiffs allege was not disclosed.

4

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

5      Defendants, and each of them, were under no duty to revise, update, and/or correct any

6  previously-made statements challenged in the Complaint.

7

**THIRTIETH AFFIRMATIVE DEFENSE**

8      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and the putative class

9  have not suffered any injury or harm as a result of any action, conduct, statement or omission by

10  Defendants.

11

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

12      Plaintiffs' claims are barred, in whole or in part, because the depreciation in the price of

13  PMI stock resulted from factors other than any conduct of Defendants; no action or inaction by

14  Defendants is the cause, in law or in fact, of any injury Plaintiffs and the putative class may have

15  suffered, and their alleged losses were not actually or proximately caused by Defendants.

16

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

17      Plaintiffs' claims are barred, in whole or in part, because of the lack of transaction

18  causation and/or loss causation.

19

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

20      Defendants are not liable for the injuries and damages, if any, sustained by Plaintiffs at the

21  times and places alleged in the Complaint because any injuries and damages were a direct and

22  proximate result of the acts, omissions, or negligence of other persons and/or entities not within

23  the knowledge or control of Defendants, and were sustained, if at all, without any negligence or

24  wrongful act or omission on the part of Defendants.  Should Plaintiffs recover damages from

25  Defendants, these Defendants are entitled to indemnification and/or contribution, either in whole

26  or in part, from all persons or entities whose negligence and/or fault proximately contributed to

27  Plaintiffs' damages, if any.

28

- 56 -

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

1

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

2

Defendants believed to be true the representations, if any, made by these answering

3

Defendants to Plaintiffs, and that such statements were merely affirmations of value and/or

4

statements solely purporting to be Defendants' opinions.

5

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

6

The allegedly untrue statements of material fact, omissions of material fact, misleading

7

statements, or other actions were not material to the investment decisions of a reasonable

8

investor.

9

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

10

Defendants contend that this lawsuit should not proceed as a class action on the grounds

11

that, *inter alia*, the named plaintiffs lack standing to represent the purported class, and are not

12

typical of, and do not and cannot fairly and adequately represent the purported plaintiff class, and

13

because a class action will not be superior to other methods available for the adjudication of this

14

controversy.  Defendants may have other affirmative defenses against the purported plaintiff class

15

members, and reserve the right to assert such defenses in a timely fashion after the facts to

16

support such defenses become known to them.

17

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

18

An insufficient number of traders in PMI stock relied on the alleged misstatements or

19

omissions set forth in the Complaint to affect the market price of PMI stock.

20

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

21

Plaintiffs and other members of the alleged plaintiff class did not rely on the market in

22

making their purchases or sales of PMI stock.

23

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

24

Certain members of the purported class did not make investment decisions with respect to

25

PMI stock and lacked standing as purchasers or sellers of PMI stock.

26

27

28

ANSWER TO FIRST AMENDED
COMPLAINT - CASE NO.  C 08 1405 SI

1

**FORTIETH AFFIRMATIVE DEFENSE**

2          Plaintiffs' claims are barred in whole or in part by the doctrines of laches, waiver,

3   equitable estoppel, in pari delicto, ratification, unclean hands, and/or other related equitable

4   doctrines.

5

**ADDITIONAL AFFIRMATIVE DEFENSES**

6          Defendants may have additional, as yet unidentified defenses available.  Defendants

7   reserve the right to assert additional defenses that are revealed by further investigation or through

8   discovery.  Defendants may have other affirmative defenses against the named plaintiffs and/or

9   purported class members and thus reserve the right to assert such defenses in a timely fashion

10  after the facts to support such defenses become known to them.

11          WHEREFORE, Defendants pray that the Court enter judgment as follows:

12          1.      That judgment be entered in favor of the Defendants;

13          2.      That Plaintiffs and the putative plaintiff class take nothing from the Defendants by

14  this First Amended Complaint for Violations of the Federal Securities Laws, and that the same be

15  dismissed with prejudice;

16          3.      For costs, attorneys' fees, expert witness fees and court hearing costs incurred

17  herein; and

18          4.      For such other relief as the Court deems just and proper.

19

20  Dated:  February 11, 2010                    O'MELVENY & MYERS LLP
                                                 GEORGE A. RILEY
21                                               MEREDITH N. LANDY
                                                 PETER T. SNOW
22

23                                               By: _____ /s/ George A. Riley _____

24                                                      George A. Riley
                                                 Attorneys for Defendants
25                                               The PMI Group, Inc., L. Stephen Smith, David H.
                                                 Katkov, Donald P. Lofe, Jr., and Bradley M.
26  MP1:1185724.1                                Shuster

27

28

- 58 -