1  ROBBINS GELLER RUDMAN
     & DOWD LLP
2  DANIEL J. PFEFFERBAUM (248631)
   PHILLIP G. FREEMON (242062)
3  100 Pine Street, Suite 2600
   San Francisco, CA  94111
4  Telephone:  415/288-4545
   415/288-4534 (fax)
5  dpfefferbaum@csgrr.com
   gfreemon@csgrr.com
6        – and –
   DANIEL S. DROSMAN (200643)
7  655 West Broadway, Suite 1900
   San Diego, CA  92101
8  Telephone:  619/231-1058
   619/231-7423 (fax)
9  ddrosman@csgrr.com

10  Lead Counsel for Plaintiffs

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13  In re THE PMI GROUP, INC. SECURITIES      )   Master File No. 3:08-cv-01405-SI
    LITIGATION                                )
14  _____  )   CLASS ACTION
                                              )
15  This Document Relates To:                 )   STIPULATED PROTECTIVE ORDER
                                              )
16         ALL ACTIONS.                       )
    _____  )
17

18

19

20

21

22

23

24

25

26

27

28

511164_1

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order").  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

2. **DEFINITIONS**

2.1 <u>Party</u>:  Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 <u>Disclosure or Discovery Material</u>:  All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 <u>"Confidential" Information or Items</u>:  Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

2.4 <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

2.5 <u>Producing Party</u>:  A Party or non-party that produces Disclosure or Discovery Material in this action.

2.6 <u>Designating Party</u>:  A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7 <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "Confidential."

2.8     Outside Counsel:  Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9     House Counsel:  Attorneys who are employees of a Party.

2.10    Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

2.11    Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.  This definition includes a professional jury or trial consultant retained in connection with this litigation and any participants in a focus group, mock trial or research connected with case preparation.

2.12    Professional Vendors:  Persons or entities that provide litigation support services (*e.g.*, contract attorneys; investigators; mediators; photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.     SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel in court or in other settings that might reveal Protected Material.

**4.     DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1     Exercise of Restraint and Care in Designating Material for Protection:  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.   A Designating Party must take care to designate for protection only those parts of material, documents,

1    items, or oral or written communications that qualify – so that other portions of the material,

2    documents, items, or communications for which protection is not warranted are not swept

3    unjustifiably within the ambit of this Order.

4          Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown

5    to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily

6    encumber or retard the case development process, or to impose unnecessary expenses and burdens

7    on other parties), expose the Designating Party to sanctions.

8          If it comes to a Party's or a non-party's attention that information or items that it designated

9    for protection do not qualify for protection, that Party or non-party must promptly notify all other

10   parties that it is withdrawing the mistaken designation.

11         5.2    <u>Manner and Timing of Designations</u>:  Except as otherwise provided in this Order, or

12   as otherwise stipulated or ordered, material that qualifies for protection under this Order must be

13   clearly so designated before the material is disclosed or produced.

14         Designation in conformity with this Order requires:

15         (a) <u>for information in documentary form</u> (apart from transcripts of depositions or

16   other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at

17   the top of each page that contains protected material.  If only a portion or portions of the material on

18   a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s)

19   (*e.g.*, by making appropriate markings in the margins).

20         A Party or non-party that makes original documents or materials available for inspection

21   need not designate them for protection until after the inspecting Party has indicated which material it

22   would like copied and produced.  During the inspection and before the designation, all of the

23   material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting

24   Party has identified the documents it wants copied and produced, the Producing Party must

25   determine which documents, or portions thereof, qualify for protection under this Order, then, before

26   producing the specified documents, the Producing Party must affix "CONFIDENTIAL" at the top of

27   each page that contains Protected Material.  If only a portion or portions of the material on a page

28

STIPULATED PROTECTIVE ORDER - 3:08-cv-01405-SI                                    - 3 -

1    qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*,

2    by making appropriate markings in the margins).

3             (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the

4    Party or non-party offering or sponsoring the testimony identify on the record, before the close of the

5    deposition, hearing, or other proceeding, all protected testimony.  When it is impractical to identify

6    separately each portion of testimony that is entitled to protection, and when it appears that

7    substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors,

8    offers, or gives the testimony may invoke on the record (before the deposition or proceeding is

9    concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which

10    protection is sought.  Only those portions of the testimony that are appropriately designated for

11    protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

12             (c) <u>for information produced in some form other than documentary</u>, and for any other

13    tangible items, that the Producing Party affix in a prominent place on the exterior of the container or

14    containers in which the information or item is stored the legend "CONFIDENTIAL."  If only

15    portions of the information or item warrant protection, the Producing Party, to the extent practicable,

16    shall identify the protected portions.

17    5.3    <u>Inadvertent Failures to Designate</u>:  If timely corrected, an inadvertent failure to

18    designate qualified information or items as "Confidential" does not, standing alone, waive the

19    Designating Party's right to secure protection under this Order for such material.  If material is

20    appropriately designated as "Confidential" after the material was initially produced, the Receiving

21    Party, on timely notification of the designation, must make reasonable efforts to assure that the

22    material is treated in accordance with the provisions of this Order.  This section does not apply,

23    however, to testimony given in deposition or in other pretrial or trial proceedings, that the Party or

24    non-party offering or sponsoring the testimony fails to designate for protection within 20 days, as

25    specified in Section 5.2(b).

26    **6.**    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

27    6.1    <u>Timing of Challenges</u>:  Unless a prompt challenge to a Designating Party's

28    confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

1  economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive

2  its right to challenge a confidentiality designation by electing not to mount a challenge promptly

3  after the original designation is disclosed.

4       6.2    <u>Meet and Confer</u>:  A Party that elects to initiate a challenge to a Designating Party's

5  confidentiality designation must do so in good faith and must include conferring directly with

6  Counsel for the Designating Party.  In conferring, the challenging Party must identify the documents

7  for which it believes the confidentiality designation was not proper.  In the case of mass, routinized

8  or indiscriminate designations, the challenging Party need only identify examples of the designations

9  that are believed to be clearly unjustified, or that have been made for an improper purpose.  The

10  Designating Party shall within seven (7) calendar days review the designated material, reconsider the

11  circumstances, and, if no change in designation is offered, explain the basis for the chosen

12  designation.  A Designating Party may proceed to the next stage of the challenge process only if it

13  has engaged in this meet and confer process first.

14      6.3    <u>Judicial Intervention</u>:  If the Designating Party refuses to change a confidentiality

15  designation for documents identified by the challenging Party, the Designating Party must file and

16  serve a motion within 15 days of the conclusion of the meet and confer process that identifies the

17  challenged material and sets forth, on a document by document basis, good cause for protection

18  pursuant to Federal Rule of Civil Procedure 26.  Each such motion must be accompanied by a

19  competent declaration that affirms that the movant has complied with the meet and confer

20  requirements imposed in the preceding paragraph.

21      The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

22  Notwithstanding any challenge to the designation of material as Protected Material, all such

23  documents shall be treated as such and shall be subject to the provisions hereof unless and until one

24  of the following occurs: (a) the Party or non-party who claims that the material is Protected Material

25  withdraws such designation in writing; or (b) the Court rules the material is not Protected Material.

26  **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

27      7.1    <u>Basic Principles</u>:  A Receiving Party may use Protected Material that is disclosed or

28  produced by another Party or by a non-party in connection with this case only for prosecuting,

1    defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to

2    the categories of persons and under the conditions described in this Protective Order.  When the

3    litigation has been terminated, a Receiving Party must comply with the provisions of Section 11,

4    below (FINAL DISPOSITION).

5           Protected Material must be stored and maintained by a Receiving Party at a location and in a

6    secure manner that ensures that access is limited to the persons authorized under this Order.

7           7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>:  Unless otherwise ordered

8    by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any

9    information or item designated "CONFIDENTIAL" only to:

10          (a)   The Receiving Party's Outside Counsel of record in this action, as well as

11   employees of said Counsel to whom it is reasonably necessary to disclose the information for this

12   litigation;

13          (b)   The officers, directors, and employees (including House Counsel) of the

14   Receiving Party to whom disclosure is reasonably necessary for this litigation;

15          (c)   Experts of the Receiving Party to whom disclosure is reasonably necessary for

16   this litigation and who have signed the "Agreement to Be Bound By Protective Order" that is

17   attached hereto as Exhibit A;

18          (d)   The Court and its personnel;

19          (e)   Court reporters or videographers and their staff, mediators and their staff, and

20   Professional Vendors to whom disclosure is reasonably necessary for this litigation;

21          (f)   Witnesses in the action (other than those described in paragraph 7.2(g) or (h))

22   to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound By

23   Protective Order" that is attached hereto as Exhibit A.  "CONFIDENTIAL" Information or Items

24   may be disclosed to a witness who refuses to sign the "Agreement to Be Bound By Protective Order"

25   that is attached hereto as Exhibit A if the witness has been told that the "CONFIDENTIAL"

26   Information may be protected by federal and applicable state law, and that misuse, misappropriation

27   or wrongful disclosure of "CONFIDENTIAL" Information might subject the witness to civil and/or

28   criminal liability.  Witnesses shown "CONFIDENTIAL" Information, who will not sign the

"Agreement to Be Bound By Protective Order" that is attached hereto as Exhibit A shall not be allowed to retain copies of the information;

(g)     The author of the document or the original source of the information;

(h)     Any recipient of the information; and

(i)     Any other person only upon order of the Court or upon prior written consent of the Producing Party.

There is no requirement that a Party who discloses information or items designated as "CONFIDENTIAL" disclose the identities of the recipients of such information or produce any executed "Agreement to Be Bound by Protective Order."

## 8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than five court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to agree to be bound by this Protective Order.

**10.     FILING PROTECTED MATERIAL**

If a party files a document containing Protected Material with the Court, it shall do so in compliance with the Court's rules for filing documents under seal.  If a request to file under seal is denied, the Protected Material shall be made part of the public record.

**11.     FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within 60 days after the final termination of this action, including appellate litigation or the time period therefore, each Receiving Party must return all Protected Material to the Producing Party or destroy such material, at the Receiving Party's option.  The Producing Party shall bear the cost of return (which cost shall not include the cost of gathering, searching for, or retrieving the Protected Material).  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**12.   MISCELLANEOUS**

12.1   <u>Right to Further Relief</u>:  It is the present intention of the Parties that the provisions of this Stipulated Protective Order shall govern discovery and other pretrial proceedings in this action. Nonetheless, each of the Parties or any other proper non-party shall be entitled to seek modification of this Stipulated Protective Order by application to the Court on notice to the other Party hereto for good cause.

12.2   <u>Right to Assert Other Objections</u>:  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

12.3   <u>No Waiver</u>:  Entering into, agreeing to, and/or producing or receiving material designated as "CONFIDENTIAL," or otherwise complying with the terms of this Confidentiality Order shall not:

(a)   Operate as an admission by any party that any particular material designated as "CONFIDENTIAL" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of Confidential Information;

(b)   Operate as an admission by any Party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any Party to be "CONFIDENTIAL";

(c)   Prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery;

(d)   Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

(e)   Prejudice in any way the rights of a Party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

1        (f)     Prejudice in any way the rights of a Party to petition the Court for a further

2 protective order relating to any purportedly "CONFIDENTIAL" Information;

3        (g)     Prevent the Parties to this Protective Order from agreeing in writing or on the

4 record during a deposition or hearing in this action to alter or waive the provisions or protections

5 provided for herein with respect to any particular information or material;

6        (h)     Limit a Party's ability to grant non-parties access to its own documents and/or

7 information;

8        (i)     Be deemed to waive any applicable privilege or work product protection, or to

9 affect the ability of a Party to seek relief for an inadvertent disclosure of material protected by

10 privilege or work product protection; and/or

11        (j)     Prevent a Party or third Party from objecting to discovery which it believes to

12 be improper, including objections based upon the privileged, confidential, or proprietary nature of

13 the Protected Material requested.

14        12.4    <u>Subject to Jurisdiction</u>:  All persons who have access to information or material

15 designated as Protected Material under this Stipulated Protective Order acknowledge that they are

16 bound by this Protective Order and submit to the jurisdiction of this Court for the purposes of

17 enforcing this Protective Order.  However, this Stipulated Protective Order has no effect upon, and

18 shall not apply to, a Producing Party's use of its own Protected Material for any purpose.

19        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

20 DATED:  April 7, 2010               Respectfully submitted,

21                                 ROBBINS GELLER RUDMAN
                                        & DOWD LLP

22                                 DANIEL S. DROSMAN

23

24                                  _____/s/ DANIEL S. DROSMAN_____
                                      DANIEL S. DROSMAN

25

26

27

28

1
2            655 West Broadway, Suite 1900
             San Diego, CA  92101
3            Telephone:  619/231-1058
             619/231-7423 (fax)
4
             ROBBINS GELLER RUDMAN
5              & DOWD LLP
             DANIEL J. PFEFFERBAUM
6            PHILLIP G. FREEMON
             100 Pine Street, Suite 2600
7            San Francisco, CA  94111
             Telephone:  415/288-4545
8            415/288-4534 (fax)

9            Lead Counsel for Plaintiffs

   DATED:  April 7, 2010      O'MELVENY & MYERS LLP
10                            MEREDITH N. LANDY
                              PETE SNOW
11

12
                                    /s/ MEREDITH N. LANDY
13                                  MEREDITH N. LANDY

14           2765 Sand Hill Road
             Menlo Park, CA  94025
15           Telephone:  650/473-2600
             650/473-2601 (fax)
16
             O'MELVENY & MYERS LLP
17           GEORGE A. RILEY
             Two Embarcadero Center, 28th Floor
18           San Francisco, CA  94111
             Telephone:  415/984-8700
19           415/984-8701 (fax)

20           Attorneys for Defendants The PMI Group, Inc.,
             L. Stephen Smith, Bradley M. Shuster, David H.
21           Katkov and Donald P. Lofe, Jr.

22        I, DANIEL S. DROSMAN, am the ECF User whose ID and password are being used to file

23   this Stipulated Protective Order.  In compliance with General Order No. 45, X.B., I hereby attest that

24   Meredith N. Landy of O'Melveny & Myers LLP has concurred in this filing.

25                                    /s/ DANIEL S. DROSMAN
                                      DANIEL S. DROSMAN
26

27                      *        *        *

28

511164_1    STIPULATED PROTECTIVE ORDER - 3:08-cv-01405-SI                        - 11 -

1

**O R D E R**

2

    IT IS SO ORDERED.

3

4

DATED: _____    _____
THE HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER - 3:08-cv-01405-SI

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *In re The PMI Group, Inc. Securities Litigation*, Case No. 3:08-cv-01405-SI.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:                                              _____

City and state where sworn
and signed:                                    _____

Printed name:                               _____

Signature:                                     _____

1        <u>CERTIFICATE OF SERVICE</u>

2        I hereby certify that on April 7, 2010, I electronically filed the foregoing with the Clerk of the

3   Court using the CM/ECF system which will send notification of such filing to the e-mail addresses

4   denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the

5   foregoing document or paper via the United States Postal Service to the non-CM/ECF participants

6   indicated on the attached Manual Notice List.

7        I certify under penalty of perjury under the laws of the United States of America that the

8   foregoing is true and correct.  Executed on April 7, 2010.

9
                                         /s/ DANIEL S. DROSMAN
10                                       DANIEL S. DROSMAN

11                                       ROBBINS GELLER RUDMAN
                                            & DOWD LLP
12                                       655 West Broadway, Suite 1900
                                         San Diego, CA  92101-3301
13                                       Telephone:  619/231-1058
                                         619/231-7423 (fax)
14
                                         E-mail:  ddrosman@rgrdlaw.com
15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Mailing Information for a Case 3:08-cv-01405-SI

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Daniel S. Drosman**
  DanD@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Lawrence Timothy Fisher**
  ltfisher@bramsonplutzik.com,dschroeder@bramsonplutzik.com

- **Meredith N. Landy**
  mlandy@omm.com,vtran@omm.com,sfolchi@omm.com,mpaul@omm.com,jcoakley@omm.com

- **Jeffrey W. Lawrence**
  jeffreyl@rgrdlaw.com,khuang@rgrdlaw.com,e_file_sd@rgrdlaw.com,jdecena@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@rgrdlaw.com,khuang@rgrdlaw.com,gfreemon@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Alan Roth Plutzik**
  aplutzik@bramsonplutzik.com

- **Port Authority of Allegheny County Retirement and Disability Allowance Plan for Employees Represented by Local 85 of the Amalgamated Transit Union**
  sward@barrack.com

- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com

- **Darren Jay Robbins**
  e_file_sd@rgrdlaw.com

- **Samuel M. Ward**
  sward@barrack.com,lxlamb@barrack.com,kisbell@barrack.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,khuang@rgrdlaw.com,travisd@rgrdlaw.com,cwood@rgrdlaw.com,e_file_sd@rgrdlaw.com,jdecena@rgrdlaw.com,e_file_sf@rgrdlaw.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Catherine J Kowalewski
Lerach Coughlin et al LLP
655 W Broadway #1900
San Diego, CA 92101

Alan R. Plutzik
Barroway Topaz Kessler Meltzer & Check LLP
2125 Oak Grove Road
Suite 120
Walnut Creek, CA 94598

Dhaivat H. Shah
O'Melveny & Myers LLP
2765 Sand Hill Road
Menlo Park, CA 94025

David C. Walton
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway
Suite 1900
San Diego, CA 92101-3301
```