1  ROBBINS GELLER RUDMAN
      & DOWD LLP
2  KEITH F. PARK (54275)
   DANIEL S. DROSMAN (200643)
3  655 West Broadway, Suite 1900
   San Diego, CA  92101
4  Telephone:  619/231-1058
   619/231-7423 (fax)
5  keithp@rgrdlaw.com
   ddrosman@rgrdlaw.com
6        – and –
   DANIEL J. PFEFFERBAUM (248631)
7  PHILLIP G. FREEMON (242062)
   Post Montgomery Center
8  One Montgomery Street, Suite 1800
   San Francisco, CA  94104
9  Telephone:  415/288-4545
   415/288-4534 (fax)
10 dpfefferbaum@rgrdlaw.com
   gfreemon@rgrdlaw.com
11
   Lead Counsel for Plaintiffs
12
                    UNITED STATES DISTRICT COURT
13
                   NORTHERN DISTRICT OF CALIFORNIA
14
   In re THE PMI GROUP, INC. SECURITIES  )  Master File No. 3:08-cv-01405-SI
15 LITIGATION                            )
   _____   )  CLASS ACTION
16                                        )
   This Document Relates To:             )  STIPULATION OF SETTLEMENT
17                                        )
        ALL ACTIONS.                      )
18 _____   )
19
20
21
22
23
24
25
26
27
28

572602_2

1     This Stipulation of Settlement dated as of August 30, 2010 (the "Stipulation"), is made and

2  entered into by and among: (i) the Lead Plaintiff Locals 302 and 612 of the International Union of

3  Operating Engineers-Employers Construction Industry Retirement Trust (on behalf of itself and each

4  of the Class Members), by and through its counsel of record in the Litigation; and (ii) Defendants

5  The PMI Group, Inc., L. Stephen Smith, Bradley M. Shuster, David H. Katkov and Donald P. Lofe,

6  Jr., by and through their counsel of record in the Litigation.   The Stipulation is intended to fully,

7  finally, and forever resolve, discharge, and settle the Released Claims (as defined herein), subject to

8  the approval of the Court and the terms and conditions set forth in this Stipulation.

9  **I.     THE LITIGATION**

10     The initial complaint in this case was filed as *Weinrib v. The PMI Group, Inc., et al.*, No.

11  CV-08-01405-SI in the Northern District of California on March 12, 2008.  A substantially identical

12  class action case, *Holt v. The PMI Group, Inc., et al.*, No. C-08-01806-SC, was filed in the Northern

13  District of California on April 3, 2008.  These cases were consolidated by a Court Order dated April

14  17, 2008, and were subsequently captioned as *In re The PMI Group, Inc. Securities Litigation* under

15  the case number C-08-01405-SI.  *See* Docket Nos. 7-8.  Following the appointment of Locals 302

16  and 612 of the International Union of Operating Engineers-Employers Construction Industry

17  Retirement Trust as Lead Plaintiff on June 20, 2008, Lead Plaintiff filed the Consolidated Complaint

18  for Violation of the Federal Securities Laws ("CC").  The CC alleged that the defendants violated

19  §§10(b) and 20(a) of the Securities Exchange Act of 1934.  Defendants moved to dismiss the CC on

20  October 14, 2008.  On July 1, 2009, the Court granted in part and denied in part defendants' motion

21  to dismiss the CC.  Lead Plaintiff filed the First Amended Complaint for Violation of the Federal

22  Securities Laws ("FAC") on July 24, 2009.  Defendants moved to dismiss the FAC on September 2,

23  2009.  On November 2, 2009, Judge Illston denied defendants' motion to dismiss the FAC.

24     On May 6, 2010, Lead Plaintiff filed a motion for class certification.  Defendants did not

25  oppose the motion for class certification.   The parties attended a mediation session with the

26  Honorable Layn R. Phillips, a former United States District Judge for the Western District of

27  Oklahoma, in San Francisco on June 10, 2010.   Prior to the mediation, each side submitted

28  comprehensive mediation statements setting forth the strengths and weaknesses of their case.  The

first mediation session, lasting approximately eight hours, did not result in a settlement, however the mediator continued to engage the parties in ongoing settlement discussions. On July 13, 2010, after more than eight hours of further mediation, the parties reached an agreement in principle and signed a memorandum of understanding. Pursuant to Judge Illston's Pretrial Preparation Order of February 23, 2010, the close of non-expert discovery in this case was set for January 28, 2011. Trial is set for October 3, 2011. Additional pre-trial dates are set forth in a scheduling order issued by Judge Illston.

## II. DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims alleged by the Lead Plaintiff in the Litigation. Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. Defendants also have denied and continue to deny, among other allegations, the allegations that the Lead Plaintiff or the Class have suffered any damage, that the price of PMI common stock was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, or that the Lead Plaintiff or the Class were harmed by the conduct alleged in the FAC. Defendants believe that the evidence developed to date supports their position that they acted properly at all times and that the Litigation is without merit.

Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Litigation. Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III. CLAIMS OF THE LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT

The Lead Plaintiff believes that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims. However, the Lead Plaintiff and its counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute

the Litigation against Defendants through trial and through appeals.  The Lead Plaintiff and its counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Litigation, as well as the difficulties and delays inherent in such litigation.  The Lead Plaintiff and its counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation.  The Lead Plaintiff and its counsel believe that the settlement set forth in the Stipulation confers substantial benefits upon the Class.  Based on their evaluation, the Lead Plaintiff and its counsel have determined that the settlement set forth in the Stipulation is in the best interests of the Lead Plaintiff and the Class.

**IV.      TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Lead Plaintiff (for itself and the Class Members) and the Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

**1.      Definitions**

As used in the Stipulation the following terms have the meanings specified below:

1.1      "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2      "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.3      "Class" means all Persons (other than those Persons who timely and validly request exclusion from the Class) who purchased or otherwise acquired the common stock of The PMI Group, Inc. during the period from November 2, 2006 to March 3, 2008, inclusive, excluding the Defendants herein, members of the immediate family of the Defendants, the directors, officers, subsidiaries and affiliates of The PMI Group, Inc., any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest, and the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded party.

1  1.4 "Class Member" or "Member of the Class" mean a Person who falls within the

2 definition of the Class as set forth in ¶1.3 above.

3  1.5 "Class Period" means the period commencing on November 2, 2006 through and

4 including March 3, 2008.

5  1.6 "Defendants" means The PMI Group, Inc., L. Stephen Smith, Bradley M. Shuster,

6 David H. Katkov and Donald P. Lofe, Jr.

7  1.7 "Effective Date," or the date upon which this settlement becomes "effective," means

8 three (3) business days after the date by which all of the events and conditions specified in ¶7.1 of

9 the Stipulation have been met and have occurred.

10  1.8 "Escrow Agent" means the law firm of Robbins Geller Rudman & Dowd LLP or its

11 successor(s).

12  1.9 "Final" means when the last of the following with respect to the Judgment approving

13 the Stipulation, substantially in the form of Exhibit B attached hereto, shall occur: (i) the expiration

14 of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure

15 59(e) without any such motion having been filed; (ii) the time in which to appeal the Judgment has

16 passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an

17 appeal is taken, immediately after the determination of that motion or appeal so that it is no longer

18 subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a

19 court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise in such a manner as

20 to permit the consummation of the settlement substantially in accordance with the terms and

21 conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall include any petition

22 for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of

23 this settlement, but shall not include any appeal which concerns only the issue of attorneys' fees and

24 expenses, the Plan of Allocation of the Settlement Fund, as hereinafter defined, or the procedures for

25 determining Authorized Claimants' recognized claims.

26  1.10 "Individual Defendants" means L. Stephen Smith, Bradley M. Shuster, David H.

27 Katkov and Donald P. Lofe, Jr.

28

1      1.11   "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be

2 rendered by the Court, substantially in the form attached hereto as Exhibit B.

3      1.12   "Lead Counsel" means: Robbins Geller Rudman & Dowd LLP, Keith F. Park, Daniel

4 S. Drosman, 655 W. Broadway, Suite 1900, San Diego, CA 92101; and Robbins Geller Rudman &

5 Dowd LLP, Daniel J. Pfefferbaum, Phillip G. Freemon, Post-Montgomery Center, One Montgomery

6 Street, Suite 1800, San Francisco, CA 94104.

7      1.13   "Lead Plaintiff" means Locals 302 and 612 of the International Union of Operating

8 Engineers-Employers Construction Industry Retirement Trust.

9      1.14   "Litigation" means the consolidated actions under case number 3:08-cv-01405-SI.

10      1.15   "Net Settlement Fund" means the Settlement Fund less any attorneys' fees, costs, and

11 expenses, and any award to Lead Plaintiff, provided for herein or approved by the Court and less

12 notice and administration costs, Taxes and Tax Expenses, and other Court-approved deductions.

13      1.16   "Person" means an individual, corporation, partnership, limited partnership,

14 association, joint stock company, estate, legal representative, trust, unincorporated association,

15 government or any political subdivision or agency thereof, and any business or legal entity and their

16 spouses, heirs, predecessors, successors, representatives, or assignees.

17      1.17   "Plaintiffs" means the Lead Plaintiff and the Class.

18      1.18   "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund

19 whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses

20 of notice and administration of the settlement, Taxes and Tax Expenses, and such attorneys' fees,

21 costs, expenses, and interest, as well as Lead Plaintiff's expenses, if any, as may be awarded by the

22 Court. Any Plan of Allocation is not part of the Stipulation and neither Defendants nor their Related

23 Parties shall have any responsibility or liability with respect thereto.

24      1.19   "PMI" means The PMI Group, Inc.

25      1.20   "Related Parties" means each of a Defendant's past or present directors, officers,

26 employees, partners, insurers, co-insurers, reinsurers, controlling shareholders, attorneys,

27 accountants or auditors, personal or legal representatives, predecessors, successors, parents,

28 subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, any entity

1  in which a Defendant has a controlling interest, any members of any Individual Defendant's

2  immediate family, or any trust of which any Individual Defendant is the settlor or which is for the

3  benefit of any Individual Defendant's family.

4       1.21   "Released Claims" shall collectively mean any and all claims arising from the

5  purchase or other acquisition of PMI common stock during the Class Period and the acts, facts,

6  statements or omissions that were or could have been alleged in the Litigation. "Released Claims"

7  includes "Unknown Claims" as defined in ¶1.26 hereof. Released Claims does not include any of

8  the claims asserted in *The Port Authority of Allegheny County Retirement and Disability Allowance*

9  *Plan for Employees Represented by Local 85 of the Amalgamated Transit Union v. Smith, et al.*, No.

10  CV 08-2046, filed in the United States District Court for the Northern District of California, or

11  *Torres, Derivatively on Behalf of The PMI Group, Inc. v. Smith, et al.*, filed in the Superior Court of

12  the State of California, County of Contra Costa, Case No. MSC-08−01068, or any ERISA claims.

13       1.22   "Released Persons" means each and all of the Defendants and their Related Parties.

14       1.23   "Settlement Amount" means Thirty-One Million Two Hundred Fifty Thousand

15  Dollars ($31,250,000) in cash to be paid by wire transfer to the Escrow Agent pursuant to ¶2.1 of

16  this Stipulation.

17       1.24   "Settlement Fund" means the Settlement Amount plus all interest and accretions

18  thereto and which may be reduced by payments or deductions as provided herein or by Court order.

19       1.25   "Settling Parties" means, collectively, the Defendants and the Plaintiffs.

20       1.26   "Unknown Claims" means any Released Claims which Lead Plaintiff or Class

21  Members do not know or suspect to exist in his, her, or its favor at the time of the release of the

22  Released Persons which, if known by him, her, or it, might have affected his, her, or its settlement

23  with and release of the Released Persons, or might have affected his, her, or its decision not to object

24  to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and

25  agree that, upon the Effective Date, the Lead Plaintiff shall expressly waive and each of the Class

26  Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived

27  the provisions, rights, and benefits of California Civil Code §1542, which provides:

28

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Lead Plaintiff shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. The Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Lead Plaintiff shall expressly settle and release and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

### 2. The Settlement

#### a. The Settlement Fund

2.1   Defendants or their counsel shall cause their Insurers to transfer the principal amount of $31,250,000 in cash to the Escrow Agent within twenty (20) business days after preliminary approval of the settlement by the Court, provided that if Lead Counsel have not provided all required funding information and a tax identification number before the Court grants preliminary approval, the twenty (20) days shall not begin to run until Lead Counsel provides the required funding information and tax identification number. If the entire Settlement Amount is not timely transferred to the Escrow Agent, Lead Counsel may terminate the settlement only if (i) Lead Counsel has

1    notified Defendants' counsel in writing of Lead Counsel's intention to terminate the settlement and

2    (ii) the entire Settlement Amount is not transferred to the Escrow Agent within ten (10) days after

3    Lead Counsel has provided such written notice.

4                   **b.**     **The Escrow Agent**

5          2.2     The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.1

6    hereof in short term United States Agency or Treasury Securities or other instruments backed by the

7    Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the

8    United States Government or an Agency thereof and shall reinvest the proceeds of these instruments

9    as they mature in similar instruments at their then-current market rates.  All risks related to the

10   investment of the Settlement Fund in accordance with the investment guidelines set forth in this

11   paragraph shall be borne by the Settlement Fund.

12         2.3     The Escrow Agent shall not disburse the Settlement Fund except as provided in the

13   Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

14         2.4     Subject to further order(s) and/or directions as may be made by the Court, or as

15   provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are

16   consistent with the terms of the Stipulation.

17         2.5     All funds held by the Escrow Agent shall be deemed and considered to be in custodia

18   legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such

19   funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20         2.6     Without further order of the Court, the Settlement Fund may be used by Lead Counsel

21   to pay reasonable costs and expenses actually incurred in connection with providing notice to the

22   Class, locating Class Members, soliciting claims, assisting with the filing of claims, administering

23   and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and

24   Release forms, and paying escrow fees and costs, if any.

25                  **c.**     **Taxes**

26         2.7     (a)     The Settling Parties and the Escrow Agent agree to treat the Settlement Fund

27   as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.  In

28   addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out

1   the provisions of this ¶2.7, including the "relation-back election" (as defined in Treas. Reg. §1.468B-
2   1) back to the earliest permitted date.  Such elections shall be made in compliance with the
3   procedures and requirements contained in such regulations.  It shall be the responsibility of the
4   Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature
5   by all necessary parties, and thereafter to cause the appropriate filing to occur.

6                    (b)      For the purpose of §1.468B of the Internal Revenue Code of 1986, as
7   amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow
8   Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns
9   necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns
10  described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the election described in ¶2.7(a)
11  hereof) shall be consistent with this ¶2.7 and in all events shall reflect that all Taxes (including any
12  estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out
13  of the Settlement Fund as provided in ¶2.7(c) hereof.

14                   (c)      All (a) Taxes (including any estimated Taxes, interest or penalties)
15  arising with respect to the income earned by the Settlement Fund, including any Taxes or tax
16  detriments that may be imposed upon the Defendants or their counsel with respect to any income
17  earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a
18  "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and
19  costs incurred in connection with the operation and implementation of this ¶2.7 (including, without
20  limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and
21  expenses relating to filing (or failing to file) the returns described in this ¶2.7) ("Tax Expenses"),
22  shall be paid out of the Settlement Fund; in all events the Defendants and their counsel shall have no
23  liability or responsibility for the Taxes or the Tax Expenses.  The Escrow Agent, through the
24  Settlement Fund, shall indemnify and hold each of the Defendants and their counsel harmless for
25  Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such
26  indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost
27  of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the
28  Settlement Fund without prior order from the Court and the Escrow Agent shall be authorized

1   (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized

2   Claimants any funds necessary to pay such amounts including the establishment of adequate reserves

3   for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under

4   Treas. Reg. §1.468B-2(l)(2)); neither the Defendants nor their counsel are responsible nor shall they

5   have any liability for any Taxes or Tax Expenses.  The parties hereto agree to cooperate with the

6   Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary

7   to carry out the provisions of this ¶2.7.

8           **d.      Termination of Settlement**

9           2.8     In the event that the Stipulation is not approved or the Stipulation is terminated,

10  canceled, or fails to become effective for any reason, the Settlement Fund (including accrued

11  interest) less expenses paid, incurred or due and owing in connection with the settlement provided

12  for herein, shall be refunded pursuant to written instructions from counsel to the Defendants (in

13  accordance with ¶7.4 herein).

14  **3.      Preliminary Approval Order and Settlement Hearing**

15          3.1     Promptly after execution of the Stipulation, the Settling Parties shall submit the

16  Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the

17  "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting,

18  inter alia, the preliminary approval of the settlement set forth in the Stipulation, and approval for the

19  mailing of a settlement notice (the "Notice") and publication of a summary notice, substantially in

20  the forms of Exhibits A-1 and A-3 attached hereto.  The Notice shall include the general terms of the

21  settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee

22  and Expense Application, as defined in ¶6.1 hereof, and the date of the Settlement Hearing as

23  defined below.

24          3.2     Lead Counsel shall request that after notice is given, the Court hold a hearing (the

25  "Settlement Hearing") and approve the settlement of the Litigation as set forth herein.  At or after the

26  Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of

27  Allocation and the Fee and Expense Application and the Lead Plaintiff's request for reimbursement

28  of expenses, if any.

1    **4.      Releases**

2         4.1     Upon the Effective Date, as defined in ¶1.7 hereof, the Lead Plaintiff and each of the

3    Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally,

4    and forever released, relinquished, and discharged all Released Claims against the Released Persons,

5    whether or not such Class Member executes and delivers the Proof of Claim and Release or shares in

6    the Settlement Fund.

7         4.2     The Proof of Claim and Release to be executed by Class Members shall release all

8    Released Claims against the Released Persons and shall be substantially in the form contained in

9    Exhibit A-2 attached hereto.

10        4.3     Upon the Effective Date, all Class Members and anyone claiming through or on

11   behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting

12   or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration

13   tribunal, or administrative forum, asserting the Released Claims against any of the Released Persons.

14        4.4     Upon the Effective Date, as defined in ¶1.7 hereof, each of the Released Persons shall

15   be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released,

16   relinquished, and discharged the Lead Plaintiff, each and all of the Class Members, and Lead

17   Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection

18   with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released

19   Claims.

20   **5.      Administration and Calculation of Claims, Final Awards and
         Supervision and Distribution of the Settlement Fund**
21
         5.1     The Claims Administrator, subject to such supervision and direction of the Court as
22
     may be necessary or as circumstances may require, shall administer and calculate the claims
23
     submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized
24
     Claimants.
25
         5.2     The Settlement Fund shall be applied as follows:
26
              (a)     to pay all the costs and expenses reasonably and actually incurred in
27
     connection with providing notice, locating Class Members, soliciting Class claims, assisting with the
28

filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any;

(b)  to pay the Taxes and Tax Expenses described in ¶2.7 hereof;

(c)  after entry of the Judgment, to pay counsel to the plaintiffs attorneys' fees and expenses (the "Fee and Expense Award"), and to reimburse the Lead Plaintiff for its expenses, if and to the extent allowed by the Court; and

(d)  after the Effective Date, to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.3    After the Effective Date, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

5.4    Within ninety (90) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.

5.5    Except as otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Settlement Fund is not materially delayed thereby.

5.6    The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the

1    Court.  If there is any balance remaining in the Net Settlement Fund after six (6) months from the
2    initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed
3    checks or otherwise), Lead Counsel shall, if feasible, reallocate such balance among Authorized
4    Claimants in an equitable and economic fashion.  Thereafter, any balance which still remains in the
5    Net Settlement Fund shall be donated to an appropriate non-profit organization.

6        5.7    The Defendants and their Related Parties shall have no responsibility for, interest in,
7    or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of
8    Allocation, the determination, administration, or calculation of claims, the payment or withholding
9    of Taxes, or any losses incurred in connection therewith.  No Person shall have any claim of any
10   kind against the Defendants or their Related Parties with respect to the matters set forth in ¶¶5.1-5.9
11   hereof; and the Class Members, the Lead Plaintiff, and Lead Counsel release the Defendants and
12   their Related Parties from any and all liability and claims arising from or with respect to the
13   investment or distribution of the Settlement Fund.

14       5.8    No Person shall have any claim against the Lead Plaintiff, Lead Counsel or the
15   Claims Administrator, or any other Person designated by Lead Counsel based on distributions made
16   substantially in accordance with the Stipulation and the settlement contained herein, the Plan of
17   Allocation, or further order(s) of the Court.

18       5.9    It is understood and agreed by the Settling Parties that any proposed Plan of
19   Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an
20   Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered
21   by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy
22   of the settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of
23   Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's
24   Judgment approving the Stipulation and the settlement set forth therein, or any other orders entered
25   pursuant to the Stipulation.

26   **6.    Lead Plaintiff's Counsel's Attorneys' Fees and Expenses**

27       6.1    Lead Counsel may submit an application or applications (the "Fee and Expense
28   Application") for distributions to Lead Counsel from the Settlement Fund for: (a) an award of

attorneys' fees; plus (b) expenses incurred in connection with prosecuting the Litigation, plus any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court. Lead Counsel reserve the right to make additional applications for fees and expenses incurred.

6.2    The fees and expenses, as awarded by the Court, shall be paid to Lead Counsel, as ordered, immediately after the Court executes an order awarding such fees and expenses and enters the Judgment. Lead Counsel may thereafter allocate the attorneys' fees among other plaintiffs' counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation.

6.3    In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and in the event that the provisional reimbursement described in ¶6.1 or the Fee and Expense Award has been paid to any extent, then such of plaintiffs' counsel who have received any portion of the provisional reimbursement as described in ¶6.1 or the Fee and Expense Award shall within five (5) business days from receiving notice from the Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification. Each such plaintiffs' counsel's law firm receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph. Without limitation, plaintiffs' counsel agree that the Court may, upon application of Defendants and notice to Lead Counsel, summarily issue orders including, but not limited to, judgments and attachment orders, and may make appropriate findings of or sanctions for contempt, should such law firm fail timely to repay fees and expenses pursuant to this ¶6.3.

6.4    The Lead Plaintiff may submit an application for reimbursement of its time and expenses incurred in the prosecution of the Litigation. However, in the event that the Effective Date

1   does not occur, or the judgment or the order approving Lead Plaintiff's application for

2   reimbursement of its time and expenses is reversed or modified, or the Stipulation is canceled or

3   terminated for any other reason, then the Lead Plaintiff shall within five (5) business days from

4   receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the

5   Settlement Fund such reimbursement for time and expenses previously paid to it from the Settlement

6   Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent

7   with such reversal or modification.  Lead Plaintiff, if it receives reimbursement under this paragraph,

8   as a condition of receiving such reimbursement, agrees that it is subject to the jurisdiction of the

9   Court for the purpose of enforcing the provisions of this paragraph.

10          6.5     The procedure for and the allowance or disallowance by the Court of any applications

11   by any plaintiffs' counsel for attorneys' fees and expenses, or the expenses of the Lead Plaintiff, to

12   be paid out of the Settlement Fund, are not part of the settlement set forth in the Stipulation, and are

13   to be considered by the Court separately from the Court's consideration of the fairness,

14   reasonableness, and adequacy of the settlement set forth in the Stipulation, and any order or

15   proceeding relating to the Fee and Expense Application, or the Lead Plaintiff's expense application,

16   or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to

17   terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the

18   Stipulation and the settlement of the Litigation set forth therein.

19          6.6     Defendants and their Related Parties shall have no responsibility for any payment of

20   attorneys' fees and expenses to plaintiffs' counsel over and above payment out of the Settlement

21   Fund.

22          6.7     Defendants and their Related Parties shall have no responsibility for the allocation

23   among plaintiffs' counsel, and/or any other Person who may assert some claim thereto, of any Fee

24   and Expense Award that the Court may make in the Litigation, and the Defendants and their Related

25   Parties take no position with respect to such matters.

26

27

28

7.      **Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)      Defendants' have timely made or caused to be made their contributions to the Settlement Fund, as required by ¶2.1 hereof;

(b)      the Court has entered the Preliminary Approval Order, as required by ¶3.1 hereof;

(c)      PMI has not exercised its option to terminate the Stipulation pursuant to ¶7.3 hereof;

(d)      the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto; and

(e)      the Judgment has become Final, as defined in ¶1.9 hereof.

7.2     Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of the Defendants or the Defendants' Insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If it becomes clear that all of the conditions specified in ¶7.1 hereof cannot or will not be met, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Lead Counsel and counsel for the Defendants mutually agree in writing to proceed with the Stipulation.

7.3     PMI shall have the option to terminate the settlement in the event that Class Members who purchased in the aggregate more than a certain number of shares of PMI common stock during the Class Period choose to exclude themselves from the Class, as set forth in a separate agreement (the "Supplemental Agreement") executed between Lead Counsel and PMI's counsel.  The Supplemental Agreement will not be filed with the Court unless a dispute among the Settling Parties concerning its interpretation or application arises and in that event, the Supplemental Agreement shall be filed and maintained by the Court under seal.

7.4     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written

1   notification of such event is sent by counsel for the Defendants or Lead Counsel to the Escrow

2   Agent, the Settlement Fund (including accrued interest), less expenses which have either been

3   disbursed pursuant to ¶¶2.6 and 2.7 hereof, or are determined to be chargeable to the Settlement

4   Fund, shall be refunded by the Escrow Agent directly to the entities that provided the funds based on

5   their pro rata contribution to the Settlement Fund.  The Escrow Agent or its designee shall apply for

6   any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or

7   expenses incurred in connection with such application(s) for refund.

8       7.5    In the event that the Stipulation is not approved by the Court or the settlement set

9   forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the

10  Settling Parties shall be restored to their respective positions in the Litigation as of July 12, 2010. In

11  such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.26, 2.6-2.8,

12  6.3-6.4, 7.4-7.6, and 8.3 hereof, shall have no further force and effect with respect to the Settling

13  Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any

14  judgment or order entered by the Court in accordance with the terms of the Stipulation shall be

15  treated as vacated, nunc pro tunc.  No order of the Court or modification or reversal on appeal of any

16  order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs,

17  expenses, and interest awarded by the Court to any of plaintiffs' counsel or expenses to the Lead

18  Plaintiff shall constitute grounds for cancellation or termination of the Stipulation.

19      7.6    If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its

20  terms, neither the Lead Plaintiff nor any of its counsel shall have any obligation to repay any

21  amounts actually and properly disbursed pursuant to ¶2.6.  In addition, any expenses already

22  incurred pursuant to ¶2.6 hereof at the time of such termination or cancellation but which have not

23  been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to

24  the balance being refunded in accordance with ¶¶2.8 and 7.4 hereof.

25      **8.    Miscellaneous Provisions**

26      8.1    The Settling Parties (a) acknowledge that it is their intent to consummate this

27  agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement

28

1    all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the

2    foregoing terms and conditions of the Stipulation.

3       8.2    The Settling Parties intend this settlement to be a final and complete resolution of all

4    disputes between them with respect to the Litigation.  The settlement compromises claims which are

5    contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or

6    defense.  The Final Judgment will contain a finding that, during the course of the Litigation, the

7    parties and their respective counsel at all times complied with the requirements of Federal Rule of

8    Civil Procedure 11.  The Settling Parties agree that the Settlement Amount and the other terms of the

9    settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was

10   reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve

11   their right to rebut, in a manner that such party determines to be appropriate, any contention made in

12   any public forum that the Litigation was brought or defended in bad faith or without a reasonable

13   basis.

14      8.3    Neither the Stipulation nor the settlement contained therein, nor any act performed or

15   document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be

16   deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim,

17   or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used

18   as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil,

19   criminal or administrative proceeding in any court, administrative agency or other tribunal.  The

20   Defendants may file the Stipulation and/or the Judgment in any action that may be brought against

21   them in order to support a defense or counterclaim based on principles of res judicata, collateral

22   estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim

23   preclusion or issue preclusion or similar defense or counterclaim.

24      8.4    All agreements made and orders entered during the course of the Litigation relating to

25   the confidentiality of information shall survive this Stipulation.

26      8.5    All of the Exhibits to the Stipulation are material and integral parts hereof and are

27   fully incorporated herein by this reference.

28

1      8.6    The Stipulation may be amended or modified only by a written instrument signed by

2  or on behalf of all Settling Parties or their respective successors-in-interest.

3      8.7    The Stipulation and the Exhibits attached hereto and the Supplemental Agreement

4  constitute the entire agreement among the parties hereto and no representations, warranties or

5  inducements have been made to any party concerning the Stipulation or its Exhibits other than the

6  representations, warranties and covenants contained and memorialized in such documents.  Except

7  as otherwise provided herein, each party shall bear its own costs.

8      8.8    Lead Counsel, on behalf of the Class, is expressly authorized by the Lead Plaintiff to

9  take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation

10  to effectuate its terms and also are expressly authorized to enter into any modifications or

11  amendments to the Stipulation on behalf of the Class which they deem appropriate.

12      8.9    Each counsel or other Person executing the Stipulation or any of its Exhibits on

13  behalf of any party hereto hereby warrants that such Person has the full authority to do so.

14      8.10    The Stipulation may be executed in one or more counterparts.  All executed

15  counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of

16  original executed counterparts shall be filed with the Court.

17      8.11    The Stipulation shall be binding upon, and inure to the benefit of, the successors and

18  assigns of the parties hereto.

19      8.12    The Court shall retain jurisdiction with respect to implementation and enforcement of

20  the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes

21  of implementing and enforcing the settlement embodied in the Stipulation.

22      8.13    This Stipulation and the Exhibits hereto shall be considered to have been negotiated,

23  executed and delivered, and to be wholly performed, in the State of California, and the rights and

24  obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and

25  governed by, the internal, substantive laws of the State of California without giving effect to that

26  State's choice-of-law principles.

27

28

1    IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by

2  their duly authorized attorneys, dated as of August 30, 2010.

3                                          ROBBINS GELLER RUDMAN
                                             & DOWD LLP
4                                          KEITH F. PARK
                                           DANIEL S. DROSMAN
5

6
                                                         s/ Keith F. Park
7                                          _____
                                                       KEITH F. PARK
8
                                           655 West Broadway, Suite 1900
9                                          San Diego, CA 92101
                                           Telephone: 619/231-1058
10                                         619/231-7423 (fax)

11                                         ROBBINS GELLER RUDMAN
                                             & DOWD LLP
12                                         DANIEL J. PFEFFERBAUM
                                           PHILLIP G. FREEMON
13                                         Post Montgomery Center
                                           One Montgomery Street, Suite 1800
14                                         San Francisco, CA 94104
                                           Telephone: 415/288-4545
15                                         415/288-4534 (fax)

16                                         Lead Counsel for Plaintiffs

17                                         O'MELVENY & MYERS LLP
                                           MEREDITH N. LANDY
18

19
                                           _____
20                                                     MEREDITH N. LANDY

21                                         2765 Sand Hill Road
                                           Menlo Park, CA 94025
22                                         Telephone: 650/473-2600
                                           650/473-2601(fax)

23                                         O'MELVENY & MYERS LLP
                                           GEORGE A. RILEY
24                                         Two Embarcadero Center, 28th Floor
                                           San Francisco, CA 94111
25                                         Telephone: 415/984-8700
                                           415/984-8701 (fax)
26
                                           Attorneys for Defendants
27

28

STIPULATION OF SETTLEMENT - 3:08-cv-01405-SI                                    - 20 -

1    IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by

2  their duly authorized attorneys, dated as of August __, 2010.

3                                    ROBBINS GELLER RUDMAN
                                       & DOWD LLP
4                                    KEITH F. PARK
                                     DANIEL S. DROSMAN
5

6

7                                    _____
                                            KEITH F. PARK
8
                                     655 West Broadway, Suite 1900
                                     San Diego, CA  92101
9                                    Telephone:  619/231-1058
                                     619/231-7423 (fax)
10
                                     ROBBINS GELLER RUDMAN
11                                     & DOWD LLP
                                     DANIEL J. PFEFFERBAUM
12                                   PHILLIP G. FREEMON
                                     100 Pine Street, Suite 2600
13                                   San Francisco, CA  94111
                                     Telephone:  415/288-4545
14                                   415/288-4534 (fax)

15                                   Lead Counsel for Plaintiffs

16                                   O'MELVENY & MYERS LLP
                                     MEREDITH N. LANDY
17

18                                   _____
                                           MEREDITH N. LANDY
19
20                                   2765 Sand Hill Road
                                     Menlo Park, CA  94025
21                                   Telephone:  650/473-2600
                                     650/473-2601(fax)
22
                                     O'MELVENY & MYERS LLP
23                                   GEORGE A. RILEY
                                     Two Embarcadero Center, 28th Floor
24                                   San Francisco, CA  94111
                                     Telephone:  415/984-8700
25                                   415/984-8701 (fax)

26                                   Attorneys for Defendants

27

28

1

<u>CERTIFICATE OF SERVICE</u>

2    I hereby certify that on August 31, 2010, I authorized the electronic filing of the foregoing

3  with the Clerk of the Court using the CM/ECF system which will send notification of such filing to

4  the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I

5  caused to be mailed the foregoing document or paper via the United States Postal Service to the non-

6  CM/ECF participants indicated on the attached Manual Notice List.

7    I further certify that I caused this document to be forwarded to the following Designated

8  Internet Site at:  http://securities.stanford.edu.

9    I certify under penalty of perjury under the laws of the United States of America that the

10  foregoing is true and correct.  Executed on August 31, 2010.

11

  s/ Keith F. Park
12                                                    KEITH F. PARK

13                                                    ROBBINS GELLER RUDMAN
                                                      & DOWD LLP
14                                                    655 West Broadway, Suite 1900
                                                      San Diego, CA  92101-3301
15                                                    Telephone:  619/231-1058
                                                      619/231-7423 (fax)
16                                                    E-mail:KeithP@rgrdlaw.com

17

18

19

20

21

22

23

24

25

26

27

28

572602_2

## Mailing Information for a Case 3:08-cv-01405-SI

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Daniel S. Drosman**
  DanD@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Lawrence Timothy Fisher**
  ltfisher@bramsonplutzik.com,dschroeder@bramsonplutzik.com

- **Catherine J. Kowalewski**
  katek@rgrdlaw.com

- **Meredith N. Landy**
  mlandy@omm.com,vtran@omm.com,sfolchi@omm.com,mpaul@omm.com,jcoakley@omm.com

- **Jeffrey W. Lawrence**
  jeffreyl@rgrdlaw.com,khuang@rgrdlaw.com,e_file_sd@rgrdlaw.com,jdecena@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@rgrdlaw.com,khuang@rgrdlaw.com,gfreemon@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Alan Roth Plutzik**
  aplutzik@bramsonplutzik.com

- **Port Authority of Allegheny County Retirement and Disability Allowance Plan for Employees Represented by Local 85 of the Amalgamated Transit Union**
  sward@barrack.com

- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com

- **Darren Jay Robbins**
  e_file_sd@rgrdlaw.com

- **David Conrad Walton**
  davew@rgrdlaw.com

- **Samuel M. Ward**
  sward@barrack.com,lxlamb@barrack.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,khuang@rgrdlaw.com,travisd@rgrdlaw.com,cwood@rgrdlaw.com,e_file_sd@rgrdlaw.com,jdecena@rgrdlaw.com,e_file_sf@rgrdlaw.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Alan R. Plutzik
Barroway Topaz Kessler Meltzer & Check LLP
2125 Oak Grove Road
Suite 120
Walnut Creek, CA 94598

Dhaivat H. Shah
O'Melveny & Myers LLP
2765 Sand Hill Road
Menlo Park, CA 94025
```