ROBBINS GELLER RUDMAN
  & DOWD LLP
KEITH F. PARK (54275)
DANIEL S. DROSMAN (200643)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
keithp@rgrdlaw.com
ddrosman@rgrdlaw.com
   – and –
DANIEL J. PFEFFERBAUM (248631)
PHILLIP G. FREEMON (242062)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
dpfefferbaum@rgrdlaw.com
gfreemon@rgrdlaw.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re THE PMI GROUP, INC. SECURITIES LITIGATION | Master File No. 3:08-cv-01405-SI <br><br> <u>CLASS ACTION</u> |
| This Document Relates To: <br><br> ALL ACTIONS. | LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND CERTIFICATION OF A SETTLEMENT CLASS, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF <br><br> TO BE HEARD OR HEARING SET AT THE CASE MANAGEMENT CONFERENCE SCHEDULED FOR SEPTEMBER 3, 2010 AT 3:00 P.M. <br><br> DATE:    To Be Set <br> TIME:    To Be Set <br> COURTROOM:  The Honorable Susan Illston |

575452_1

**TABLE OF CONTENTS**

Page

STATEMENT OF ISSUES TO BE DECIDED .................................................................................1

I.   INTRODUCTION ...............................................................................................................1

II.  BACKGROUND .................................................................................................................2

III. SUMMARY OF SETTLEMENT ........................................................................................4

IV.  THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL.............4

     A.  Standards for Preliminary Approval ........................................................................4

     B.  The Court Should Grant Preliminary Approval .......................................................5

V.   A CLASS SHOULD BE CERTIFIED FOR SETTLEMENT PURPOSES ........................8

VI.  THE PROPOSED NOTICE IS ADEQUATE .....................................................................9

VII. PROPOSED SCHEDULE OF EVENTS ...........................................................................11

VIII. CONCLUSION .................................................................................................................12

# TABLE OF AUTHORITIES

Page

**CASES**

Amchem Prods., Inc. v. Windsor,
    521 U.S. 591 (1997) .................................................................................................. 9

Class Plaintiffs v. City of Seattle,
    955 F.2d 1268 (9th Cir. 1992) .................................................................................. 5

Cotton v. Hinton,
    559 F.2d 1326 (5th Cir. 1977) .................................................................................. 6

In re Broadcom Corp. Sec. Litig.,
    No. SACV 01-275 DT (MLGx), 2005 U.S. Dist. LEXIS 41983
    (C.D. Cal. Sept. 12, 2005) .................................................................................... 5, 6

In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.,
    MDL No. 901, 1992 U.S. Dist. LEXIS 14337
    (C.D. Cal. June 10, 1992) ......................................................................................... 6

In re Heritage Bond Litig.,
    No. 02-ML-1475-DT, 2005 U.S. Dist. LEXIS 13555
    (C.D. Cal. June 10, 2005) ......................................................................................... 5

In re Mercury Interactive Corp. Sec. Litig.,
    No. 08-17372, 2010 U.S. App. LEXIS 17189
    (9th Cir. Aug. 18, 2010) ............................................................................................ 9

Kirkorian v. Borelli,
    695 F. Supp. 446 (N.D. Cal. 1988) ........................................................................... 6

Officers for Justice v. Civil Serv. Comm'n,
    688 F.2d 615 (9th Cir. 1982) ............................................................................ 4, 5, 6

Petrovic v. Amoco Oil Co.,
    200 F.3d 1140 (8th Cir. 1999) .................................................................................. 4

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
    §78j(b) .................................................................................................................. 2, 6
    §78t(a) ....................................................................................................................... 2
    §78u-4(a)(7) ............................................................................................................ 10

| | Page |
|---|---|
| **Federal Rules of Civil Procedure** | |
| Rule 23 | 9 |
| Rule 23(a) | 8 |
| Rule 23(b)(3) | 8 |
| Rule 23(e) | 4, 5, 8 |
| Rule 23(e)(1) | 9 |
| Rule 23(e)(2) | 5 |
| Rule 23(h) | 9 |
| Rule 23(h)(1) | 9 |
| Rule 26(f) | 3 |
| **17 C.F.R.** | |
| §240.10b-5 | 2, 7 |

**SECONDARY AUTHORITIES**

| | |
|---|---|
| 5 James Wm. Moore, *Moore's Federal Practice* (3d ed. 2002) | |
| §23.85[2][b] | 6 |
| *Manual for Complex Litigation* (4th ed. 2004) | |
| §13.14 | 4, 5 |

1  TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD

2      PLEASE TAKE NOTICE that on September 3, 2010, at 3:00 p.m. or such other date and
3  time set by the Court, in the Courtroom of the Honorable Susan Illston, United States District Judge,
4  United States District Court, Northern District of California, 450 Golden Gate Avenue, San
5  Francisco, California 94102, Lead Plaintiff will and hereby does move for preliminary approval of
6  the settlement of the above-captioned action and certification of a settlement class This motion is
7  based upon the Memorandum of Points and Authorities in Support of Motion for Preliminary
8  Approval of Settlement and Certification of a Settlement Class, the Stipulation of Settlement dated
9  as of August 30, 2010 ("Stipulation") and filed with the Court,[1] and all other pleadings and matters
10 of record. The PMI Group, Inc. and the Individual Defendants join in this motion.

11                   **STATEMENT OF ISSUES TO BE DECIDED**

12     1.    Should the settlement of this securities class action between the Lead Plaintiff and
13 The PMI Group Inc. and the Individual Defendants be preliminarily approved by the Court and
14 notice of the settlement and related matters be sent to Class Members?

15     2.    Should a class be certified for settlement purposes?

16                  **MEMORANDUM OF POINTS AND AUTHORITIES**

17 **I.    INTRODUCTION**

18     The parties (consisting of the Lead Plaintiff, The PMI Group Inc., and the Individual
19 Defendants) have entered into the Stipulation which provides for the resolution of the action for
20 $31,250,000. Lead Plaintiff submits this Memorandum in support of its motion for entry of an
21 order: (a) preliminarily approving the settlement; (b) certifying a class for settlement purposes only;
22 (c) scheduling a hearing to consider final approval of the settlement, the Plan of Allocation, and
23 Lead Counsel's application for attorneys' fees and expenses and Lead Plaintiff's expenses (including
24 lost wages); and (d) authorizing the form and manner of notice to be sent to the Class advising Class
25 Members of these matters and their rights with respect thereto.

26 _____

27 [1]    Capitalized terms not defined herein have the same meaning as set forth in the Stipulation.
28

For the reasons set forth herein, Lead Plaintiff respectfully urges the Court to enter the [Proposed] Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order"), submitted herewith.

## II. BACKGROUND

This is an action on behalf of purchasers or acquirers of The PMI Group, Inc.'s ("PMI" or the "Company") common stock during the period from November 2, 2006 to March 3, 2008, inclusive (the "Class Period"), asserting violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.[2] Defendants are PMI and its top officers, who Lead Plaintiff alleges made or are otherwise responsible for false and misleading statements and omissions regarding PMI's operations and financial results.[3] These allegedly false and misleading statements improperly inflated PMI's stock price during the Class Period to the damage of Plaintiffs.

The initial complaint in this case was filed in the Northern District of California on March 12, 2008 (the "Court"), and, in accordance with the Private Securities Litigation Reform Act of 1995 ("PSLRA"), all discovery in the case was stayed pending a decision on Defendants' motions to dismiss. Following the appointment of Locals 302 and 612 of the International Union of Operating Engineers-Employers Construction Industry Retirement Trust as Lead Plaintiff on June 20, 2008, the Trust filed the Consolidated Complaint for Violation of the Federal Securities Laws ("CC"). Defendants moved to dismiss the CC on October 14, 2008. On July 1, 2009 the Court granted in part and denied in part Defendants' motion to dismiss the CC. Lead Plaintiff filed the First Amended Complaint for Violation of the Federal Securities Laws ("FAC") on July 24, 2009,

---

[2] "Plaintiffs" refer to all purchasers or acquirers of PMI stock during the Class Period. "Lead Plaintiff" or the "Trust" refers to the Lead Plaintiff Locals 302 and 612 of the International Union of Operating Engineers-Employers Construction Industry Retirement Trust.

[3] The Individual Defendants are CEO and Chairman of the Board of Directors, L. Stephen Smith ("Smith"), President, International and Strategic Investments of PMI, and President and CEO of PMI Capital Corporation, Bradley M. Shuster ("Shuster"), EVP and COO David H. Katkov ("Katkov") and EVP and CFO, Donald P. Lofe, Jr. ("Lofe").

which remedied the deficiencies in the CC. Defendants moved to dismiss the FAC on September 2, 2009. On November 2, 2009, the Court denied Defendants' motion to dismiss the FAC.

Pursuant to Federal Rule of Civil Procedure 26(f), counsel for Lead Plaintiff and Defendants conferred during November and December 2009 and February 2010. On January 11, 2010, Lead Plaintiff served its first request for the production of documents on Defendants. After multiple telephonic meet and confers, Defendants began to produce responsive documents. On May 27, 2010, Lead Plaintiff served its second request for production of documents on the Defendants. To date, Defendants have produced approximately 45,000 pages of documents. Lead Counsel began reviewing and analyzing these documents as they were produced on a rolling basis. On June 11, 2010, Defendants took the deposition of the Lead Plaintiff, through its 30(b)(6) designee, Malcolm Auble. Lead Plaintiff also served a subpoena on PMI's outside auditor, Ernst & Young LLP ("E&Y"), seeking the production of documents. The parties engaged in a series of meet-and-confer sessions with counsel for E&Y in an effort to resolve any objections to the subpoena. However, the proposed settlement was reached before E&Y was scheduled to begin producing responsive documents.

On May 6, 2010, Lead Plaintiff filed a motion for class certification. In support of the motion, Lead Plaintiff submitted the Declaration of Bjorn I. Steinholt, CFA, an expert on the efficiency of the market for PMI common stock. Defendants took Mr. Steinholt's deposition on June 14, 2010. Ultimately, Defendants did not oppose Lead Plaintiff's motion for class certification. The motion for class certification remains under submission with the Court. Pursuant to this Court's Pretrial Preparation Order of February 23, 2010, the close of non-expert discovery in this case is set for January 23, 2011. Trial is set for October 3, 2011.

On June 10, 2010, the parties attended a mediation session with the Honorable Layn R. Phillips, a former United States District Judge for the Western District of Oklahoma, in San Francisco, California. The Lead Plaintiff, through its counsel, and the Defendants, through their counsel, submitted comprehensive mediation statements setting forth the strengths and weaknesses of their case and defenses. The first mediation session lasted approximately eight hours, but did not result in a settlement. Thereafter, Judge Phillips continued to discuss settlement with the parties. On

July 13, 2010, at Judge Phillips' request, the parties met in New York for a second mediation session. After a lengthy mediation session in New York, the parties reached an agreement in principle to settle the case and signed a memorandum of understanding, which evolved into the Stipulation.

## III. SUMMARY OF SETTLEMENT

Defendants have agreed to pay the sum of $31,250,000 in cash to resolve this litigation. The settlement proceeds will be transferred to an interest-bearing escrow account within 20 business days after preliminary approval of the settlement by the Court.

## IV. THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

### A. Standards for Preliminary Approval

Consensual settlements are the preferred means of dispute resolution in complex class action litigation. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982) ("[I]t must not be overlooked that voluntary conciliation and settlement are the preferred means of dispute resolution."). Indeed, such agreements should be deemed presumptively valid. *See Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1148 (8th Cir. 1999) ("'[a] strong public policy favors [settlement] agreements, and courts should approach them with a presumption in their favor'") (citation omitted).

Federal Rule of Civil Procedure 23(e) requires judicial approval for the compromise of claims brought on a class basis. Approval of a class action settlement under Rule 23(e) involves a two-step process: first, a "preliminary approval" order; and second, after notice of the proposed settlement has been provided to the class and a hearing has been held to consider the fairness, reasonableness, and adequacy of the proposed settlement, a "final approval" order or judgment. *See Manual for Complex Litigation* §13.14 (4th ed. 2004). At the final approval hearing, the Court will have before it more detailed papers submitted in support of final approval of the proposed settlement and only then will it be asked to make a final determination as to whether the settlement is fair, reasonable, and adequate under all the circumstances. At this time, Lead Plaintiff requests only that the Court grant preliminary approval of the settlement.

### B. The Court Should Grant Preliminary Approval

The initial decision to approve a settlement is committed to the sound discretion of the trial court. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992) (citing *Officers for Justice*, 688 F.2d at 625). To grant preliminary approval, the court need only determine that the proposed settlement is "sufficient to warrant public notice and a hearing" regarding final approval. *Manual for Complex Litigation, supra*, §13.14, at 173. The proposed settlement is, without question, entitled to preliminary approval.

Although Rule 23(e) does not set forth standards by which a proposed settlement is to be evaluated, the court should conclude that the proposed settlement, taken as a whole, is fair, adequate, and reasonable. Fed. R. Civ. P. 23(e)(2); *see also Officers for Justice*, 688 F.2d at 625; *Class Plaintiffs*, 955 F.2d at 1291. Reference to the factors considered by the courts in granting final approval of class action settlements lends support to Lead Plaintiff's belief that the proposed settlement is well within the range of possible approval. In *Officers for Justice*, the Ninth Circuit set out the factors that the trial court should consider in assessing whether a proposed settlement is fair, reasonable, and adequate. These factors include

> the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Officers for Justice*, 688 F.2d at 625.

First, "'a presumption of correctness is said to attach to a class settlement reached in arm's-length negotiations between experienced counsel after meaningful discovery.'" *In re Broadcom Corp. Sec. Litig.*, No. SACV 01-275 DT (MLGx), 2005 U.S. Dist. LEXIS 41983, at *17 (C.D. Cal. Sept. 12, 2005) (quoting *In re Heritage Bond Litig.*, No. 02-ML-1475-DT, 2005 U.S. Dist. LEXIS 13555, at *32 (C.D. Cal. June 10, 2005)). The proposed settlement in this case is the product of arm's-length negotiations conducted by experienced counsel and mediated by the Honorable Layn R. Phillips, a retired federal judge and respected mediator. Accordingly, the fairness, adequacy, and reasonableness of the proposed settlement may be presumed.

Second, an evaluation of the benefits of settlement must be tempered by a recognition that any compromise involves concessions on the part of the settling parties. Indeed, "the very essence of a settlement is compromise, 'a yielding of absolutes and an abandoning of highest hopes.'" *Officers for Justice*, 688 F.2d at 624 (citation omitted). As the Fifth Circuit noted in *Cotton v. Hinton*, 559 F.2d 1326 (5th Cir. 1977):

> The trial court should not make a proponent of a proposed settlement "justify each term of settlement against a hypothetical or speculative measure of what concessions might have been gained."

*Id.* at 1330 (citation omitted).

While Lead Plaintiff believes that it could prevail on liability and damages, Defendants have raised serious questions concerning the viability of Lead Plaintiff's claims. Both sides recognize the possibility that they would not prevail on their claims or defenses. The proposed settlement eliminates the substantial risk of no recovery for the Class.

Third, courts recognize that the opinion of experienced counsel supporting the settlement is entitled to considerable weight. *Broadcom*, 2005 U.S. Dist. LEXIS 41983, at *16 ("'[g]reat weight [should be] accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation'") (citation omitted); *In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*, MDL No. 901, 1992 U.S. Dist. LEXIS 14337, at *8 (C.D. Cal. June 10, 1992) (finding that counsel's belief that the proposed settlement represented the most beneficial result for the class was a compelling factor in approving settlement); *Kirkorian v. Borelli*, 695 F. Supp. 446, 451 (N.D. Cal. 1988) (opinion of experienced counsel is entitled to considerable weight). Lead Counsel (as well as the Lead Plaintiff) fully support the settlement and it is their informed opinion that, given the risks associated with pursuing this matter through trial, the settlement is fair, reasonable, and adequate and in the best interests of the Class.

Finally, another "'important consideration in judging the reasonableness of a settlement is the strength of the plaintiffs' case on the merits balanced against the amount offered in the settlement.'" *See Broadcom*, 2005 U.S. Dist. LEXIS 41983, at *12 (quoting 5 James Wm. Moore, *Moore's Federal Practice* §23.85[2][b] (3d ed. 2002)). This factor also weighs in favor of granting preliminary approval of the settlement. In this case, Lead Plaintiff alleged violations of §10(b) of the

575452_1

LEAD PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT,
CERTIFICATION OF A SETTLEMENT CLASS AND MEMORANDUM - 3:08-cv-01405-SI    - 6 -

1  Exchange Act and Rule 10b-5 promulgated thereunder. While Lead Plaintiff firmly believes that it
2  had a strong case on liability, Lead Plaintiff also recognizes that establishing liability at trial was by
3  no means guaranteed.

4  Indeed, to this day, Defendants adamantly deny any wrongdoing. Defendants were prepared
5  to argue at trial that they did not act with the requisite scienter, and that Lead Plaintiff could not
6  demonstrate loss causation – both key elements of Lead Plaintiff's §10(b) and Rule 10b-5 claims.
7  Proving scienter and loss causation would have been a significant hurdle to Lead Plaintiff's chances
8  of succeeding at trial. At the mediation, Defendants argued that Lead Plaintiff would be unable to
9  establish multiple elements of its securities claim. First, Defendants argued that Lead Plaintiff
10 would be unable to establish the falsity of Defendants' Class Period statements regarding: i) FGIC,
11 ii) delegated underwriting, iii) loss reserves, and iv) risk management. Defendants characterized the
12 collapse of the housing market in late 2007 as an unprecedented "perfect storm" which was not
13 predicted by economists, analysts, and participants. In response to Lead Plaintiff's allegations that
14 Defendants had internal reports and metrics which rendered their statements to the market knowingly
15 false and misleading, Defendants maintained that they disclosed negative information as it developed
16 and could not be held liable for failing to foresee the speed and depth of the coming housing market
17 collapse. In support of their argument that their statements were truthful, Defendants pointed to the
18 loan default rate decline in April 2007, Defendants' disclosure that defaults were increasing in July
19 2007, Defendants' pre-announcement of losses in October 2007, and that their outside auditor
20 approved the valuation of FGIC at year-end 2007. Because their statements were truthful,
21 Defendants argued, Lead Plaintiff would also be unable to demonstrate scienter.

22 Second, Defendants asserted that Lead Plaintiff would be unable to prove loss causation.
23 Defendants contended that loss causation requires a corrective disclosure which directly reveals the
24 fraud alleged – a standard disputed by Lead Plaintiff. Defendants characterized the partial
25 disclosures as revealing increased losses, increased default rates, and lowered earnings guidance –
26 but not the fraud alleged, including deviations from historical business practices, manipulation of
27 loss reserves or the failure to write down FGIC. Additionally, Defendants argued that the Company
28

was subject to an industry-wide downturn which equally affected most, if not all, of its competitors – thus rebutting the allegation that the stock price declined as a result of fraud.

Third, Defendants argued that the risk disclosures in their SEC filings immunized their forward-looking statements. Defendants contended that their earnings guidance and loss reserves were not actionable in light of the meaningful cautionary language which accompanied these statements.

Finally, Defendants contended that their insider trading activity during the Class Period rebutted any inference of motive to defraud investors. Defendants asserted that all of their stock sales were made pursuant to 10b-5(1) trading plans and that certain Defendants increased their holdings during the Class Period, conduct inconsistent with any fraudulent intent.

Moreover, if not for the proposed settlement, this case would have continued through full discovery, dispositive motions, and to trial. Even if Lead Plaintiff did prevail at trial, Defendants would undoubtedly appeal, resulting in further delay and the risk of reversal. The proposed settlement confers a substantial and immediate benefit on the Class, while eliminating the very real risk of no recovery.

In sum, the proposed settlement is the product of serious, informed, non-collusive negotiations and well within the range of possible approval. Lead Counsel and the Lead Plaintiff firmly believe that the proposed settlement merits this Court's final approval. At this time, however, the Court is only being asked to permit notice of the terms of the settlement to be sent to the Class and schedule a hearing, under Federal Rule of Civil Procedure 23(e), to consider any views expressed by Class Members on the fairness of the settlement.

## V.   A CLASS SHOULD BE CERTIFIED FOR SETTLEMENT PURPOSES

As noted above, on May 6, 2010, Lead Plaintiff filed its motion for class certification. Defendants did not oppose the motion for class certification. The Court has not yet entered the order certifying the class. Lead Plaintiff's motion for class certification and supporting papers established that all of the elements required for certification of a litigation class under Federal Rule of Civil Procedure 23(a) and (b)(3) are satisfied here. By the same token, while the underpinnings of certain Rule 23 elements are different in a settlement class context (*e.g.*, manageability of the case at trial is

not an issue, *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997)), the Court should not hesitate to certify a class for settlement purposes.

VI. **THE PROPOSED NOTICE IS ADEQUATE**

Federal Rule of Civil Procedure 23(e)(1) requires that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal" (*i.e.*, the proposed settlement). Here, the parties negotiated the form of the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") to be disseminated to all persons who fall within the definition of the Class and whose names and addresses have been or can be identified from or through PMI's stock transfer records. In addition, the Claims Administrator will send the Notice to entities which commonly hold securities in "street name" as nominees for the benefit of their customers who are the beneficial purchasers of the securities. The parties further propose to supplement the mailed Notice with a Summary Notice published in *Investor's Business Daily*. The Notice and Summary Notice are attached to the Stipulation as Exhibits A-1 and A-3.

In addition, Rule 23(h)(1) requires that "[n]otice of the motion [for attorneys' fees] must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner." Fed. R. Civ. P. 23(h)(1). Here, the Notice satisfies the requirements of Rule 23(h)(1), as it notifies Class Members that Plaintiffs' Lead Counsel will apply to the Court for attorneys' fees of 24.5% of the Settlement Fund and expenses not to exceed $300,000.00, and expenses of the Lead Plaintiff of up to $2,500.00, to be paid from the Settlement Fund.[4]

Furthermore, in securities class actions, the PSLRA requires the notice of settlement to include: (1) "[t]he amount of the settlement proposed to be distributed to the parties to the action, determined in the aggregate and on an average per share basis;" (2) "[i]f the parties do not agree on the average amount of damages per share that would be recoverable if the plaintiff prevailed on each

---

[4] Consistent with Federal Rule of Civil Procedure 23(h) and the Ninth Circuit's recent decision in *In re Mercury Interactive Corp. Sec. Litig.*, No. 08-17372, 2010 U.S. App. LEXIS 17189 (9th Cir. Aug. 18, 2010), Lead Plaintiff and Lead Counsel propose to file the formal pleadings regarding any fee and expense application well in advance of any deadline for Class Member objections.

claim alleged under this chapter, a statement from each settling party concerning the issue or issues on which the parties disagree;" (3) "a statement indicating which parties or counsel intend to make . . . an application [for attorneys' fees or costs], the amount of fees and costs that will be sought (including the amount of such fees and costs determined on an average per share basis), and a brief explanation supporting the fees and costs sought;" (4) "[t]he name, telephone number, and address of one or more representatives of counsel for the plaintiff class who will be reasonably available to answer questions from class members;" and (5) "[a] brief statement explaining the reasons why the parties are proposing the settlement." 15 U.S.C. §78u-4(a)(7). The Notice includes all of the information required by the PSLRA, as well as additional relevant information.

The proposed form of notice describes the settlement and sets forth the amount of the Settlement Fund; states the parties' disagreement over damages and liability; sets out the amount of attorneys' fees and expenses that Lead Counsel and Lead Plaintiff intend to seek in connection with final settlement approval; and describes the Plan of Allocation. In addition, the Notice explains the nature, history, and status of the Litigation; sets forth the definition of the Class; states the Class's claims and issues; discusses the rights of persons who fall within the definition of the Class; and summarizes the reasons the parties are proposing the settlement.

Further, for those Class Members who wish to participate in the settlement, the Notice and the Proof of Claim and Release form that will accompany it provide detailed instructions on the process for completing and submitting a Proof of Claim and Release form. The Notice also provides the name, mailing address, and website for the Claims Administrator. The Summary Notice informs Class Members that copies of the Notice and Proof of Claim and Release form may be obtained by writing the Claims Administrator, or by accessing the documents on the Claims Administrator's website.

Finally, the Notice sets forth the date, time, and place of the final approval hearing, along with the procedures for commenting on the settlement and includes the addresses for the Court, Lead Counsel, and counsel for all Defendants.

## VII. PROPOSED SCHEDULE OF EVENTS

In connection with preliminary approval of the settlement, the Court must set a final approval hearing date, dates for mailing the Notice and publication of the Summary Notice and deadlines for objecting to the settlement, and filing papers in support of the settlement. Lead Plaintiff proposes the following schedule:

| | |
|---|---|
| Notice mailed to Class ("Notice Date") | 14 days after entry of the Notice Order |
| Summary Notice Published | 7 days after the Notice Date |
| Date for filing papers in support of the settlement, Plan of Allocation, or request for an award of attorneys' fees and expenses | 14 days after the Notice Date |
| Deadline for objecting to the settlement, Plan of Allocation, or request for an award of attorneys' fees and expenses | 40 days after the Notice Date |
| Reply papers in support of the settlement, Plan of Allocation, or request for an award of attorneys' fees and expenses | 50 days after the Notice Date |
| Final approval hearing | At the Court's Convenience |
| Last day for submitting Proof of Claim and Release forms | 90 days after the Notice Date |

## VIII. CONCLUSION

At this time, the Court is being asked to permit notice of the terms of the settlement to be sent to the Class and to schedule a hearing to consider any views by Class Members concerning the fairness of the Stipulation, the Plan of Allocation of settlement proceeds, and Lead Counsel's and Lead Plaintiff's request for an award of attorneys' fees and expenses. Lead Plaintiff respectfully requests that the proposed settlement be preliminarily approved by the Court and the Notice Order entered.

DATED: August 31, 2010

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
KEITH F. PARK
DANIEL S. DROSMAN

        s/ Daniel S. Drosman
      DANIEL S. DROSMAN

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL J. PFEFFERBAUM
PHILLIP G. FREEMON
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2010, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I further certify that I caused this document to be forwarded to the following Designated Internet Site at:  http://securities.stanford.edu.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 31, 2010.

    s/ Keith F. Park
    KEITH F. PARK

    ROBBINS GELLER RUDMAN
            & DOWD LLP
    655 West Broadway, Suite 1900
    San Diego, CA  92101-3301
    Telephone:  619/231-1058
    619/231-7423 (fax)
    E-mail: KeithP@rgrdlaw.com

575452_1

## Mailing Information for a Case 3:08-cv-01405-SI

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Daniel S. Drosman**
  DanD@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Lawrence Timothy Fisher**
  ltfisher@bramsonplutzik.com,dschroeder@bramsonplutzik.com

- **Catherine J. Kowalewski**
  katek@rgrdlaw.com

- **Meredith N. Landy**
  mlandy@omm.com,vtran@omm.com,sfolchi@omm.com,mpaul@omm.com,jcoakley@omm.com

- **Jeffrey W. Lawrence**
  jeffreyl@rgrdlaw.com,khuang@rgrdlaw.com,e_file_sd@rgrdlaw.com,jdecena@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@rgrdlaw.com,khuang@rgrdlaw.com,gfreemon@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Alan Roth Plutzik**
  aplutzik@bramsonplutzik.com

- **Port Authority of Allegheny County Retirement and Disability Allowance Plan for Employees Represented by Local 85 of the Amalgamated Transit Union**
  sward@barrack.com

- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com

- **Darren Jay Robbins**
  e_file_sd@rgrdlaw.com

- **David Conrad Walton**
  davew@rgrdlaw.com

- **Samuel M. Ward**
  sward@barrack.com,lxlamb@barrack.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,khuang@rgrdlaw.com,travisd@rgrdlaw.com,cwood@rgrdlaw.com,e_file_sd@rgrdlaw.com,jdecena@rgrdlaw.com,e_file_sf@rgrdlaw.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Alan R. Plutzik
Barroway Topaz Kessler Meltzer & Check LLP
2125 Oak Grove Road
Suite 120
Walnut Creek, CA 94598

Dhaivat H. Shah
O'Melveny & Myers LLP
2765 Sand Hill Road
Menlo Park, CA 94025
```