1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

11

NORTHERN DISTRICT OF CALIFORNIA

12

| | | |
|---|---|---|
| In re THE PMI GROUP, INC. SECURITIES LITIGATION | ) ) ) | Master File No. 3:08-cv-01405-SI |
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) | [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |
| ALL ACTIONS. | ) ) ) | |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

572629_2

1    WHEREAS, a consolidated action is pending before this Court styled *In re The PMI Group,*

2 *Inc. Securities Litigation*, Master File No. 3:C-08-cv-01405-SI (the "Action");

3    WHEREAS, the parties having made application, pursuant to Federal Rule of Civil

4 Procedure 23(e), for an order approving the settlement of this Action, in accordance with a

5 Stipulation of Settlement dated as of August 30, 2010 (the "Stipulation"), which, together with the

6 exhibits annexed thereto, set forth the terms and conditions for a proposed settlement of the Action

7 and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and

8 the Court having read and considered the Stipulation and the exhibits annexed thereto; and

9    WHEREAS, all defined terms herein have the same meanings as set forth in the Stipulation.

10    NOW, THEREFORE, IT IS HEREBY ORDERED:

11    1.    The Court does hereby preliminarily approve the Stipulation and the settlement set

12 forth therein, subject to further consideration at the Final Approval Hearing described below.

13    2.    The Court hereby certifies a Class, for settlement purposes only, defined as: "All

14 Persons (other than those Persons who timely and validly request exclusion from the Class) who

15 purchased or otherwise acquired the common stock of The PMI Group, Inc. during the period from

16 November 2, 2006 to March 3, 2008, inclusive, excluding the Defendants herein, members of the

17 immediate family of the Defendants, the directors, officers, subsidiaries and affiliates of The PMI

18 Group, Inc., any person, firm, trust, corporation, officer, director or other individual or entity in

19 which any Defendant has a controlling interest, and the legal representatives, affiliates, heirs,

20 successors-in-interest or assigns of any such excluded party."

21    3.    A hearing (the "Final Approval Hearing") shall be held before this Court on

22 _____, 2010, at _____ ___.m., at the United States District Court for the Northern

23 District of California, Phillip Burton United States Courthouse, 450 Golden Gate Avenue, San

24 Francisco, CA 94102, to determine whether the proposed settlement of the Action on the terms and

25 conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be

26 approved by the Court; whether a Judgment as provided in ¶1.11 of the Stipulation should be

27 entered; whether the proposed Plan of Allocation should be approved; and to determine the amount

28 of fees and expenses that should be awarded to Lead Counsel and reimbursement of expenses to

1  Lead Plaintiff.  The Court may adjourn the Final Approval Hearing without further notice to the

2  Members of the Class.

3      4.      The Court approves, as to form and content, the Notice of Pendency and Proposed

4  Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of

5  Claim"), and Summary Notice annexed as Exhibits A-1, A-2, and A-3 hereto and finds that the

6  mailing and distribution of the Notice and publishing of the Summary Notice substantially in the

7  manner and form set forth in ¶¶5-6 of this Order meet the requirements of Federal Rule of Civil

8  Procedure 23 and due process, and is the best notice practicable under the circumstances and shall

9  constitute due and sufficient notice to all Persons entitled thereto.

10     5.      The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to

11  supervise and administer the notice procedure as well as the processing of claims as more fully set

12  forth below:

13          (a)     Lead Counsel shall make reasonable efforts to identify all Persons who are

14  Members of the Class and not later than _____, 2010 (the "Notice Date"), Lead Counsel

15  shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as

16  Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Class Members who can be

17  identified with reasonable effort;

18          (b)     Not later than _____, 2010, Lead Counsel shall cause the

19  Summary Notice to be published once in *Investor's Business Daily*; and

20          (c)     At least seven (7) calendar days prior to the Final Approval Hearing, Lead

21  Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit

22  or declaration, of such mailing and publishing.

23     6.      Nominees who purchased the common stock of PMI for the beneficial ownership of

24  Class Members during the Class Period shall send the Notice and the Proof of Claim to all beneficial

25  owners of such PMI common stock within ten (10) days after receipt thereof, or send a list of the

26  names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of

27  receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of

28  Claim to such beneficial owners.  Lead Counsel shall, if requested, reimburse banks, brokerage

ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE
- 3:08-cv-01405-SI                                                                                    - 2 -

1  houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing

2  notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses

3  would not have been incurred except for the sending of such Notice, subject to further order of this

4  Court with respect to any dispute concerning such compensation.

5        7.     All Members of the Class shall be bound by all determinations and judgments in the

6  Litigation concerning the settlement, whether favorable or unfavorable to the Class.

7        8.     Class Members who wish to participate in the settlement shall complete and submit

8  Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders

9  otherwise, all Proof of Claim forms must be postmarked no later than ninety (90) days from the

10  Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time

11  provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund,

12  unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead Counsel may, in their

13  discretion, accept late-submitted claims for processing by the Claims Administrator so long as

14  distribution of the Net Settlement Fund is not materially delayed thereby.

15        9.     Any Member of the Class may enter an appearance in the Litigation, at their own

16  expense, individually or through counsel of their own choice. If they do not enter an appearance,

17  they will be represented by Lead Counsel.

18        10.    Any Person falling within the definition of the Class may, upon request, be excluded

19  from the Class. Any such Person must submit to the Claims Administrator a request for exclusion

20  ("Request for Exclusion"), postmarked no later than _____, 2010. A Request for Exclusion

21  must state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) each

22  of the Person's purchases, acquisitions and sales of PMI common stock made during the Class

23  Period, including the dates of purchase, acquisition or sale, the number of shares purchased, acquired

24  and/or sold, and the price paid or received per share for each such purchase, acquisition or sale; and

25  (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely

26  Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the

27  Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by

28  the Stipulation or the Judgment entered in the Litigation.

ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE
- 3:08-cv-01405-SI                                                        - 3 -

11.     Any Member of the Class may appear and show cause, if he, she or it has any, why the proposed settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to counsel for the plaintiffs, or why the expenses of the Lead Plaintiff should or should not be awarded; provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by first class mail written objections and copies of any papers and briefs such that they are received on or before _____, 2010, by Robbins Geller Rudman & Dowd LLP, Keith F. Park, 655 W. Broadway, Suite 1900, San Diego, CA 92101; O'Melveny & Myers LLP, Meredith N. Landy, 2765 Sand Hill Road, Menlo Park, CA 94025, and filed said objections, papers, and briefs with the Clerk of the United States District Court for the Northern District of California, San Francisco Division, on or before _____, 2010.  Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to counsel for the plaintiffs or expenses of the Lead Plaintiff, unless otherwise ordered by the Court.

12.     All funds held by the Escrow Agent shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

13.     All opening briefs and supporting documents in support of the settlement, the Plan of Allocation, and any application by counsel for the plaintiffs for attorneys' fees and expenses or by Lead Plaintiff for reimbursement of its expenses shall be filed and served by _____, 2010. Replies to any objections shall be filed and served by _____, 2010.

14.     Neither the Defendants and their Related Parties nor the Defendants' counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by plaintiffs' counsel or the Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

1    15.    At or after the Final Approval Hearing, the Court shall determine whether the Plan of

2    Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of

3    expenses shall be approved.

4    16.    All reasonable expenses incurred in identifying and notifying Class Members, as well

5    as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the

6    settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiff

7    nor any of its counsel shall have any obligation to repay any amounts incurred or properly disbursed

8    pursuant to ¶¶2.6 or 2.7 of the Stipulation.

9    17.    Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations

10   or proceedings connected with it, shall be construed as an admission or concession by the

11   Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or

12   wrongdoing of any kind.

13   18.    The Court reserves the right to adjourn the date of the Final Approval Hearing

14   without further notice to the Members of the Class, and retains jurisdiction to consider all further

15   applications arising out of or connected with the proposed settlement.  The Court may approve the

16   settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate,

17   without further notice to the Class.

18   19.    If the Stipulation and the settlement set forth therein is not approved or consummated

19   for any reason whatsoever, the Stipulation and settlement and all proceedings had in connection

20   therewith shall be without prejudice to the rights of the Settling Parties status quo ante.

21   IT IS SO ORDERED.

22

23   DATED: _____

                                THE HONORABLE SUSAN ILLSTON
24                              UNITED STATES DISTRICT JUDGE

25

26

27

28

ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE
- 3:08-cv-01405-SI                                                                          - 5 -

1  Submitted by:

2  ROBBINS GELLER RUDMAN
       & DOWD LLP
3  KEITH F. PARK
   DANIEL S. DROSMAN

4

5  _____s/ Keith F. Park_____
                KEITH F. PARK
6
   655 West Broadway, Suite 1900
7  San Diego, CA  92101
   Telephone:  619/231-1058
8  619/231-7423 (fax)

9  ROBBINS GELLER RUDMAN
       & DOWD LLP
10 DANIEL J. PFEFFERBAUM
   PHILLIP G. FREEMON
11 Post Montgomery Center
   One Montgomery Street, Suite 1800
12 San Francisco, CA  94104
   Telephone:  415/288-4545
13 415/288-4534 (fax)

14 Lead Counsel for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE
- 3:08-cv-01405-SI                                                    - 6 -

# EXHIBIT A-1

1  ROBBINS GELLER RUDMAN
      & DOWD LLP
2  KEITH F. PARK (54275)
   DANIEL S. DROSMAN (200643)
3  655 West Broadway, Suite 1900
   San Diego, CA  92101
4  Telephone:  619/231-1058
   619/231-7423 (fax)
5  keithp@rgrdlaw.com
   ddrosman@rgrdlaw.com
6         – and –
   DANIEL J. PFEFFERBAUM (248631)
7  PHILLIP G. FREEMON (242062)
   Post Montgomery Center
8  One Montgomery Street, Suite 1800
   San Francisco, CA  94104
9  Telephone:  415/288-4545
   415/288-4534 (fax)
10  dpfefferbaum@rgrdlaw.com
   gfreemon@rgrdlaw.com
11
   Lead Counsel for Plaintiffs
12
                    UNITED STATES DISTRICT COURT
13
                    NORTHERN DISTRICT OF CALIFORNIA
14
15  In re THE PMI GROUP, INC. SECURITIES    )   Master File No. 3:08-cv-01405-SI
   LITIGATION                              )
16  ─────────────────────────────────────  )   CLASS ACTION
                                           )
17  This Document Relates To:               )   NOTICE OF PENDENCY AND PROPOSED
                                           )   SETTLEMENT OF CLASS ACTION
18       ALL ACTIONS.                       )
   ─────────────────────────────────────  )   EXHIBIT A-1
19
20
21
22
23
24
25
26
27
28

572642_2

TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF THE PMI GROUP, INC. ("PMI") FROM NOVEMBER 2, 2006 TO MARCH 3, 2008, INCLUSIVE

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") POSTMARKED ON OR BEFORE _____, 2010.

IF YOU DO NOT WISH TO BE INCLUDED IN THE CLASS AND YOU DO NOT WISH TO PARTICIPATE IN THE PROPOSED SETTLEMENT DESCRIBED IN THIS NOTICE, YOU MAY REQUEST TO BE EXCLUDED. TO DO SO, YOU MUST SUBMIT A WRITTEN REQUEST FOR EXCLUSION THAT MUST BE POSTMARKED ON OR BEFORE _____, 2010.

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California (the "Court"). The purpose of this Notice is to inform you of the pendency and proposed settlement of this class action litigation and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the settlement. This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation or the merits of the claims or defenses asserted. This Notice describes the rights you may have in connection with the settlement and what steps you may take in relation to the settlement and this class action litigation.

The proposed settlement creates a fund in the amount of $31,250,000 in cash and will include interest that accrues on the fund prior to distribution. Your ability to recover from the Settlement Fund will depend on a number of variables, including the number of shares of PMI common stock you purchased or acquired during the period from November 2, 2006 through and including March 3, 2008, and the timing of your purchases and any sales. Lead Counsel estimate that if claims representing 100% of the number of securities entitled to participate in a distribution from the Net

1   Settlement Fund are made, the average distribution per share will be approximately $0.21 before

2   deduction of Court-approved fees and expenses.  Typically, claims for less than 100% of eligible

3   securities are submitted to the Claims Administrator and, thus, average distributions are higher than

4   that estimated above.  Lead Plaintiff and the Defendants do not agree on the average amount of

5   damages per share that would be recoverable if the Lead Plaintiff was to have prevailed on each

6   claim alleged.  The issues on which the parties disagree include: (1) the amount by which PMI

7   common stock was allegedly artificially inflated (if at all) during the Class Period; (2) the effect of

8   various market forces influencing the trading price of PMI common stock at various times during the

9   Class Period; (3) the extent to which external factors, such as general market and industry

10  conditions, influenced the trading price of PMI common stock at various times during the Class

11  Period; (4) the extent to which the various matters that Lead Plaintiff alleged were materially false or

12  misleading influenced (if at all) the trading price of PMI common stock at various times during the

13  Class Period; (5) the extent to which the various allegedly adverse material facts that Lead Plaintiff

14  alleged were omitted influenced (if at all) the trading price of PMI common stock at various times

15  during the Class Period; and (6) whether the statements made or facts allegedly omitted were

16  material, false, misleading or otherwise actionable under the securities laws.

17         The Lead Plaintiff believes that the proposed settlement is a good recovery and is in the best

18  interests of the Class.  Because of the risks associated with continuing to litigate and proceeding to

19  trial, there was a danger that the Class would not have prevailed on any of its claims, in which case

20  the Class would receive nothing.  The amount of damages recoverable by the Class was and is

21  challenged by the Defendants.  Recoverable damages in this case are limited to losses caused by

22  conduct actionable under applicable law and, had the Litigation gone to trial, Defendants would have

23  asserted that all or most of the losses of Class Members were caused by non-actionable market,

24  industry or general economic factors.  The Defendants would also assert that throughout the Class

25  Period the uncertainties and risks associated with the purchase of PMI common stock were fully and

26  adequately disclosed.

27         Lead Counsel have not received any payment for their services in conducting this Litigation

28  on behalf of the Lead Plaintiff and the Members of the Class, nor have they been reimbursed for all

1   of their expenses.  If the settlement is approved by the Court, counsel for the plaintiffs will apply to

2   the Court for attorneys' fees of 24.5% of the Settlement Fund plus expenses not to exceed

3   $300,000.00 to be paid from the Settlement Fund.  If the amount requested is approved by the Court,

4   the average cost per share will be $0.05.  In addition, Lead Plaintiff may seek reimbursement of its

5   expenses incurred in prosecuting the Litigation on behalf of the Class in an amount not to exceed

6   $2,500.00.

7           For further information regarding this settlement you may contact a representative of Lead

8   Counsel: Rick Nelson, c/o Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 W.

9   Broadway, Suite 1900, San Diego, CA 92101, Telephone: 800/449-4900.

10  **I.      NOTICE OF HEARING ON PROPOSED SETTLEMENT**

11          A final approval hearing will be held on _____, 2010, at _____ ___.m., before the

12  Honorable Susan Illston, United States District Judge, at the United States District Court for the

13  Northern District of California, Phillip Burton United States Courthouse, 450 Golden Gate Avenue,

14  San Francisco, CA  94102 (the "Final Approval Hearing").  The purpose of the Final Approval

15  Hearing will be to determine: (1) whether the settlement consisting of $31,250,000.00 in cash should

16  be approved as fair, reasonable, and adequate to the Class; (2) whether the proposed plan to

17  distribute the settlement proceeds (the "Plan of Allocation") is fair, reasonable, and adequate; and

18  (3) whether the application by Lead Counsel for an award of attorneys' fees and expenses and

19  reimbursement of the expenses of the Lead Plaintiff should be approved.  The Court may adjourn or

20  continue the Final Approval Hearing without further notice to the Class.

21  **II.     DEFINITIONS USED IN THIS NOTICE**

22          1.      "Authorized Claimant" means any Class Member whose claim for recovery has been

23  allowed pursuant to the terms of the Stipulation.

24          2.      "Claims Administrator" means the firm of Gilardi & Co. LLC.

25          3.      "Class" means all Persons (other than those Persons who timely and validly request

26  exclusion from the Class) who purchased or otherwise acquired the common stock of The PMI

27  Group, Inc. during the period from November 2, 2006 to March 3, 2008, inclusive, excluding the

28  Defendants herein, members of the immediate family of the Defendants, the directors, officers,

1  subsidiaries and affiliates of The PMI Group, Inc., any person, firm, trust, corporation, officer,

2  director or other individual or entity in which any Defendant has a controlling interest, and the legal

3  representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded party.

4      4.    "Class Member" or "Member of the Class" mean a Person who falls within the

5  definition of the Class as set forth above.

6      5.    "Class Period" means the period commencing on November 2, 2006 through and

7  including March 3, 2008.

8      6.    "Defendants" means The PMI Group, Inc., L. Stephen Smith, Bradley M. Shuster,

9  David H. Katkov and Donald P. Lofe, Jr.

10     7.    "Effective Date," or the date upon which this settlement becomes "effective," means

11 three (3) business days after the date by which all of the events and conditions specified in paragraph

12 7.1 of the Stipulation have been met and have occurred.

13     8.    "Final" means when the last of the following with respect to the Judgment approving

14 the Stipulation, substantially in the form of Exhibit B attached to the Stipulation shall occur: (i) the

15 expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil

16 Procedure 59(e) without any such motion having been filed; (ii) the time in which to appeal the

17 Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is

18 filed or if an appeal is taken, immediately after the determination of that motion or appeal so that it is

19 no longer subject to any further judicial review or appeal whatsoever, whether by reason of

20 affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise in

21 such a manner as to permit the consummation of the settlement substantially in accordance with the

22 terms and conditions of the Stipulation.  For purposes of this paragraph, an "appeal" shall include

23 any petition for a writ of certiorari or other writ that may be filed in connection with approval or

24 disapproval of this settlement, but shall not include any appeal which concerns only the issue of

25 attorneys' fees and expenses, the Plan of Allocation of the Settlement Fund, as hereinafter defined,

26 or the procedures for determining Authorized Claimants' recognized claims.

27     9.    "Individual Defendants" means L. Stephen Smith, Bradley M. Shuster, David H.

28 Katkov and Donald P. Lofe, Jr.

1       10.   "Judgment" means the Final Judgment and Order of Dismissal With Prejudice to be

2  rendered by the Court.

3       11.   "Lead Counsel" means: Robbins Geller Rudman & Dowd LLP, Keith F. Park, Daniel

4  S. Drosman, 655 W. Broadway, Suite 1900, San Diego, CA 92101; and Robbins Geller Rudman &

5  Dowd LLP, Daniel J. Pfefferbaum, Phillip G. Freemon, Post-Montgomery Center, One Montgomery

6  Street, Suite 1800, San Francisco, CA 94104.

7       12.   "Lead Plaintiff" means Locals 302 and 612 of the International Union of Operating

8  Engineers-Employers Construction Industry Retirement Trust.

9       13.   "Litigation" means the consolidated actions under case number 3:08-cv-01405-SI.

10       14.   "Net Settlement Fund" means the Settlement Fund less any attorneys' fees, costs, and

11  expenses, and any award to Lead Plaintiff approved by the Court and less notice and administration

12  costs, Taxes and Tax Expenses, and other Court-approved deductions.

13       15.   "Person" means an individual, corporation, partnership, limited partnership,

14  association, joint stock company, estate, legal representative, trust, unincorporated association,

15  government or any political subdivision or agency thereof, and any business or legal entity and their

16  spouses, heirs, predecessors, successors, representatives, or assignees.

17       16.   "Plaintiffs" means the Lead Plaintiff and the Class.

18       17.   "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund

19  whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses

20  of notice and administration of the settlement, Taxes and Tax Expenses, and such attorneys' fees,

21  costs, expenses, and interest, as well as Lead Plaintiff's expenses, if any, as may be awarded by the

22  Court. Any Plan of Allocation is not part of the Stipulation and neither Defendants nor their Related

23  Parties shall have any responsibility or liability with respect thereto.

24       18.   "PMI" means The PMI Group, Inc.

25       19.   "Related Parties" means each of a Defendant's past or present directors, officers,

26  employees, partners, insurers, co-insurers, reinsurers, controlling shareholders, attorneys,

27  accountants or auditors, personal or legal representatives, predecessors, successors, parents,

28  subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, any entity

in which a Defendant has a controlling interest, any members of any Individual Defendant's immediate family, or any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant's family.

20.     "Released Claims" shall collectively mean any and all claims arising from the purchase or other acquisition of PMI common stock during the Class Period and the acts, facts, statements or omissions that were or could have been alleged in the Litigation. "Released Claims" includes "Unknown Claims" as defined below. Released Claims does not include any of the claims asserted in *The Port Authority of Allegheny County Retirement and Disability Allowance Plan for Employees Represented by Local 85 of the Amalgamated Transit Union v. Smith, et al.*, No. CV 08-2046, filed in the United States District Court for the Northern District of California, or *Torres, Derivatively on Behalf of The PMI Group, Inc. v. Smith, et al.*, filed in Superior Court of the State of California, County of Contra Costa, Case No. MSC-08–01068, or any ERISA claims.

21.     "Released Persons" means each and all of the Defendants and their Related Parties.

22.     "Settlement Amount" means Thirty-One Million Two Hundred Fifty Thousand Dollars ($31,250,000) in cash to be paid by wire transfer to the Escrow Agent pursuant to paragraph 2.1 of the Stipulation.

23.     "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto and which may be reduced by payments or deductions as provided in the Stipulation or by Court order.

24.     "Settling Parties" means, collectively, the Defendants and the Plaintiffs.

25.     "Unknown Claims" means any Released Claims which Lead Plaintiff or Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decision not to object to this settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiff shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Lead Plaintiff shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. The Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Lead Plaintiff shall expressly settle and release and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

## III.    THE LITIGATION

The initial complaint in this case was filed as *Weinrib v. The PMI Group, Inc., et al.*, No. CV-08-01405-SI in the Northern District of California on March 12, 2008. A substantially identical class action case, *Holt v. The PMI Group, Inc., et al.*, No. C-08-01806-SC, was filed in the Northern District of California on April 3, 2008. These cases were consolidated by a Court Order dated April 17, 2008, and were subsequently captioned as *In re The PMI Group, Inc. Securities Litigation* under the case number C-08-01405-SI. Following the appointment of Locals 302 and 612 of the International Union of Operating Engineers-Employers Construction Industry Retirement Trust as Lead Plaintiff on June 20, 2008, Lead Plaintiff filed the Consolidated Complaint for Violation of the

1   Federal Securities Laws ("CC").  The CC alleged that the defendants violated §§10(b) and 20(a) of

2   the Securities Exchange Act of 1934.  Defendants moved to dismiss the CC on October 14, 2008.

3   On July 1, 2009, the Court granted in part and denied in part defendants' motion to dismiss the CC.

4   Lead Plaintiff filed the First Amended Complaint for Violation of the Federal Securities Laws

5   ("FAC") on July 24, 2009.  Defendants moved to dismiss the FAC on September 2, 2009.  On

6   November 2, 2009, Judge Illston denied defendants' motion to dismiss the FAC.

7          On May 6, 2010, Lead Plaintiff filed a motion for class certification.  Defendants did not

8   oppose the motion for class certification.  The parties attended a mediation session with the

9   Honorable Layn R. Phillips, a former United States District Judge for the Western District of

10  Oklahoma, in San Francisco on June 10, 2010; each side submitted comprehensive mediation

11  statements setting forth the strengths and weaknesses of their case.  The first mediation session,

12  lasting approximately eight hours, did not result in a settlement, however the mediator continued to

13  engage the parties in ongoing settlement discussions.  On July 13, 2010, after more than eight hours

14  of further mediation, the parties reached an agreement in principle and signed a memorandum of

15  understanding.  Pursuant to Judge Illston's Pretrial Preparation Order of February 23, 2010, the close

16  of non-expert discovery in this case was set for January 28, 2011.  Trial is set for October 3, 2011.

17  Additional pre-trial dates are set forth in a scheduling order issued by Judge Illston.

18  **IV.    CLAIMS OF THE LEAD PLAINTIFF AND BENEFITS OF
        SETTLEMENT**

19
20         The Lead Plaintiff believes that the claims asserted in the Litigation have merit and that the

21  evidence developed to date supports the claims.  However, the Lead Plaintiff and its counsel

    recognize and acknowledge the expense and length of continued proceedings necessary to prosecute
22
    the Litigation against Defendants through trial and through appeals.  The Lead Plaintiff and its
23
    counsel also have taken into account the uncertain outcome and the risk of any litigation, especially
24
    in complex actions such as the Litigation, as well as the difficulties and delays inherent in such
25
    litigation.  The Lead Plaintiff and its counsel also are mindful of the inherent problems of proof
26
    under and possible defenses to the securities law violations asserted in the Litigation.  The Lead
27
    Plaintiff and its counsel believe that the settlement set forth in the Stipulation confers substantial
28

1    benefits upon the Class.  Based on their evaluation, the Lead Plaintiff and its counsel have

2    determined that the settlement set forth in the Stipulation is in the best interests of the Lead Plaintiff

3    and the Class.

4    **V.**      **DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY**

5         Defendants have denied and continue to deny each and all of the claims alleged by the Lead

6    Plaintiff in the Litigation.  Defendants expressly have denied and continue to deny all charges of

7    wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions

8    alleged, or that could have been alleged, in the Litigation.  Defendants also have denied and continue

9    to deny, inter alia, the allegations that the Lead Plaintiff or the Class have suffered damage, that the

10    price of PMI common stock was artificially inflated by reasons of alleged misrepresentations, non-

11    disclosures or otherwise, or that the Lead Plaintiff or the Class were harmed by the conduct alleged

12    in the FAC and the Defendants believe that the evidence developed to date supports their position

13    that they acted properly at all times and that the Litigation is without merit.

14         Nonetheless, Defendants have concluded that further conduct of the Litigation would be

15    protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the

16    manner and upon the terms and conditions set forth in the Stipulation.  Defendants also have taken

17    into account the uncertainty and risks inherent in any litigation, especially in complex cases like the

18    Litigation.  Defendants have, therefore, determined that it is desirable and beneficial to them that the

19    Litigation be settled in the manner and upon the terms and conditions set forth in the Stipulation.

20    **VI.**      **TERMS OF THE PROPOSED SETTLEMENT**

21         Defendants have paid or caused to be paid into an escrow account, pursuant to the terms of

22    the Stipulation of Settlement dated as of August 30, 2010 (the "Stipulation"), cash in the amount of

23    $31,250,000.00 which has been earning and will continue to earn interest for the benefit of the Class.

24    In exchange for such payment, the Released Claims will be released, discharged, and dismissed with

25    prejudice as against each of the Released Persons.

26         A portion of the settlement proceeds will be used for certain administrative expenses,

27    including costs of printing and mailing this Notice, the cost of publishing a newspaper notice,

28    payment of any taxes assessed against the Settlement Fund and costs associated with the processing

1    of claims submitted.  In addition, as explained below, a portion of the Settlement Fund may be

2    awarded by the Court to counsel for plaintiffs as attorneys' fees and expenses.  The balance of the

3    Settlement Fund (the "Net Settlement Fund") will be distributed according to the Plan of Allocation

4    described below to Class Members who submit valid and timely Proof of Claim forms.

5    **VII.    THE RIGHTS OF CLASS MEMBERS**

6           If you are a Class Member, you may receive the benefit of and you will be bound by the

7    terms of the proposed settlement described in §VI of this Notice, upon approval of it by the Court.

8           If you are a Class Member, you have the following options:

9           1.    You may file a Proof of Claim as described below.  If you choose this option, you

10   will remain a Class Member, you will share in the proceeds of the proposed settlement if your claim

11   is timely and valid and if the proposed settlement is finally approved by the Court, and you will be

12   bound by the Judgment and release described below.

13          2.    If you do not wish to be included in the Class and you do not wish to participate in

14   the proposed settlement described in this Notice, you may request to be excluded.  To do so, you

15   must submit a written request for exclusion that must be postmarked on or before _____,

16   2010.  You must set forth: (a) your name, address, and telephone number; (b) the number of shares

17   of PMI common stock purchased or acquired and the number of shares sold during the Class Period

18   and the dates and prices of such purchase(s), acquisition(s), and/or sale(s); and (c) that you wish to

19   be excluded from the Class.  The exclusion request should be addressed as follows:

20                    *PMI Securities Litigation*
                     EXCLUSION REQUEST
21                   Claims Administrator
                     c/o Gilardi & Co. LLC
22                   P.O. Box 8040
                     San Rafael, CA  94912-8040
23
24   NO REQUEST FOR EXCLUSION WILL BE CONSIDERED VALID UNLESS ALL OF THE

     INFORMATION DESCRIBED ABOVE IS INCLUDED IN ANY SUCH REQUEST.
25
26          If you timely and validly request exclusion from the Class, (a) you will be excluded from the

     Class, (b) you will not share in the proceeds of the settlement described herein, (c) you will not be
27
     bound by any judgment entered in the Litigation, and (d) you will not be precluded, by reason of
28

1  your decision to request exclusion from the Class, from otherwise prosecuting an individual claim, if

2  timely, against Defendants based on the matters complained of in the Litigation.

3      3.    If you do not request in writing to be excluded from the Class, as set forth in

4  paragraph 2 above, you will be bound by any and all determinations or judgments in the Litigation in

5  connection with the settlement entered into or approved by the Court, whether favorable or

6  unfavorable to the Class, and you shall be deemed to have, and by operation of the Judgment shall

7  have fully released all of the Released Claims against the Released Persons, whether or not you

8  submit a valid Proof of Claim.

9      4.    You may object to the settlement, the Plan of Allocation, and/or the application of

10  Lead Counsel or Lead Plaintiff for an award of attorneys' fees and expenses in the manner set forth

11  below.  The filing of a Proof of Claim by a Class Member does not preclude a Class Member from

12  objecting to the settlement.  However, if your objection is rejected you will be bound by the

13  settlement and the Judgment just as if you had not objected.

14      5.    You may do nothing at all.  If you choose this option, you will not share in the

15  proceeds of the settlement, but you will be bound by any judgment entered by the Court, and you

16  shall be deemed to have, and by operation of the Judgment shall have fully released all of the

17  Released Claims against the Released Persons.

18      If you are a Class Member, you may, but are not required to, enter an appearance through

19  counsel of your own choosing at your own expense.  If you do not do so, you will be represented by

20  Lead Counsel: Robbins Geller Rudman & Dowd LLP, Keith F. Park, Daniel S. Drosman, 655 W.

21  Broadway, Suite 1900, San Diego, CA 92101 and Robbins Geller Rudman & Dowd LLP, Daniel J.

22  Pfefferbaum, Phillip G. Freemon, Post-Montgomery Center, One Montgomery Street, Suite 1800,

23  San Francisco, CA 94104.

24  **VIII.   PLAN OF ALLOCATION**

25      The Net Settlement Fund will be distributed to Class Members who submit valid, timely

26  Proof of Claim forms ("Authorized Claimants") under the Plan of Allocation described below.  The

27  Plan of Allocation provides that you will be eligible to participate in the distribution of the Net

28

1  Settlement Fund only if you have a net loss on all transactions in PMI common stock during the

2  Class Period.

3         For purposes of determining the amount an Authorized Claimant may recover under the Plan

4  of Allocation, Lead Counsel have consulted with their damage experts and the Plan of Allocation

5  reflects an assessment of the damages that they believe could have been recovered had Lead Plaintiff

6  prevailed at trial.

7         To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant

8  will receive an amount equal to the Authorized Claimant's claim, as defined below.  If, however

9  (and as is more likely), the amount in the Net Settlement Fund is not sufficient to permit payment of

10  the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the

11  percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of

12  the claims of all Authorized Claimants.  Payment in this manner shall be deemed conclusive against

13  all Authorized Claimants.

14         A claim will be calculated as follows:

15         1.      For shares of PMI common stock that were purchased or acquired from November 2,

16  2006 through July 30, 2007, and

17                 (a)      sold prior to July 31, 2007, the claim per share is $0;

18                 (b)      sold from July 31, 2007 through October 17, 2007, the claim is $2.44 per

19  share;

20                 (c)      sold from October 18, 2007 through October 29, 2007, the claim is $5.40 per

21  share;

22                 (d)      sold from October 30, 2007 through March 3, 2008, the claim is $7.03 per

23  share;

24                 (e)      retained at the end of March 3, 2008, the claim is $7.24 per share.

25         2.      For shares of PMI common stock that were purchased or acquired from July 31, 2007

26  through October 17, 2007, and

27                 (a)      sold prior to October 18, 2007, the claim per share is $0;

28

1    (b)  sold from October 18, 2007 through October 29, 2007, the claim is $2.96 per

2 share;

3    (c)  sold from October 30, 2007 through March 3, 2008, the claim is $4.59 per

4 share;

5    (d)  retained at the end of March 3, 2008, the claim is $4.80 per share.

6   3.  For shares of PMI common stock that were purchased or acquired from October 18,

7 2007 through October 29, 2007, and

8    (a)  sold prior to October 30, 2007, the claim per share is $0;

9    (b)  sold from October 30, 2007 through March 3, 2008, the claim is $1.63 per

10 share;

11    (c)  retained at the end of March 3, 2008, the claim is $1.84 per share.

12   4.  For shares of PMI common stock that were purchased or acquired from October 30,

13 2007 through March 3, 2008, and

14    (a)  sold prior to March 3, 2008, the claim per share is $0;

15    (b)  retained at the end of March 3, 2008, the claim is $0.21 per share.

16   The date of purchase, acquisition or sale is the "contract" or "trade" date as distinguished

17 from the "settlement" date.

18   For Class Members who held shares at the beginning of the Class Period or made multiple

19 purchases, acquisitions or sales during the Class Period, the First-In, First-Out ("FIFO") method will

20 be applied to such holdings, purchases, and sales for purposes of calculating a claim.  Under the

21 FIFO method, sales of securities during the Class Period will be matched, in chronological order,

22 first against securities of the same type held at the beginning of the Class Period.  The remaining

23 sales of securities during the Class Period will then be matched, in chronological order, against

24 securities purchased or acquired during the Class Period.

25   A Class Member will be eligible to receive a distribution from the Net Settlement Fund only

26 if a Class Member had a net loss, after all profits from transactions in PMI common stock during the

27 Class Period are subtracted from all losses.  However, the proceeds from sales of securities which

28 have been matched against securities held at the beginning of the Class Period will not be used in the

1   calculation of such net loss.  No distributions will be made to Class Members who would otherwise
2   receive less than $10.00.

3   The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Class
4   Member on equitable grounds.

5   Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all
6   Authorized Claimants.  No Person shall have any claim of any kind against the Defendants or their
7   Related Parties with respect to the investment or distribution of the Settlement Fund.  No Person
8   shall have any claim against Lead Plaintiff, Lead Counsel or any claims administrator or other
9   person designated by Lead Counsel based on distributions made substantially in accordance with the
10  Stipulation and the settlement contained therein, the Plan of Allocation, or further orders of the
11  Court. All Class Members who fail to complete and file a valid and timely Proof of Claim shall be
12  barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by
13  the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of
14  any judgment entered and the releases given.

15  **IX.   PARTICIPATION IN THE SETTLEMENT**

16  **TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND,**
17  **YOU MUST TIMELY COMPLETE AND RETURN THE PROOF OF CLAIM FORM THAT**
18  **ACCOMPANIES THIS NOTICE.**  The Proof of Claim must be postmarked on or before
19  _____, 2010, and delivered to the Claims Administrator at the address below.  Unless
20  the Court orders otherwise, if you do not timely submit a valid Proof of Claim, you will be barred
21  from receiving any payments from the Net Settlement Fund, but will in all other respects be bound
22  by the provisions of the Stipulation and the Judgment.

23  **X.   DISMISSAL AND RELEASES**

24  If the proposed settlement is approved, the Court will enter a Final Judgment and Order of
25  Dismissal with Prejudice ("Judgment").  The Judgment will dismiss the Released Claims with
26  prejudice as to all Defendants.  The Judgment will provide that all Class Members shall be deemed
27  to have released and forever discharged all Released Claims against all Released Persons and that the
28  Released Persons shall be deemed to have released and discharged all Class Members and counsel to

1  the Lead Plaintiff from all claims arising out of the prosecution and settlement of the Litigation or

2  the Released Claims.

3  **XI.    APPLICATION FOR FEES AND EXPENSES**

4          At the Settlement Hearing, counsel for plaintiffs will request the Court to award attorneys'

5  fees of 24.5% of the Settlement Fund, plus expenses, not to exceed $300,000.00, which were

6  incurred in connection with the Litigation, plus interest thereon.  In addition, the Lead Plaintiff will

7  seek reimbursement of its expenses incurred in representing the Class in the Litigation, not to exceed

8  $2,500.00.  Such sums as may be approved by the Court will be paid from the Settlement Fund.

9  Class Members are not personally liable for any such fees or expenses.

10          To date, Lead Counsel have not received any payment for their services in conducting this

11  Litigation on behalf of the Lead Plaintiff and Members of the Class, nor have counsel been fully paid

12  their substantial expenses.  The fee requested by Lead Counsel will compensate counsel for their

13  efforts in achieving the Settlement Fund for the benefit of the Class, and for their risk in undertaking

14  this representation on a wholly contingent basis.  The fee requested is well within (if not below) the

15  range of fees awarded to plaintiffs' counsel under similar circumstances in other litigation of this

16  type.

17  **XII.    CONDITIONS FOR SETTLEMENT**

18          The settlement is conditioned upon the occurrence of certain events described in the

19  Stipulation.  Those events include, among other things: (1) entry of the Judgment by the Court, as

20  provided for in the Stipulation; and (2) expiration of the time to appeal from or alter or amend the

21  Judgment.  If, for any reason, any one of the conditions described in the Stipulation is not met, the

22  Stipulation might be terminated and, if terminated, will become null and void, and the parties to the

23  Stipulation will be restored to their respective positions as of July 12, 2010.

24  **XIII.    THE RIGHT TO BE HEARD AT THE HEARING**

25          Any Class Member who timely and validly files a written objection to any aspect of the

26  settlement, the Plan of Allocation, or the application for attorneys' fees and expenses, may appear

27  and be heard at the Final Approval Hearing.  Any such Person must submit a written notice of

28  objection, received on or before _____, 2010, to each of the following:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
PHILLIP BURTON UNITED STATES COURTHOUSE
450 Golden Gate Avenue, Room 16-1111
San Francisco, CA 94102

*Lead Counsel for Plaintiffs:*

ROBBINS GELLER RUDMAN
 & DOWD LLP
KEITH F. PARK
655 W. Broadway, Suite 1900
San Diego, CA  92101

*Counsel for Defendants*

O'MELVENY & MYERS LLP
MEREDITH N. LANDY
2765 Sand Hill Road
Menlo Park, CA 94025

The notice of objection must demonstrate the objecting Person's membership in the Class, including the number of shares of PMI common stock purchased or acquired and sold during the Class Period and contain a statement of the reasons for objection.  Only Members of the Class who have submitted written notices of objection in this manner will be entitled to be heard at the Final Approval Hearing, unless the Court orders otherwise.

**XIV.   SPECIAL NOTICE TO NOMINEES**

If you hold any PMI common stock purchased or acquired during the Class Period as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice and the Proof of Claim by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

*PMI Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA  94912-8040

1   If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the

2   Claims Administrator (without cost to you) as many additional copies of these documents as you

3   will need to complete the mailing.

4   Regardless of whether you choose to complete the mailing yourself or elect to have the

5   mailing performed for you, you may obtain reimbursement for or advancement of reasonable

6   administrative costs actually incurred or expected to be incurred in connection with forwarding the

7   Notice and Proof of Claim and which would not have been incurred but for the obligation to forward

8   the Notice and Proof of Claim, upon submission of appropriate documentation to the Claims

9   Administrator.

10  **XV.    EXAMINATION OF PAPERS**

11  This Notice is a summary and does not describe all of the details of the Stipulation.  For full

12  details of the matters discussed in this Notice, you may review the Stipulation filed with the Court,

13  which may be inspected during business hours, at the office of the Clerk of the Court, United States

14  Courthouse, Northern District of California, Phillip Burton United States Courthouse, 450 Golden

15  Gate Avenue, Room 16-1111, San Francisco, CA 94102 or at www.gilardi.com.

16  If you have any questions about the settlement of the Litigation, you may contact Lead

17  Counsel by writing:

18          ROBBINS GELLER RUDMAN
              & DOWD LLP
19          KEITH F. PARK
            655 W. Broadway, Suite 1900
20          San Diego, CA  92101

21  **DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.**

22

23  DATED: _____, 2010              BY ORDER OF THE COURT
                                                UNITED STATES DISTRICT COURT
24                                              NORTHERN DISTRICT OF CALIFORNIA

25

26

27

28

# EXHIBIT A-2

1  ROBBINS GELLER RUDMAN
       & DOWD LLP
2  KEITH F. PARK (54275)
   DANIEL S. DROSMAN (200643)
3  655 West Broadway, Suite 1900
   San Diego, CA  92101
4  Telephone:  619/231-1058
   619/231-7423 (fax)
5  keithp@rgrdlaw.com
   ddrosman@rgrdlaw.com
6        – and –
   DANIEL J. PFEFFERBAUM (248631)
7  PHILLIP G. FREEMON (242062)
   Post Montgomery Center
8  One Montgomery Street, Suite 1800
   San Francisco, CA  94104
9  Telephone:  415/288-4545
   415/288-4534 (fax)
10 dpfefferbaum@rgrdlaw.com
   gfreemon@rgrdlaw.com
11
   Lead Counsel for Plaintiffs
12
                    UNITED STATES DISTRICT COURT
13
                   NORTHERN DISTRICT OF CALIFORNIA
14

15 | In re THE PMI GROUP, INC. SECURITIES | ) | Master File No. 3:08-cv-01405-SI |
   | LITIGATION | ) | |
16 | | ) | CLASS ACTION |
   | ———————————————————————— | ) | |
17 | This Document Relates To: | ) | PROOF OF CLAIM AND RELEASE |
   | | ) | |
18 |      ALL ACTIONS. | ) | EXHIBIT A-2 |
   | | ) | |

19

20

21

22

23

24

25

26

27

28

572647_2

## I.   GENERAL INSTRUCTIONS

1.     To recover as a member of the Class based on your claims in the action entitled *In re The PMI Group, Inc. Securities Litigation*, Master File No. 3:08-cv-01405-SI (the "Litigation"), you must complete and, on page ____ hereof, sign this Proof of Claim and Release form.  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release form, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement.

2.     Submission of this Proof of Claim and Release form, however, does not assure that you will share in the proceeds of the settlement of the Litigation.

3.     YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE FORM POSTMARKED ON OR BEFORE _____, 2010, ADDRESSED AS FOLLOWS:

> *PMI Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912-8040

If you are NOT a Member of the Class (as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice")) DO NOT submit a Proof of Claim and Release form.

4.     If you are a Member of the Class and you did not timely request exclusion in connection with the proposed settlement, you are bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

## II.   CLAIMANT IDENTIFICATION

If you purchased or otherwise acquired PMI common stock and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, you purchased PMI common stock and the certificate(s) were registered in the name of a third party, such as a

1  nominee or brokerage firm, you are the beneficial purchaser and the third party is the record

2  purchaser.

3      Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record

4  ("nominee"), if different from the beneficial purchaser of the PMI common stock which forms the

5  basis of this claim.   THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL

6  PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OF THE

7  PMI COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

8      All joint purchasers must sign this claim. Executors, administrators, guardians, conservators,

9  and trustees must complete and sign this claim on behalf of persons represented by them and their

10  authority must accompany this claim and their titles or capacities must be stated.  The Social

11  Security (or taxpayer identification) number and telephone number of the beneficial owner may be

12  used in verifying the claim.  Failure to provide the foregoing information could delay verification of

13  your claim or result in rejection of the claim.

14  **III.   CLAIM FORM**

15      Use Part II of this form entitled "Schedule of Transactions in PMI Common Stock" to supply

16  all required details of your transaction(s) in PMI common stock.  If you need more space or

17  additional schedules, attach separate sheets giving all of the required information in substantially the

18  same form.  Sign and print or type your name on each additional sheet.

19      On the schedules, provide all of the requested information with respect to *all* of your

20  purchases or acquisitions of PMI common stock which took place at any time from November 2,

21  2006 to March 3, 2008, inclusive (the "Class Period"), and *all* of your sales of PMI common stock

22  which took place at any time from November 2, 2006 to March 3, 2008, inclusive, whether such

23  transactions resulted in a profit or a loss.  You must also provide all of the requested information

24  with respect to *all* of the PMI common stock you held at the close of trading on November 1, 2006,

25  at the close of trading on March 3, 2008.  Failure to report all such transactions may result in the

26  rejection of your claim.

27

28

PROOF OF CLAIM AND RELEASE - 3:08-cv-01405-SI

1          List each transaction in the Class Period separately and in chronological order, by trade date,

2     beginning with the earliest.   You must accurately provide the month, day, and year of each

3     transaction you list.

4          The date of covering a "short sale" is deemed to be the date of purchase of PMI common

5     stock.  The date of a "short sale" is deemed to be the date of sale of PMI common stock.

6          Copies of broker confirmations or other documentation of your transactions in PMI common

7     stock should be attached to your claim.   Failure to provide this documentation could delay

8     verification of your claim or result in rejection of your claim.

9          NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of

10    transactions may request, or may be requested, to submit information regarding their transactions in

11    electronic files.  All claimants MUST submit a manually signed paper Proof of Claim and Release

12    form whether or not they also submit electronic copies.  If you wish to file your claim electronically,

13    you must contact the Claims Administrator at 1-877-567-4784 or visit their website at

14    www.gilardi.com to obtain the required file layout.  No electronic files will be considered to have

15    been properly submitted unless the Claims Administrator issues to the claimant a written

16    acknowledgment of receipt and acceptance of electronically submitted data.

1    UNITED STATES DISTRICT COURT

2    NORTHERN DISTRICT OF CALIFORNIA

3    *In re The PMI Group, Inc. Securities Litigation*

4    Master File No. 3:08-cv-01405-SI

5    PROOF OF CLAIM AND RELEASE

6    Must Be Postmarked No Later Than:

7    _____, 2010

8    <u>Please Type or Print</u>

9    PART I:        CLAIMANT IDENTIFICATION

10   _____

11   Beneficial Owner's Name (First, Middle, Last)

12   _____

13   Street Address

14   _____    _____

15   City                                                    State or Province

16   _____    _____

17   Zip Code or Postal Code                      Country

18   _____    _____    Individual
                                                                                   Corporation/Other
19   Social Security Number or                _____
     Taxpayer Identification Number

20   _____    _____

21   Area Code                   Telephone Number (work)

22   _____    _____

23   Area Code                   Telephone Number (home)

24   _____

25   Record Owner's Name (if different from beneficial owner listed above)

26

27

28

PART II:        SCHEDULE OF TRANSACTIONS IN PMI COMMON STOCK

A.      Number of shares of PMI common stock held at the close of trading on November 1, 2006: _____

B.      Purchases or Acquisitions of PMI common stock (November 2, 2006 – March 3, 2008, inclusive):

| Trade Date Month Day Year | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

C.      Sales of PMI common stock (November 2, 2006 – March 3, 2008, inclusive):

| Trade Date Month Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

D.      Number of shares of PMI common stock held at the close of trading on March 3, 2008: _____

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**IV.     SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I

1    am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation.

2    I (We) agree to furnish additional information to the Claims Administrator to support this claim

3    (including transactions in other PMI securities) if requested to do so. I (We) have not submitted any

4    other claim covering the same purchases, acquisitions or sales of PMI common stock during the

5    Class Period and know of no other person having done so on my (our) behalf.

6    **V.    RELEASE**

7            1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully,

8    finally, and forever settle, release, and discharge from the Released Claims each and all of the

9    "Released Persons," defined as each and all of the Defendants and their Related Parties. "Related

10   Parties" means each of a Defendant's past or present directors, officers, employees, partners,

11   insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors,

12   personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint

13   ventures, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a

14   controlling interest, any members of any Individual Defendant's immediate family, or any trust of

15

16   which any Individual Defendant is the settlor or which is for the benefit of any Individual

17   Defendant's family.

18           2.      "Released Claims" shall collectively mean any and all claims arising from the

19   purchase or other acquisition of PMI common stock during the Class Period and the acts, facts,

20   statements or omissions that were or could have been alleged in the Litigation. "Released Claims"

21

22   includes "Unknown Claims" as defined below. Released Claims does not include any of the claims

23   asserted in *The Port Authority of Allegheny County Retirement and Disability Allowance Plan for*

24   *Employees Represented by Local 85 of the Amalgamated Transit Union v. Smith, et al.*, No. CV 08-

25   2046, filed in the United States District Court for the Northern District of California, or *Torres,*

26   *Derivatively on Behalf of The PMI Group, Inc. v. Smith, et al.*, filed in Superior Court of the State of

27   California, County of Contra Costa, Case No. MSC-08–01068, or any ERISA claims.

28

3.     "Unknown Claims" means any Released Claims which Lead Plaintiff or a Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decision not to object to this settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiff shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Lead Plaintiff shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542.  The Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Lead Plaintiff shall expressly settle and release and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

This release shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the Stipulation becomes effective on the Effective Date (as defined in the Stipulation).

4.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

5.    I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in PMI common stock which occurred during the Class Period as well as the number of shares of PMI common stock held by me (us) at the close of trading on November 1, 2006, and at the close of trading on March 3, 2008.

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim and Release form by the undersigned is true and correct.

Executed this _____ day of _____
                                                                        (Month/Year)

in _____
        (City)                                    (State/Country)


_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser, Acquirer
Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.    Please sign the above release and declaration.

2.    Remember to attach supporting documentation, if available.

3.      Do not send original stock certificates.

4.      Keep a copy of your claim form and all supporting documentation for your records.

5.      If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6.      If you move, please send us your new address.

# EXHIBIT A-3

1    ROBBINS GELLER RUDMAN
         & DOWD LLP
2    KEITH F. PARK (54275)
     DANIEL S. DROSMAN (200643)
3    655 West Broadway, Suite 1900
     San Diego, CA  92101
4    Telephone:  619/231-1058
     619/231-7423 (fax)
5    keithp@rgrdlaw.com
     ddrosman@rgrdlaw.com
6            – and –
     DANIEL J. PFEFFERBAUM (248631)
7    PHILLIP G. FREEMON (242062)
     Post Montgomery Center
8    One Montgomery Street, Suite 1800
     San Francisco, CA  94104
9    Telephone:  415/288-4545
     415/288-4534 (fax)
10   dpfefferbaum@rgrdlaw.com
     gfreemon@rgrdlaw.com
11
     Lead Counsel for Plaintiffs
12
                     UNITED STATES DISTRICT COURT
13
                    NORTHERN DISTRICT OF CALIFORNIA
14
     In re THE PMI GROUP, INC. SECURITIES  )   Master File No. 3:08-cv-01405-SI
15   LITIGATION                            )
     _____      )   CLASS ACTION
16                                         )
     This Document Relates To:             )   SUMMARY NOTICE
17                                         )
         ALL ACTIONS.                      )   EXHIBIT A-3
18   _____      )
19
20
21
22
23
24
25
26
27
28

572650_2

1   TO:   ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF THE PMI GROUP, INC. ("PMI") FROM NOVEMBER 2, 2006 TO MARCH 3, 2008, INCLUSIVE

2

3   YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court

4   for the Northern District of California, that a hearing will be held on _____, 2010, at

5   _____.m., before the Honorable Susan Illston, at the Phillip Burton United States Courthouse,

6   450 Golden Gate Avenue, San Francisco, California, for the purpose of determining (1) whether the

7   proposed settlement of the claims in the Litigation for the principal amount of $31.25 million, plus

8   accrued interest, should be approved by the Court as fair, just, reasonable, and adequate; (2) whether

9   a Final Judgment and Order of Dismissal with Prejudice should be entered by the Court dismissing

10  the Litigation with prejudice; (3) whether the Plan of Allocation is fair, reasonable, and adequate and

11  therefore should be approved; and (4) whether the application of Lead Counsel for the payment of

12  attorneys' fees and expenses and the Lead Plaintiff's expenses in connection in this Litigation should

13  be approved.

14  If you purchased or acquired PMI common stock during the period from November 2, 2006

15  to March 3, 2008, inclusive, your rights may be affected by the settlement of this Litigation. If you

16  have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice")

17  and a copy of the Proof of Claim and Release form, you may obtain copies by writing to *PMI*

18  *Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA

19  94912-8040, or on the internet at www.gilardi.com. If you are a Class Member, in order to share in

20  the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release

21  postmarked no later than _____, 2010, establishing that you are entitled to recovery.

22  If you desire to be excluded from the Class, you must submit a request for exclusion

23  postmarked by _____, 2010, in the manner and form explained in the detailed Notice referred

24  to above. All Members of the Class who have not timely and validly requested exclusion from the

25  Class will be bound by any judgment entered in the Litigation pursuant to the Stipulation of

26  Settlement.

27  Any objection to the settlement must be received by the following no later than

28  _____, 2010:

1  CLERK OF THE COURT
   UNITED STATES DISTRICT COURT
2  NORTHERN DISTRICT OF CALIFORNIA
   PHILLIP BURTON UNITED STATES COURTHOUSE
3  450 Golden Gate Avenue, Room 16-1111
   San Francisco, CA  94102
4
5  *Lead Counsel for Plaintiffs:*

6  ROBBINS GELLER RUDMAN &
    DOWD LLP
7  KEITH F. PARK
   655 W. Broadway, Suite 1900
8  San Diego, CA  92101

9
   *Counsel for Defendants*
10
   O'MELVENY & MYERS LLP
11 MEREDITH N. LANDY
   2765 Sand Hill Road
12 Menlo Park, CA  94025

13
   **PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING**
14
   **THIS NOTICE.**  If you have any questions about the settlement, you may contact plaintiffs'
15
   counsel at the address listed above.
16

17
   DATED: _____, 2010          BY ORDER OF THE COURT
18                                       UNITED STATES DISTRICT COURT
                                         NORTHERN DISTRICT OF CALIFORNIA
19

20

21

22

23

24

25

26

27

28