UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re THE PMI GROUP, INC. SECURITIES LITIGATION | Master File No. 3:08-cv-01405-SI |
| | CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS. | [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE<br><br>DATE:  December 16, 2010<br>TIME:  9:00 a.m.<br>COURTROOM:  The Honorable Susan Illston |

585914_1

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Order") dated September 7, 2010, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated as of August 30, 2010 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. The Court hereby finally certifies a Class defined as: "All Persons (other than those Persons who timely and validly requested exclusion from the Class as reflected on Exhibit 1 attached hereto) who purchased or otherwise acquired the common stock of The PMI Group, Inc. during the period from November 2, 2006 to March 3, 2008, inclusive, excluding the Defendants herein, members of the immediate family of the Defendants, the directors, officers, subsidiaries and affiliates of The PMI Group, Inc., any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest, and the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded party."

4. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the settlement set forth in the Stipulation and finds that:

    (a) said Stipulation is, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

    (b) there was no collusion in connection with the Stipulation;

    (c) the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d) the record is sufficiently developed and complete to have enabled the Lead Plaintiff and the Defendants to have adequately evaluated and considered their positions.

5. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Court hereby dismisses the Litigation and all Released Claims of the Class with prejudice without costs as to any party, except as and to the extent provided in the Stipulation and herein.

6. Upon the Effective Date hereof, the Lead Plaintiff shall, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release form or shares in the Settlement Fund.

7. All Class Members are hereby forever barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

8. Upon the Effective Date hereto, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Lead Plaintiff, each and all Class Members, and Lead Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

9. The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

10. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

11. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their respective Related Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Defendants and/or their respective Related Parties may file the Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

13. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14. In the event that the settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants' Insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

15. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

IT IS SO ORDERED.

DATED: __12/16/10__

_____
THE HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

Submitted by:

ROBBINS GELLER RUDMAN
    & DOWD LLP
KEITH F. PARK
DANIEL S. DROSMAN

           s/ Keith F. Park
_____
           KEITH F. PARK

655 W. Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
    & DOWD LLP
DANIEL J. PFEFFERBAUM
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiffs

EXHIBIT 1

IN RE THE PMI GROUP, INC. SECURITIES LITIGATION

VALID AND TIMELY REQUESTS FOR EXCLUSION

Wendy S. Poe
Jamal Carver
Robert J. Donati
Isaak Banman

EXHIBIT 1

586298_1

## CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2010, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I further certify that I caused this document to be forwarded to the following Designated Internet Site at:  http://securities.stanford.edu.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 11, 2010.

s/ Keith F. Park
KEITH F. PARK

ROBBINS GELLER RUDMAN
 & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail: KeithP@rgrdlaw.com

585914_1

# Mailing Information for a Case 3:08-cv-01405-SI

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Daniel S. Drosman**
  DanD@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Lawrence Timothy Fisher**
  ltfisher@bramsonplutzik.com,dschroeder@bramsonplutzik.com

- **Catherine J. Kowalewski**
  katek@rgrdlaw.com

- **Meredith N. Landy**
  mlandy@omm.com,vtran@omm.com,sfolchi@omm.com,mpaul@omm.com,jcoakley@omm.com

- **Jeffrey W. Lawrence**
  jeffreyl@rgrdlaw.com,khuang@rgrdlaw.com,e_file_sd@rgrdlaw.com,jdecena@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Keith F. Park**
  keithp@rgrdlaw.com,karnold@rgrdlaw.com,jstark@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@rgrdlaw.com,khuang@rgrdlaw.com,gfreemon@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Alan Roth Plutzik**
  aplutzik@bramsonplutzik.com

- **Port Authority of Allegheny County Retirement and Disability Allowance Plan for Employees Represented by Local 85 of the Amalgamated Transit Union**
  sward@barrack.com

- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com

- **Darren Jay Robbins**
  e_file_sd@rgrdlaw.com

- **David Conrad Walton**
  davew@rgrdlaw.com

- **Samuel M. Ward**
  sward@barrack.com,lxlamb@barrack.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,khuang@rgrdlaw.com,e_file_sd@rgrdlaw.com,jdecena@rgrdlaw.com,e_file_sf@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Alan R. Plutzik
Barroway Topaz Kessler Meltzer & Check LLP
2125 Oak Grove Road
Suite 120
Walnut Creek, CA 94598

Dhaivat H. Shah
O'Melveny & Myers LLP
2765 Sand Hill Road
Menlo Park, CA 94025
```